REC'D & FILED
MASON CO. WA.

2015 JUL -6 A 8 57

GINGER BROOKS CO. CLERK

BY _____ DEPUTY

STATE OF WASHINGTON
MASON COUNTY SUPERIOR COURT

| | |
|---|---|
| MARTIN ZAZUETA, individually and in the marital community | NO. 15 2 00356 2 |
| Plaintiff, | SUMMONS |
| v. | |
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, | |
| Defendants. | |

A lawsuit has been started against you in the above-entitled Court by Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or within sixty (60) days if this Summons is served outside the State of Washington, or within forty (40)

SUMMONS                    1          **Antoinette M. Davis Law, PLLC**
                                      528 Third Avenue West, Suite 102
                                      Seattle, WA 98119
                                      Phone (206) 486-1011 | Fax (206) 905-5910

days if this Summons is served through the Insurance Commissioner's Office, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 11th day of May, 2015.

/s/Antoinette M. Davis
Antoinette M. Davis WSBA #29821
ANTOINETTE M. DAVIS LAW, PLLC
528 3rd Avenue West, Suite 102
Seattle, WA 98119
Telephone:    206-486-1011
Facsimile:    206-905-5910

/s/ Elizabeth Powell
Elizabeth Powell, WSBA # 30152
ELIZABETH POWELL PS INC.
535 Dock Street, Suite 108
Tacoma, WA 98402
Telephone:    253-274-1518
Facsimile:    425-663-7939

/s/ Ha Thu Dao
Ha Thu Dao, WSBA # 30152
GRAND CENTRAL LAW, PLLC
787 Maynard Avenue South
Seattle, WA 98104
Telephone:    727-269-9334
Facsimile:    727-264-2447

SUMMONS

2

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910



REC'D & FILED
MASON CO. WA.

2015 JUL -6 A 8 56

GINGER BROOKS. CO. CLERK

BY _____ DEPUTY

STATE OF WASHINGTON
MASON COUNTY SUPERIOR COURT

MARTIN ZAZUETA, individually and in the marital community

                Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

                Defendants.

NO. **15 2 00356 2**

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATIONS OF THE WASHINGTON CONSUMER LOAN ACT, THE WASHINGTON CONSUMER PROTECTION ACT, AND THE WASHINGTON COLLECTION AGENCY ACT, *INTER ALIA*

    COMES NOW, Plaintiff MARTIN ZAZUETA, by and through his attorneys, ANTOINETTE M. DAVIS LAW, PLLC, ELIZABETH POWELL PS INC, and GRAND CENTRAL LAW, PLLC complains against the Defendant NATIONSTAR MORTGAGE LLC as follows:

PLAINTIFF'S COMPLAINT          1

**Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

//

## I.   STATEMENT OF THE CASE

This is an action for injunctive and compensatory relief to prevent further harm to Plaintiff, to prevent harm to other Washington consumers, and to prevent Defendant Nationstar's future violations of the Washington State consumer laws - particularly, the Washington Consumer Loan Act ("CLA"); the Washington Consumer Protection Act ("CPA"); and the Washington Collection Agency Act (CAA). Mortgage servicer Defendant Nationstar provided Plaintiff Zazueta with inconsistent, misleading and confusing documentation and information pertaining to his residential mortgage loan, thereby forcing Plaintiff Zazueta into pre-foreclosure. Upon conclusion of an investigation by the Department of Financial Institution, it was determined that Defendant Nationstar's "repeated misinformation . . . constitutes an unfair or deceptive act or practice." As such, Defendant Nationstar should be held liable and Plaintiff Zazueta compensated for his injury and damages. Similarly and to avoid injury to consumers in the State of Washigton, Defendant Nationstar should be enjoined from engaging in such conduct moving forward.

## II.   PARTIES

2.1    Plaintiff Martin Zazueta ("Plaintiff" and/or "Zazueta") is a resident of Mason County, Washington.

2.2    Plaintiff allegedly owes a debt for a residential mortgage loan.

PLAINTIFF'S COMPLAINT            2

**Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

2.3    Plaintiff is therefore a "debtor" as defined by the CAA, a "borrower" as defined by the CLA, and a "consumer" as defined by the CPA, and Plaintiff acted as a "debtor," "borrower," and a "consumer" at all times relevant to this litigation.

2.4    Defendant Nationstar Mortgage LLC ("Defendant" and/or "Nationstar") is a Delaware limited liability company conducting business in the State of Washington and the County of Mason under UBI No. 602110305.

2.5    Defendant Nationstar regularly attempts to collect third party debts from consumers in Washington State.

2.6    Defendant Nationstar also holds a Washington State Collection Agency License.

2.7    Defendant Nationstar is therefore a "collection agency" and a "licensee" as defined by the CAA, a "business" as defined by the CPA, and a "licensee" under the CLA, and Nationstar acted as such at all times relevant to this complaint.

## III.    JURISDICTION AND VENUE

3.1.    Jurisdiction and venue in Mason County Superior Court are appropriate where the acts at issue and described herein or some part thereof occurred in Mason County Washington;

3.2.    And where the injury to Plaintiff Zazueta or some part thereof occurred in Mason County Washington;

PLAINTIFF'S COMPLAINT                    3        **Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

3.3. And where the Defendant Nationstar has engaged in substantial business contacts in Mason County Washington, and where Defendant Nationstar has already submitted to this jurisdiction by attempting to collect a debt in this jurisdiction;

3.4. And where the Plaintiff Zazueta prays for injunctive relief. RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and 7.40.010.

3.2 Defendants Nationstar is liable unto Plaintiff Zazueta pursuant to the provisions of the Consumer Protection Act, RCW 19.86 et seq., the Collection Agency Act, RCW 19.16 et seq., and the Consumer Loan Act, RCW 31.04 et. seq., as well as other applicable state and federal laws.

## IV.   FACTS

4.1 This case exemplifies the tragedy of mortgage servicing abuses that lead to foreclosure despite no failure of the consumer.

4.2 In this case, Defendant Nationstar did not send Plaintiff Zazueta mortgage statements as requested and when they did, the mortgage statements were misleading and inconsistent.

4.3 Furthermore, Defendant Nationstar provided Plaintiff Zazueta with misleading and inconsistent information when he called to obtain details regarding his mortgage loan, including any amounts due.

4.4 These inconsistencies made impossible any ability by Plaintiff Zazueta to determine the status of his residential mortgage loan, including but not limited to amounts due and the escrow balance.

PLAINTIFF'S COMPLAINT                          4

4.5     In June 2014, Plaintiff Zazueta received from Defendant Nationstar a Notice of Pre-Foreclosure Options, advising that he had thirty (30) days to respond and if he failed to do so "a notice of default may be issued and [he] may lose [his] home in foreclosure."

4.6     The June 12, 2014, pre-foreclosure notice was sent to Plaintiff Zazueta following months of requesting Defendant Nationstar send hardcopies of monthly mortgage statements via mail, to no avail.

4.7     In fact, during one such telephonic discussion wherein Plaintiff Zazueta made the same request of Defendant Nationstar, Plaintiff Zazueta was advised by Defendant Nationstar that receipt of monthly statements in hardcopy was simply a "courtesy."

4.8     On at least one other occasion when Plaintiff Zazueta requested hardcopies of his monthly mortgage statement, he was told they were "in the mail" – but he did not receive them.

4.9     Plaintiff Zazueta began requesting hardcopies of monthly mortgage statements because prior to the June 12, 2014 pre-foreclosure notice, he had received another pre-foreclosure notice, which according to Defendant Nationstar was sent to Plaintiff Zazueta and numerous other consumers in error.

4.10    Following the June 2014 pre-foreclosure notice, Defendant Nationstar sent Plaintiff Zazueta a "mortgage loan statement" dated August 11, 2014, advising that his loan was current.

4.11    However, a few days later, Plaintiff Zazueta received a yet another pre-foreclosure notice from Defendant Nationstar advising that the "mortgage loan payment was

PLAINTIFF'S COMPLAINT                    5          **Antoinette M. Davis Law, PLLC**
                                                    528 Third Avenue, Suite 102
                                                    Seattle, WA 98119
                                                    Phone (206) 486-1011 | Fax (206) 905-5910

past due, and [his] property may be referred to foreclosure fourteen (14) days after the date of this letter."

4.12    During the same timeframe, Plaintiff Zazueta was bombarded with telephone calls and correspondence regarding foreclosure assistance – though he did not need it.

4.13    Other documents created by Defendant Nationstar that were sent to Plaintiff Zazueta contained repeated miscalculations with regard to escrow balances, as well as other misinformation.

4.14    Other communications Plaintiff Zazueta had with telephonic representatives were similarly inconsistent with documentation provided to him by Defendant Nationstar.

4.15    On or about June 18, 2014, Plaintiff Zazueta filed with the Washington Department of Financial Institution Division of Consumer Services ("DFI") a complaint against Defendant Nationstar based upon the facts described herein.

4.16    DFI is responsible for regulating and examining a variety of state chartered financial services, as well as providing education and outreach to protect consumers from financial fraud.

4.17    After investigation, on or about September 17, 2014, DFI determined, based on the conduct as described above, that Defendant Nationstar engaged, directly or indirectly, in an unfair or deceptive practice in violation of RCW 31.04.027(2).

4.18    As a result of Defendant Nationstar's actions, Plaintiff Zazueta experienced emotional distress, including but not limited to frustration, anxiety, sleeplessness and embarrassment.

PLAINTIFF'S COMPLAINT                                6

4.19    As a result, Plaintiff Zazueta prays that Defendant Nationstar is never allowed to engage in such acts, conduct, or business practices against any Washington consumer or citizen ever again.

## V.    FIRST CAUSE OF ACTION

### Consumer Loan Act Violation - *Per Se* Consumer Protection Act Violation

5.1    Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth herein.

5.2    Pursuant to RCW 31.04.208 of the CLA, "the legislature finds that the practices governed by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. Any violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair and deceptive act or practice and unfair method of competition in the conduct of trade or commerce in violation of RCW 19.86.020. Remedies provided by chapter 19.86 RCW are cumulative and not exclusive."

5.3    Pursuant to the CLA, "[i]t is a violation of this chapter for a licensee, its officers, directors, employees, or independent contractors, or any other person subject to this chapter to . . . [d]irectly or indirectly engage in any unfair or deceptive practice toward any person." RCW 31.04.027(2).

5.4    Pursuant to the CLA, a "person" means "individuals, partnerships, associations, limited liability companies, limited liability partnerships, trusts, corporations, and all other legal entities." RCW 31.04.015(18).

**Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

5.5    Pursuant to the CLA, a "'[l]icensee' means a person to whom one or more licenses have been issued." RCW 31.04.015(10).

5.6    Pursuant to the CLA, a "'[l]icense' means a single license issued under the authority of this chapter with respect to a single place of business." RCW 31.04.015(9).

5.7    Pursuant to the CLA, "'[s]ervice or servicing a loan' means on behalf of the lender or investor of a residential mortgage loan: (a) [c]ollecting or receiving payments on existing obligations due and owing to the lender or investor, including payments of principal, interest, escrow amounts, and other amounts due; (b) collecting fees due to the servicer; . . . (d) otherwise finalizing collection through the foreclosure process; . . ." RCW 31.04.015(26).

5.8    Plaintiff Zazueta is a "person" under the CLA because he is an individual.

5.9    Defendant Nationstar is a "licensee" under the CLA because it has been issued a "license" to service residential mortgage loans on behalf of the lender or investor.

5.10    Defendant Nationstar engaged, directly or indirectly, in an unfair or deceptive practice by providing Plaintiff with inconsistent or erroneous documentation and information, including but not limited to escrow balances and the status of the mortgage account.

5.11    As a result, Defendant Nationstar violated the CLA.

5.12    Plaintiff incurred attorney's fees because of Defendant Nationstar.

5.13    Defendant Nationstar's actions are a direct and proximate cause of Plaintiff Zazueta's injuries.

5.14    Defendant Nationstar's actions were intentional, willful, wanton, unfair, unconscionable, and/or outrageous.

PLAINTIFF'S COMPLAINT    8    **Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

5.15   Defendant Nationstar's actions illustrate why an injunction is necessary to protect Plaintiff Zazueta and other Washington debtors/consumers from similar harm.

## VI.   SECOND CAUSE OF ACTION

### (Washington Collection Agency Act Violation -- *Per Se* Consumer Protection Act Violation

6.1   Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2   Pursuant to RCW 19.16.440 of the CAA ". . . the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW." RCW 19.16.440.

6.3   RCW 19.16.100(2) states that "'Collection agency' means and includes...[a]ny person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

6.4   RCW 19.16.100(1) states that a "Person" for purposes of the Collection Agency Act "includes individual, firm, partnership, trust, joint venture, association, or corporation."

6.5   RCW 19.16.100(9) states that a "licensee" for purposes of the Collection Agency Act "means any person licensed under this chapter."

6.6   Defendant Nationstar is a Washington-licensed Collection Agency and is therefore a "Collection Agency," a "person" and a "licensee" for purposes of the CAA.

PLAINTIFF'S COMPLAINT                                    9

**Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

6.7    The alleged debt in this case is a "claim" as defined by RCW 19.16.100(5) because it is an "obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."

6.8    Plaintiff Zazueta is a "debtor" as defined by RCW 19.16.100(11) because Defendant Nationstar alleges that Plaintiff Zazueta owed a "claim."

6.9    The CAA states that it is an unfair practice to: "Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made." RCW 19.16.250(16).

6.10    The CAA also states that it is an unfair practice to: "Communicate with the debtor and represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor." RCW 19.16.250(15). (Emphasis added.)

6.11    It is also a prohibited practice to "[c]ollect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute." RCW 19.16.250(21).

6.12    Defendant Nationstar violated RCW 19.16.250(15), (16) and (21) when it attempted to collect more than what was actually remaining on the account, and imposing unwarranted foreclosure related fees.

**Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

6.13    Defendant Nationstar violated RCW 19.16.250(13) when it bullied Plaintiff into feeling terrible about having had to go to the hospital and otherwise used an aggressive and humiliating manner.

6.14    Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

6.15    The CAA states that violations of RCW 19.16.250 is a *per se* violation of the Washington State Consumer Protection Act.  RCW 19.16.440.

6.16    Plaintiff incurred attorney's fees because of Defendant Nationstar.

6.17    Defendant Nationstar's actions are a direct and proximate cause of Plaintiff Zazueta's injuries.

6.18    Defendant Nationstar's actions were intentional, willful, wanton, unfair, unconscionable, and/or outrageous.

6.19    Defendant Nationstar's actions illustrate why an injunction is necessary to protect Plaintiff Zazueta and other Washington debtors/consumers from similar harm.

## VII.   THIRD CAUSE OF ACTION

### (Consumer Protection Act Violation)

7.1.    Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

PLAINTIFF'S COMPLAINT

11

7.2.    Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

7.3.    The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in his property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state.

7.4.    Defendant Nationstar is a "business" subject to the CPA because by regularly (if not exclusively) collecting debts, is engaged in the entrepreneurial aspects of law, making his actions in this case subject to the CPA. *See, Lang v. Gordon,* No. C10-819RSL, 2011 WL 62141 at *3 (W.D. Wash., Jan. 6, 2011) ("[L]awyers who are acting as debt collectors are engaging in the entrepreneurial aspects of law rather than practicing law...").

7.5.    In the alternative, to determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters. *See Lightfoot v. MacDonald,* 86 Wn.2d 331, 335, 544 P.2d 88 (1976). The court in *Lightfoot* stated:

> ...we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.

*Lightfoot* at 335.

**Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

7.6.     One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the <u>Federal Trade Commission Act</u>, after which Washington's CPA was modeled and states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. §45(a)(1).

7.7.     The Fair Debt Collection Practices Act, which proscribes specific unfair acts when collecting debts, is another statute that courts have examined to determine if an act is unfair and violates the state Consumer Protection Act. 15 U.S.C. §1692 et seq.

7.8.     In addition to examining federal statutes to determine if a specific act is unfair and violates the state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive. *See Testo v. Dunmire Oldsmobile, Inc.*, 554 P.2d 349 (1976) citing *Tradewell Stores, Inc. v. T. B. & M., Inc.*, 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

7.9.     In *Testo*, the court stated:

> The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned. *See Testo*, at 350.

7.10.    Based on the above federal and state statutes and case law, this Court should use the FDCPA standards of unfair and deceptive practices to determine if Defendants violated Washington's CPA in the case at hand.

**Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

7.11.    Under the FDCPA, it is an unfair act/practice to misrepresent the amount or to engage in any other acts that are unfair or deceptive.

7.12.    In this case, Defendant Nationstar violated the CLA and CAA by making false representations, in addition to other unfair, deceptive and unconscionable acts.

7.13.    Where Defendant Nationstar's collection attempts are unfair and deceptive acts or practices in violation of the CLA and CAA, it's collection attempts are likewise unfair acts or practices under this state's Consumer Protection Act.

7.14.    Therefore, Defendant Nationstar committed unfair acts or practices in the conduct of trade or commerce and violated the CPA as codified in RCW 19.86, *et seq.*

7.15.    Plaintiff Zazueta was injured by Defendant Nationstar's actions.

7.16.    Plaintiff Zazueta incurred attorney's fees because of Defendant Nationstar's actions.

7.17.    Defendant Nationstar's actions are a direct and proximate cause of Plaintiff Zazueta's injuries.

7.18.    Defendant Nationstar's actions were intentional, willful, wanton, unfair, unconscionable, and/or outrageous.

7.19.    Defendant Nationstar's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors, consumers and citizens from similar harm.

VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zazueta prays for judgment to be entered against the Defendants as follows:

PLAINTIFF'S COMPLAINT                                14          **Antoinette M. Davis Law, PLLC**
                                                                528 Third Avenue, Suite 102
                                                                Seattle, WA 98119
                                                                Phone (206) 486-1011 | Fax (206) 905-5910

A.     For an Injunction preventing Defendant Nationstar from ever again providing consumers misleading and inconsistent documentation, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

B.     For an Injunction preventing Defendant Nationstar from ever again sending consumers misleading and inconsistent documentation, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

C.     For an Injunction preventing Defendant Nationstar from ever again forcing a consumer who is not delinquent on their mortgage account into the foreclosure process, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

D.     For an Injunction preventing Defendant Nationstar from ever again misrepresenting the amount a debt, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wn.2d 337, 349-50,

PLAINTIFF'S COMPLAINT                                   15

**Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

E.      For an Injunction preventing Defendants from ever again collecting upon the subject debt, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

F.      For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 et seq., and various common law claims;

G.      For Statutory damages as allowed

H.      For Incidental and Consequential damages in an amount to be proven at trial;

I.      For treble Plaintiff Zazueta's "actual" damages up to the amount of $25,000, pursuant to RCW 19.86, et seq.;

J.      For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to RCW 19.86 et seq.;

K.      For interest on the above amounts as authorized by law;

L.      For other relief as the Court deems just and equitable; and

M.      For leave to amend this complaint as needed and as required.

N.      For leave to seek Civil Rule 23(b) status if information becomes available through discovery supporting the need for class action status.

PLAINTIFF'S COMPLAINT                    16       **Antoinette M. Davis Law, PLLC**
528 Third Avenue, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

## X. REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7 and Washington Superior Court Civil Rule 38.

Dated this 11th day of May, 2015.

Respectfully submitted,

/s/*Antoinette M. Davis*
Antoinette M. Davis WSBA #29821
ANTOINETTE M. DAVIS LAW, PLLC
528 3rd Avenue West, Suite 102
Seattle, WA 98119
Telephone:206-486-1011
Facsimile: 206-905-5910

/s/ *Ha Thu Dao*
Ha Thu Dao, WSBA # 30152
GRAND CENTRAL LAW, PLLC
787 Maynard Avenue South
Seattle, WA 98104
Telephone:727-269-9334
Facsimile: 727-264-2447

/s/ *Elizabeth Powell*
Elizabeth Powell, WSBA # 30152
ELIZABETH POWELL PS INC.
535 Dock Street, Suite 108
Tacoma, WA 98402
Telephone:     253-274-1518
Facsimile:     425-663-7939

PLAINTIFF'S COMPLAINT

17

REC'D & FILED
MASON CO. WA.
2015 JUL -6 A 8:57
GINGER BROOKS CO. CLERK
BY _____ DEPUTY



Dated Received
MAY 1 9 2015
AMD LAW PLLC

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF MASON

MARTIN ZAZUETA, individually and in the marital community,

                        Plaintiff(s),

Vs.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

                        Defendant(s).

NO. **15 2 00356 2**

AFFIDAVIT OF SERVICE OF: SUMMONS; PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATIONS OF THE WASHINGTON CONSUMER LOAN ACT, THE WASHINGTON CONSUMER PROTECTION ACT, AND THE WASHINGTON COLLECTION AGENCY ACT, INTER ALIA.

STATE OF WASHINGTON   )
                     ) ss.
COUNTY OF KING        )

*3*

The undersigned, being first duly sworn, on oath states:

    That I am now, and at all times herein mentioned, was a citizen of the United States and a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above entitled action, and am competent to be a witness therein.

    That at 10:33 A.M. on May 12th, 2015, at 300 Deschutes Way Southwest, Suite 304, Tumwater, Washington, I duly served the above-described documents in the above-described matter upon Nationstar Mortgage LLC, by then and there personally delivering a true and correct copy thereof by leaving the same with Cynthia Jones, Customer Service Associate for Corporation Service Company, its Registered Agent.

RICHARD KOHNENBERGER  KING CO. # 0203336

| | |
|---|---|
| Service Fees: | 12.00 |
| Ferry tolls: | |
| Travel: | 56.00 |
| SSA: | |
| Trace: | |
| Bad Address: | |
| Aff./Notary Fee: | 12.00 |
| Special Fee: | |
| Wait: | |

    TOTAL  $ 80.00

SUBSCRIBED AND SWORN to before me on:

5-14-15

JOSEPH ERIC WUOLLET
NOTARY PUBLIC in and for the State of Washington residing at: Seattle.
My commission expires: 02-25-16.

REC'D & FILED
MASON CO. WA.

2015 JUL -6 A 8 57 (3)

GINGER BROOKS. CO. CLERK

BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

MARTIN ZAZUETA, individually and in the marital community,

                  Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

                  Defendant.

No. 15 2 00356 2

NOTICE OF APPEARANCE

[Clerk's Action Required]

TO:    THE CLERK OF THE COURT; and

TO:    ALL PARTIES OF RECORD

        PLEASE TAKE NOTICE that Barbara L. Bollero of Bishop, Marshall & Weibel, P.S. hereby appear in the above entitled action for Defendant Nationstar Mortgage LLC ("Nationstar"), without waiving the defenses of:

1.    Lack of Jurisdiction over the Subject Matter;
2.    Lack of Jurisdiction over the Person;
3.    Improper Venue;
4.    Insufficiency of Process;
5.    Insufficiency of Service of Process;
6.    Failure to State a Claim upon which Relief may be Granted; and

NOTICE OF APPEARANCE - 1

BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

7.     Failure to Join a Party Under CR 19.

PLEASE ALSO TAKE NOTICE that all further papers and pleadings directed to Defendant Nationstar, except original process, should be served upon the undersigned at the address shown below.

DATED this 14th day of May, 2015.

BISHOP, MARSHALL & WEIBEL, P.S.

Barbara L. Bollero, WSBA # 28906
720 Olive Way, Suite 1201
Seattle, WA  98101
Phone:  (206) 622-5306, Ext. 5918
*Attorneys for Defendant Nationstar Mortgage LLC*

NOTICE OF APPEARANCE - 2

BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington and the United States of America that on this 15ᵗʰ day of May, 2015, I caused to be delivered a copy of the foregoing Notice of Appearance to the following in the manner indicated:

Antoinette M. Davis                         [ X ] By United States Mail
ANTOINETTE M. DAVIS LAW, PLLC               [   ] By Legal Messenger
528 3ʳᵈ Ave W, Ste 102                      [   ] By Federal Express
Seattle, WA 98119                           [ X ] By Facsimile 206-905-5910
Attorneys for Plaintiff

Elizabeth Powell                            [ X ] By United States Mail
ELIZABETH POWELL PS INC                     [   ] By Legal Messenger
535 Dock Street, Ste 108                    [   ] By Federal Express
Tacoma, WA 98402                            [   ] By Facsimile
Attorneys for Plaintiff

Ha Thu Dao                                  [ X ] By United States Mail
GRAND CENTRAL LAW, PLLC                     [   ] By Legal Messenger
787 Maynard Ave S                           [   ] By Federal Express
Seattle, WA 98104                           [   ] By Facsimile
Attorneys for Plaintiff

Signed this 15ᵗʰ day of May, 2015 at Seattle, Washington.

_Kay Spading_
Kay Spading, Legal Assistant
BISHOP, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA 98101

NOTICE OF APPEARANCE - 3

**ORIGINAL**

REC'D & FILED
MASON CO. WA.

2015 JUL 17 A 7 54

GINGER BROOKS. CO. CLERK

BY_____DEPUTY

STATE OF WASHINGTON
MASON COUNTY SUPERIOR COURT

| | |
|---|---|
| MARTIN ZAZUETA, individually and in the marital community | CAUSE NO. 15-2-00356-2 |
| Plaintiff, | MOTION FOR ORDER OF DEFAULT |
| v. | |
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, | |
| Defendant. | |

## I.   RELIEF REQUESTED

COMES NOW Plaintiff Martin Zazueta (hereinafter "Zazueta" and/or "Plaintiff") respectfully requests the Court enter an Order of Default against Defendant Nationstar Mortgage LLC (hereinafter "Nationstar" and/or "Defendant") because it has been more than 60 days since service of the Summons and Complaint upon non-resident Nationstar; however, the have failed to answer the underlying Complaint. An Order of Default is therefore warranted.

MOTION FOR ORDER OF DEFAULT        1

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

## II.   FACTS

Plaintiff filed the instant lawsuit, not to resist a pending foreclosure, but for damages against Nationstar for violations of state laws concerning its loan servicing practices. Defendant Nationstar was properly served with the Summons and Complaint on May 12, 2015. *See* Docket #3.  Defendant appeared through its counsel of record, Barbara Bollero (hereinafter "defense counsel" and/or "Bollero"), an experienced attorney of the firm Marshall Weibel, P.S., f/k/a Bishop Marshall & Weibel,[1] by way of a Notice of Appearance dated May 14, 2015. *See* Docket #4.

For two (2) months, Defendant through defense counsel claimed they were unable to locate information, including Plaintiff Zazueta's mortgage loan, which would assist her in preparing the defense of her client and requested assistance from Plaintiff's counsel. *See* Exhibits A & B attached to the Declaration of Ha Dao (hereinafter "Dao Declaration").  After being provided with Plaintiff's loan information and property location, defense counsel Bollero then requested a copy of the complaint Plaintiff filed with the Department of Financial Institutions.  *Id.*  Defendant Nationstar is the fourth (4th) largest mortgage loan servicing company in the country.[2]  Nationstar certainly should be in possession of the material being sought by Bollero, as they engaged in the DFI complaint process and otherwise have access to the material, which is also in the public domain. *See* Dao Declaration at ¶4.  Defendant

---

[1] http://www.bwmlegal.com/our-attorneys/associates.asp#Barbara%2DL%2E%2DBollero.
[2] http://www.thestreet.com/story/13164008/1/nationstar-draws-scrutiny-for-stock-sale-before-big-earnings-miss.html.

MOTION FOR ORDER OF DEFAULT             2        **Antoinette M. Davis Law, PLLC**
                                                 528 Third Avenue West, Suite 102
                                                 Seattle, WA 98119
                                                 Phone (206) 486-1011 | Fax (206) 905-5910

1  Nationstar's failure to timely respond to the Complaint is simply inexplicable and inexcusable.

2  Defendant Nationstar is in default and an Order of Default should be granted against them.

3                        III.    EVIDENCE RELIED UPON

4

5      This Motion relies upon the subjoined Declaration of Antoinette M. Davis, the

6  Declaration of Ha Dao, with Exhibits attached thereto, and the pleadings and papers filed with

7  Court in this case.

8                        IV.    STATEMENT OF ISSUES

9      Whether the Court should enter an Order of Default against Defendant Nationstar for
10  failing to file an Answer to Plaintiff's Complaint.

11                        V.    ARGUMENT

12     This motion is made pursuant to CR 55(a)(1) which authorizes the entry of orders of

13  default when defendants fail to appear, plead or otherwise defend in an action. *See* CR

14  55(a)(1).  On May 12, 2015, Defendant was served with the Summons and Complaint and

15  around the same timeframe, they appeared through counsel, but Defendant Nationstar has

16

17  failed to provide an Answer to Plaintiff Zazueta's Complaint to date.

18                        VI.    CONCLUSION

19     Defendant Nationstar were properly served with the Summons and Complaint, but has

20  failed to Answer or otherwise defend in this action.  The Court should enter an Order of

21  Default against Defendant Nationstar.

22     //

23     //

24

25  MOTION FOR ORDER OF DEFAULT          3        **Antoinette M. Davis Law, PLLC**
26                                               528 Third Avenue West, Suite 102
                                                 Seattle, WA 98119
                                                 Phone (206) 486-1011 | Fax (206) 905-5910

Dated this 16th day of July, 2015.

/s/_Antoinette M. Davis_
Antoinette M. Davis WSBA #29821
ANTOINETTE M. DAVIS LAW, PLLC
528 3rd Avenue West, Suite 102
Seattle, WA 98119
Telephone:     206-486-1011
Facsimile:     206-905-5910

/s/ _Ha Thu Dao_
Ha Thu Dao, WSBA # 30152
GRAND CENTRAL LAW, PLLC
787 Maynard Avenue South
Seattle, WA 98104
Telephone:     727-269-9334
Facsimile:     727-264-2447

/s/ _Elizabeth Powell_
Elizabeth Powell, WSBA # 30152
ELIZABETH POWELL PS INC.
535 Dock Street, Suite 108
Tacoma, WA 98402
Telephone:     253-274-1518
Facsimile:     425-663-7939

MOTION FOR ORDER OF DEFAULT                    4

DECLARATION

Plaintiff's counsel does hereby declare as follows:

1.      The undersigned is one of the attorneys for the Plaintiff above named and makes this Declaration in support of the Plaintiff's Motion for Default.

2.      SERVICE:

a.   On May 12, 2015, Defendant Nationstar was served with a Summons and Complaint in the above referenced action.

b.   The Affidavit of such service is filed with this Court at Docket #3..

3.      MILITARY DUTY

Defendant Nationstar is a corporation and not subject to military service.

4.      DEFAULT

More than 20 days have elapsed since the date of service for Defendant Nationstar and they have failed to file an Answer consistent with the civil rules.  Defendant Nationstar is therefore in default therefore.

5.      VENUE

Venue is appropriate under RCW 4.28 because Mason County is the county in which the at-issue property is located, Plaintiff resides and Defendant does business.

Declarant states that the foregoing statements are true and correct to the best of her knowledge and belief and are made subject to the penalties of perjury under the laws of the State of Washington.

/s/ Antoinette M. Davis
Antoinette M. Davis

MOTION FOR ORDER OF DEFAULT                    5          **Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

PROOF OF SERVICE

I, Rebecca A. Hernández, declare as follows:

1. I am a citizen of the United States and of the State of Washington, living and residing in King County, over the age of 21 years, not a party to the above-entitled action and competent to be a witness.

2. On July 16, 2015, I caused to be served a true and correct copy of the following: Note on Defendant's Motion for Order of Default, Defendant's Motion for Order of Default with subjoined Declaration of Antoinette M. Davis, the Declaration of Ha Dao, with Exhibits attached thereto, and the proposed Order of Default upon:

| | |
|---|---|
| Barbara L. Bollero, attorney for Nationstar<br>Marshall & Weibel<br>720 Olive Way, Suite 1201<br>Seattle, WA 98101<br>Fax 206-622-0354 | ( ) U.S. MAIL, POSTAGE PREPAID<br>( ) HAND DELIVERY<br>( ) OVERNIGHT MAIL<br>(X) FACSIMILE<br>(X) MESSENGER |

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

DATED this 16th day of July, 2015, at Seattle, Washington.

/s/ Rebecca A. Hernández

MOTION FOR ORDER OF DEFAULT     6

**ORIGINAL**

REC'D & FILED
MASON CO. WA

(10) 2015 JUL 17 A 11: 12

GINGER BROOKS, CO. CLERK

BY_____DEPUTY

1

2

3

4

5

6

7

8

STATE OF WASHINGTON

9 MASON COUNTY SUPERIOR COURT

10

11 MARTIN ZAZUETA, individually and in
the marital community

12             CAUSE NO.  15-2-00356-2

13      Plaintiff,

14             DECLARATION OF HA DAO

     v.

15 NATIONSTAR MORTGAGE LLC, a
Delaware limited liability company,

16

17      Defendant.

18    I, Ha Thu Dao, declare:

19      1.  I am one of the attorneys of record for Plaintiff Martin Zazueta and make this

20 Declaration in support of Plaintiff's Motion for Default.

21      2.  Attached as Exhibit A is a true and correct copy of emails sent to me by Barbara

22 Bollero, Esq., the attorney of record of Defendant Nationstar.

23      3.  Attached as Exhibit B is a true and correct copy of a letter dated May 18, 2015,

24 sent by Barbara Bollero.

25

26 DECLARATION OF HA DAO         1      **Antoinette M. Davis Law, PLLC**
                                        528 Third Avenue West, Suite 102
                                        Seattle, WA 98119
                                        Phone (206) 486-1011 | Fax (206) 905-5910

I certify under penalty of perjury under the laws of the State of Washington that the foregoing statement is both true and correct.

Dated this 16th day of July 2015.

/s/Ha Thu Dao
Ha Thu Dao

2

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

# EXHIBIT A



Ha Dao <hadaojd@gmail.com>

---

## Zazueta v. Nationstar

---

**Barbara Bollero** <bbollero@bwmlegal.com>        Wed, Jul 1, 2015 at 11:21 AM
To: Ha Dao <hadaojd@gmail.com>
Cc: Tonie Davis <tonie@toniedavislaw.com>, Elizabeth Powell <powelllaw@comcast.net>, Tammie Burt
<tburt@bwmlegal.com>

Ms. Dao —

Thank you very much for that information. Nationstar was able to identify the loan a few days ago, and I
have started reviewing its documents to formulate a response.

I note, however, that pars. 4.15 – 4.17 of Plaintiff's Complaint served on Nationstar refer to Plaintiff's
Complaint to DFI dated June 18, 2014, and DFI's determination dated September 17,2014. I have not yet
located either of those documents (assuming that both are in fact documents) in my client's files. Would you
kindly provide copies of them without need for formal discovery, to assist in my investigation and formulating
a response to Plaintiff's Complaint?

Thank you, and I look forward to working with you,

Barb

**Barbara L. Bollero | Attorney**



720 Olive Way, Suite 1201, Seattle, WA 98101
Telephone (206)622-5306 | Ext.5918 | Fax (206)-622-0354
Email:BBollero@bwmlegal.com
www.bwmlegal.com

NOTICE: OUR LAW FIRM ENGAGES IN DEBT COLLECTION. THIS IS AN ATTEMPT TO COLLECT A
DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. This communication,
including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes
non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not
the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you
believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this
e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or
reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended
recipient(s) is not a waiver of any attorney/client or other privilege.

**From:** Ha Dao [mailto:hadaojd@gmail.com]
**Sent:** Wednesday, July 01, 2015 7:27 AM
**To:** Barbara Bollero
**Cc:** Tonie Davis; Elizabeth Powell
**Subject:** Zazueta v. Nationstar

Ms. Bollero. Pursuant to our telephone conversation of last week whereupon you advised that your client was unable to locate any information concerning the subject mortgage loan, I am providing you, as a courtesy, with our client's property address, which is

[Quoted text hidden]



**Ha Dao <hadaojd@gmail.com>**

## Zazueta v. Nationstar

**Barbara Bollero** <bbollero@bwmlegal.com>                     Wed, Jul 15, 2015 at 11:30 AM
To: Ha Dao <hadaojd@gmail.com>
Cc: Tonie Davis <tonie@toniedavislaw.com>, Elizabeth Powell <powelllaw@comcast.net>, Tammie Burt
<tburt@bwmlegal.com>

Counsel –

We still have not received copies of the requested Plaintiff's Complaint to DFI dated June 18, 2014, and DFI's
determination dated September 17, 2014. Will it be necessary for us to prepare a Public Records Request to
DFI to obtain these? The last time I made such a request we did not receive a response for several months,
which will further delay Nationstar's responsive pleadings.

Please advise. Thank you,

Barb

**Barbara L. Bollero | Attorney**



720 Olive Way, Suite 1201, Seattle, WA 98101
Telephone (206)622-5306 | Ext.5918 | Fax (206)-622-0354
Email:BBollero@bwmlegal.com
www.bwmlegal.com

NOTICE: OUR LAW FIRM ENGAGES IN DEBT COLLECTION. THIS IS AN ATTEMPT TO COLLECT A
DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. This communication,
including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes
non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not
the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you
believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this
e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or
reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended
recipient(s) is not a waiver of any attorney/client or other privilege.

**From:** Barbara Bollero

**Sent:** Wednesday, July 01, 2015 11:21 AM
**To:** 'Ha Dao'
**Cc:** Tonie Davis; Elizabeth Powell; Tammie Burt
**Subject:** RE: Zazueta v. Nationstar


Ms. Dao –

[Quoted text hidden]

# EXHIBIT B

# MARSHALL & WEIBEL, P.S.

ANN T. MARSHALL
DAVID A. WEIBEL*
BARBARA L. BOLLERO ****
KATIE A. AXTELL * **

REBECCA R. SHRADER †
ADAM G. HUGHES
Of Counsel
KENNARD M. GOODMAN ****

* Also Admitted in Oregon
** Also Admitted in Idaho
**** Also Admitted in California
† Also Admitted in Ohio

**Dated Received**

MAY 2 0 2015

**AMD LAW PLLC**

720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801

TELEPHONE
(206) 622-5306
FAX
(206) 622-0354
E-MAIL
bbollero@ bwmlegal.com
Phone Extension 5918

May 18, 2015

| | |
|---|---|
| Antoinette M. Davis<br>ANTOINETTE M. DAVIS LAW, PLLC<br>528 3rd Ave. W., Ste. 102<br>Seattle, WA 98119 | Elizabeth Powell<br>ELIZABETH POWELL PS INC<br>535 Dock Street, Ste. 108<br>Tacoma, WA 98402 |
| Ha Thu Dao<br>GRAND CENTRAL LAW, PLLC<br>787 Maynard Ave. S.<br>Seattle, WA 98104 | |

RE:  Caption:      *Martin Zazueta v. Nationstar Mortgage LLC*
     Case No.:      None Assigned
     Court:          Mason County Superior Court
     M&W Client:    Nationstar Mortgage LLC
     M&W No.:       4034.1508164
     Address:       Unspecified
     Loan No.:      Unspecified

Dear Ms. Davis, Ms. Powell, and Ms. Dao:

As you should be aware by now, our office represents Defendant Nationstar Mortgage LLC in the above-referenced litigation. Our Notice of Appearance was served on each of you on May 15, 2015.

Unfortunately, Nationstar has not been able to identify the loan at issue in this matter from the information in the Complaint. I spoke with someone at Ms. Davis' office on May 14, and requested a call back with the loan number, property address, copy of any communications from Nationstar, and/or any other available information to assist in identifying the subject loan. I have not yet received a response to that request.

In addition, I performed research online of the Mason County Auditor's website. It appears the Zazuetas' property address may be 21 E. Snowcrest Lane, Shelton, Mason Co., WA 98584-9598, is that correct? If so, there do not appear to be any Deeds of Trust outstanding against that property, as all appear to have been reconveyed.

We would appreciate your assistance in sufficiently identifying the loan and property at issue in this litigation, so that we may appropriately set up our file and assist in our client's defense.

Thank you for your anticipated cooperation with this request.

Very Truly Yours,

Barbara L. Bollero

# ORIGINAL

REC'D & FILED
MASON CO. WA.

2015 JUL 17 A 7 54

GINGER/BROOKS, CO. CLERK

BY _____ DEPUTY

**SUPERIOR COURT OF WASHINGTON
FOR MASON COUNTY**

Martin Zazueta                          ,
**Plaintiff/Petitioner**

vs.                                     No. ___15-2-00356-2___

Nationstar Mortgage LLC                 ,    **NOTICE OF ISSUE**
**Defendant/Respondent**                     (NTIS)

To:   Mason County Clerk
   Martin Zazueta_____ , Plaintiff/Petitioner **or**
   Nationstar Mortgage LLC___ , Defendant/Respondent
   Barbara Bollero_____ , Attorney for _Defendant_____
   _____ **Interpreter needed**

PLEASE TAKE NOTICE that the issue set for below will be called for HEARING on the
following date and time: **DATE:** _July 27, 2015_____ **@ TIME:** _1:30 PM___

The Clerk of Court is requested to note this matter on the docket:

| |
|---|
| **Confirmation:** Confirm by e-mail at superiorcourt-confirm@co.mason.wa.us or by telephone at (360) 427-9670 ext. 346 as required pursuant to LCR 7 and LSPR 94.04. Mailing Address: Mason County Clerk, P.O. Box 340, Shelton, WA 98584. |
| **CIVIL MOTION:** Mondays at 1:30 p.m. for all civil matters<br>☒ Motion for Default    ☐ Motion for Summary Judgment    ☐ Show Cause<br>☐ Other Motion: _____ |
| **DOMESTIC MOTION:** ☐ Motion for Default    ☐ Show Cause Hearing<br>☐ Decree of Dissolution ☐ Other Motion: _____<br>☐ Wednesday at 9:00 a.m. for attorney matters<br>☐ Wednesday at 1:30 p.m. for domestic violence/anti-harassment matters<br>☐ Friday at 9:00 a.m. for self-represented domestic matters without counsel |
| **PROBATE MOTION:** Wednesdays at 9:00 a.m.<br>☐ Probate of Will    ☐ Other Motion: _____ |
| **CRIMINAL MOTION:** Mondays at 9:00 a.m.<br>☐ Motion for: _____ |

Signed by: _//s//Antoinette M. Davis____ ☐ pro se **or** ☒ Attorney for _Martin Zazuta____
Address: _528 Third Ave. W. Suite 102 Seattle, WA 98119_ Phone: _206-486-1011_____

REC'D & FILED
MASON CO. WA.

2015 JUL 27 A 10: 58

GINGER BROOKS, CO. CLERK

BY_____ DEPUTY



1

2

3

4

5

6     IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
      IN AND FOR THE COUNTY OF MASON
7

8  MARTIN ZAZUETA, individually and in the
   marital community,
9
                                                NO. 15-2-00356-2
10                    Plaintiff,
            v.                                  **DEFENDANT'S CR 12(b)(6)**
11                                              **MOTION TO DISMISS**
   NATIONSTAR MORTGAGE LLC, a                   **PLAINTIFF'S COMPLAINT**
12 Delaware limited liability company,

13                    Defendant.

14

15          **I.     INTRODUCTION AND RELIEF REQUESTED**

16          Pursuant to CR 12(b)(6), Defendant Nationstar Mortgage LLC moves to dismiss

17  the Complaint of Plaintiff Martin Zazueta with prejudice, for its failure to state a claim

18  upon which any relief may be granted.

19          Nationstar is Mr. Zazueta's mortgage loan servicer.   Plaintiff alleges that

20  information provided by Nationstar in loan statements, correspondence, and oral

21  communications concerning his loan and escrow balances was "misleading and

22  inconsistent," and he received a pre-foreclosure notice which Nationstar acknowledged

23  was sent in error. Based on these actions, Mr. Zazueta pleads three claims for violations

24

25  DEFENDANT'S CR 12(b)(6)                      MARSHALL & WEIBEL, P.S.
    MOTION TO DISMISS                            720 OLIVE WAY, SUITE 1201
    PLAINTIFF'S COMPLAINT - 1                    SEATTLE, WASHINGTON 98101-1801
                                                 206/622-5306 FAX: 206/622-0354

ORIGINAL



of: (1) the Collections Agency Act, RCW 19.68, *et seq.* ("CAA"); (2) the Consumer Loan Act, RCW 31.04, *et seq.* ("CLA"); and (3) the Consumer Protection Act, RCW 19.86, *et seq.* ("CPA").

Because Nationstar is not a CAA licensee, the CAA does not apply to it; consequently the CAA cause of action states no claim. Although Nationstar is a CLA licensee, Nationstar's alleged actions do not violate the CLA or associated regulations, such that no viable CLA claim has been pleaded. Because Mr. Zazueta's remaining CPA cause of action is premised solely on his failed CAA and CLA claims, as a derivative claim it, too, fails to state a cause of action. Further, Mr. Zazueta pleads only emotional distress damages, which are not recoverable under the CPA.

Consequently, Nationstar should be granted dismissal with prejudice, without leave to amend.

## II.    STATEMENT OF FACTS

Nationstar is the servicer of Mr. Zazueta's home mortgage loan.[1]  [Complaint, p. 2, ll. 8-10, and ¶2.2.]  It is a Delaware Limited Liability Company, with headquarters and business operations in Dallas, Texas.  [*Id.,* p.3, ¶2.4; RJN[2], Fact One, Ex. 1.]  Nationstar does not hold a license in Washington as a collection agency.  [RJN, Fact Two, Ex. 2.]

At some unspecified point in time, Nationstar allegedly sent – but sometimes did not send at all – mortgage loan statements to Mr. Zazueta that were "misleading and inconsistent."  [*Id.,* p. 4, ¶4.2; p. 5, ¶ 4.8.]  Similarly, Nationstar assertedly provided

---

[1] No identifying information concerning the loan, Deed of Trust, and/or Plaintiff's residence is included in the Complaint. Plaintiff's counsels did not provide the loan number and Plaintiff's address until more than six weeks after the Complaint was served, after receiving at least seven requests for the information.
[2] "RJN" refers to Nationstar's Request for Judicial Notice filed in support of this motion.

DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 2

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

1  Plaintiff "misleading and inconsistent information" when he called. [*Id.*, p. 4, ¶4.3; p. 6,

2  ¶4.14.]

3      Mr. Zazueta received a Notice of Pre-Foreclosure Options from Nationstar dated

4  June 12, 2014. [*Id.*, p. 5, ¶¶4.5-4.6.] Sometime earlier he received a similar notice, which

5  Nationstar represented was sent in error. [*Id.*, p. 5, ¶4.9.] He also received foreclosure

6  assistance communications, which he "did not need." [*Id.*, p. 6, ¶4.12.]

7      On June 18, 2014, Mr. Zazueta filed a complaint against Nationstar with

8  Washington State's Department of Financial Institutions Division of Consumer Services

9  ("DFI"). Allegedly, DFI investigated and determined that "Nationstar engaged, directly or

10  indirectly, in an unfair or deceptive practice in violation of RCW 31.04.027(2)."[3] [*Id.*, p. 6,

11  ¶¶4.15-4.17.] As a result of Nationstar's actions, Mr. Zazueta has experienced emotional

12  distress, including "frustration, anxiety, sleeplessness and embarrassment." [*Id.*, p. 6,

13  ¶4.18.] He has also incurred attorney's fees. [*Id.*, p. 8, ¶5.12, p. 11, ¶6.16, p. 14, ¶7.16.]

14      Based on these assertions, Mr. Zazueta pleads three causes of action against

15  Nationstar for violations of the CAA, CLA, and CPA. Because Plaintiff's Complaint fails

16  to state a cause of action upon which relief may be granted, pursuant to CR 12(b)(6)

17  Nationstar moves to dismiss the Complaint with prejudice and without leave to amend.

18

19

20

21

22

_____

23  [3] Nationstar does not have and/or has been unable to locate the alleged DFI "determination" and, despite repeated requests, Plaintiff has refused to provide a copy.

24

25  DEFENDANT'S CR 12(b)(6)
   MOTION TO DISMISS
   PLAINTIFF'S COMPLAINT - 3

## III.   NATIONSTAR *CANNOT* BE LIABLE UNDER THE CAA

### A.   Loan Servicers are *Excluded* from Being CAA "Collection Agencies".

Mr. Zazueta asserts that Nationstar is a Washington-licensed Collection Agency, and therefore subject to the Collection Agency Act ("CAA") as a "person licensed under this chapter." [*Id.,* p. 9, ¶6.6; RCW 19.16.100(9).] That contention is incorrect for two reasons.

The CAA defines "collection agency" to include: "Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person[.]" RCW 19.16.100(4)(a). However, the CAA has specific *exclusions* from that definition:

> "Collection agency" does *not* mean and does *not* include: ... (c) Any person whose *collection activities are* carried on in his, her, or its true name and are *confined and are directly related to the operation of a business other than that of a collection agency,* ....

RCW 19.16.100(5)(emphasis supplied).

That exclusion applies to loan servicers. *Rose v. Recontrust Co., N.A., et al,* 2013 WL 1703335, *4 (E.D. Wash., April 18, 2013) ("Whether or not [Plaintiffs' statement] amounts to an acknowledgment that [their loan servicer is] *not* [a] 'collection agenc[y]' and therefore *exempt* ..., *this court finds that Defendants are so exempt* ...." (Emphasis supplied.)); *Amini v. Bank of America Corp., et al,* 2012 WL 398636, *8 (W.D. Wash., Feb. 7, 2012) ("The facts alleged ... lead to only one conclusion: [the loan servicer's] attempts to collect on the loans were carried on in its own name and are directly related to its non-collection agency businesses, namely lending and servicing loans. As such, *[the*

DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 4

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1 | *servicer] is expressly excluded from the statutory definition of 'collection agency.'"*

2 | (Emphasis supplied.)).

3 | Mr. Zazueta's Complaint pleads that Nationstar is his mortgage loan servicer. It

4 | does *not* allege that Nationstar communicated with him using any name other than its own.

5 | Because loan servicers are statutorily excluded from the definition of "collection agencies"

6 | to which the CAA applies, the CAA does not apply to Nationstar. Accordingly, Nationstar

7 | *cannot* be liable for violating the CAA. Plaintiff's CAA claim should be dismissed with

8 | prejudice.

9 | **B.** **The CAA Applies *Only* to Licensees, and Nationstar Holds *No* Such License.**

10 | Despite the CAA's statutory exclusion of loan servicers as "collection agencies,"

11 | Mr. Zazueta nevertheless asserts that Nationstar holds a Washington Collection Agency

12 | license and must comply with the Act. [Complaint, p. 9, ¶6.6.]

13 | Generally, in ruling on a CR 12(b)(6) dismissal motion, the trial court may only

14 | consider the Complaint's allegations and may not go beyond the face of the pleadings.

15 | *Brown v. MacPherson's, Inc.,* 86 Wn.2d 293, 297, 545 P.2d 13 (1975). But in ruling on a

16 | dismissal motion, the court *may* take judicial notice of public documents which cannot

17 | reasonably be disputed regarding matters alleged in the Complaint without converting the

18 | motion to one for summary judgment. *Jackson v. Quality Loan Serv. Corp.,* -- Wn.

19 | App.2d --, 347 P.3d 487, 491 (April 6, 2015); *Berge v. Gorton,* 88 Wn.2d 756, 763, 567

20 | P.2d 187 (1977); *Rodriguez v. Loudeye Corp.,* 144 Wn. App. 709, 725-26, 189 P.3d 168

21 | (2008). "[W]here matters outside the pleadings are not considered by the court, the motion

22 | is not treated as one for summary judgment." *Trujillo v. Nw. Tr. Servs., Inc.,* 181 Wn.

23 |

24 |

25 | DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 5

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1  App. 484, 491, 326 P.3d 768, 772 (2014), *as modified* (Nov. 3, 2014), *review granted,* 182

2  Wn.2d 1020, 345 P.3d 784 (2015).

3        In support of this dismissal motion, Nationstar has requested the Court judicially

4  notice that Nationstar does *not* hold a license as a Collection Agency in Washington, as

5  Plaintiff alleges.  [RJN, Fact Two, Ex. 2.]  The public document establishing that fact

6  cannot reasonably be disputed and concerns the Complaint's precise CAA licensing

7  allegation.

8        Specifically, Mr. Zazueta contends that Nationstar violated part of the CAA, RCW

9  19.16.250.  [Complaint, pp. 10-11, ¶¶6.9-6.13.]  But by its terms, RCW 19.16.250 applies

10  only to "licensees" under the Act.  A "licensee" is defined as "any person licensed under

11  this chapter."  RCW 19.16.100(9).  As the Court may judicially notice, Nationstar is *not* a

12  "licensee"; consequently, it cannot be liable for acts prohibited by RCW 19.16.250.  *See,*

13  *Moritz v. Daniel N. Gordon, P.C., et al,* 895 F.Supp.2d 1097, 1113 (W.D. Wash. 2012)

14  (Granting summary judgment to an unlicensed loan collector because "the [CAA] does not

15  provide for … liability under RCW 19.16.250" of unlicensed collection agencies.).

16        Accordingly, the Court should grant dismissal of Plaintiff's CAA claim against

17  Nationstar, with prejudice, because Nationstar is not a licensee to whom the CAA applies.

18  **C.**    **Plaintiff Suffered *No* CPA-Compensible Injuries from CAA Violations.**

19        Plaintiff's CPA claims are premised, in part, on Nationstar's alleged violations of

20  the CAA.  [Complaint, p. 14, ¶¶7.12-7.14.]  Mr. Zazueta asserts he suffered CPA injuries

21  proximately caused by Nationstar's CAA violations, including emotional distress and

22  attorney's fees.  [*Id.,* p. 6, ¶4.18; p. 14, ¶¶7.15-7.17.]

23

24

25  DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 6

1   It is correct that a plaintiff may establish the CPA element of an unfair or deceptive

2   act or practice occurring in trade or commerce by proving certain CAA violations. RCW

3   19.16.440; *Evergreen Collectors v. Holt,* 60 Wn. App. 151, 155, 803 P.2d 10 (1991).

4   However, CPA injuries must be to the plaintiff's "business or property." *Pagan v.*

5   *Farmers Ins. Co. of Wash.,* 166 Wn.2d 27, 63-64, 204 P.3d 885 (2009). Personal injuries

6   are not compensable damages under the CPA. *Wash. State Physicians Ins. Exch. & Ass'n*

7   *v. Fisons Corp.,* 122 Wn.2d 299, 318, 858 P.2d 1054 (1993).

8       Specifically, pain, suffering, and emotional distress damages are *not* recoverable

9   CPA injuries. *White River Estates v. Hiltbruner,* 134 Wn.2d 761, 765, 953 P.2d 796, n. 1

10  (1998). Thus, damages for conduct violating the CAA which causes "emotional distress,

11  worry and embarrassment ... are not compensable under the CPA." *Moritz, supra,* 895

12  F.Supp.2d at 1115, n. 11. In addition, CPA injuries may include minimal or unquantifiable

13  damages, but *cannot* include the cost of litigation or personal injuries. *Pagan, supra,* 166

14  Wn.2d at 57-58. Activities relating to the CPA lawsuit itself, including burden, loss of

15  time, and litigation costs are not compensable. *Greer v. Ocwen Loan Servicing LLC,* 2014

16  WL 1593355, *2 (W.D. Wash. April 21, 2014).

17      When a Complaint does not provide factual allegations supporting actual CPA

18  damages arising from a CAA violation, it should be dismissed. *Paris v. Steinberg &*

19  *Steinberg, et al,* 828 F.Supp.2d 1212, 1217 (W.D. Wash. Nov. 1, 2011). A request for

20  injunctive relief and attorney's fees incurred as a result of the alleged violation does not

21  satisfy the CPA's specific requirement to plead actual injury. *Id.,* at 1217-1218.

22

23

24

25  DEFENDANT'S CR 12(b)(6)
    MOTION TO DISMISS
    PLAINTIFF'S COMPLAINT - 7

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1    Here, even if he could state a CPA claim derivative of the CAA, Mr. Zazueta did

2    not plead that he suffered anything *other* than emotional distress and litigation fees and

3    costs for the present case. *None* of those are compensable under the CPA; consequently,

4    his CPA claim premised on CAA violations should also be dismissed.

5              **IV.    NATIONSTAR COMMITTED *NO* CLA VIOLATIONS**

6    **A.    *No* CLA Claim Based on Loan Origination May be Stated Against Nationstar.**

7              The legislature enacted the CLA to "authorize higher interest rates for certain types

8    of loans … in order to ensure credit availability," recognizing that high credit risk

9    borrowers have difficulty obtaining credit at allowable rates. *Bell v. Muller,* 129 Wn.App.

10   177, 186-87, 118 P.3d 405 (2005). A CLA licensee may lend money at a rate that does not

11   exceed 25% per annum. RCW 31.04.105(1); *Bell, supra,* at 187. The CLA requires

12   adherence to federal and state laws regarding loan disclosures required at loan origination.

13   RCW 31.04.027(6); WAC 208-620-900(1). A violation of the CLA is deemed a violation

14   of the first and second elements of the CPA. RCW 31.04.208.

15             Here, Mr. Zazueta does *not* allege that Nationstar had *any* involvement in the

16   origination of his loan, nor does his description of his interactions with Nationstar support

17   such an inference. In short, the CLA disclosure and interest rate provisions cannot apply to

18   Nationstar because it did not "make a loan" to Plaintiff, as defined by RCW

19   31.04.015(13).[4]  When a defendant does not participate in either the negotiation or

20   origination of the borrower's loan, and has no duty to provide disclosures related to loan

21

22   _____

23   [4] " 'Making a loan' means advancing, offering to advance, or making a commitment to advance funds to a
     borrower for a loan." RCW 31.04.015(13).

24

25   DEFENDANT'S CR 12(b)(6)                          MARSHALL & WEIBEL, P.S.
     MOTION TO DISMISS                                 720 OLIVE WAY, SUITE 1201
     PLAINTIFF'S COMPLAINT - 8              SEATTLE, WASHINGTON 98101-1801
                                                      206/622-5306 FAX: 206/622-0354

1  origination, a CLA violation claim should be dismissed. *Lawson v. Ocwen Loan Svcg.,*

2  *LLC,* 2011 WL 564376, *5 (W.D. Wash. Feb. 8, 2011), *vacated in part on reconsideration*

3  *on other grounds,* 2011 WL 1739997 (W.D. Wash. May 5, 2011).

4      Because Mr. Zazueta did not plead that Nationstar originated his loan, Nationstar

5  cannot be liable for any CLA origination violations.

6  **B.    *No CLA Claim Based on Loan Servicing has Been Stated Against Nationstar*.**

7      It is a CLA violation "for a licensee … to: (2) Directly or indirectly engage in any

8  unfair or deceptive practice toward any person[.]" RCW 31.04.027.  Mr. Zazueta asserts

9  that Nationstar engaged in "an unfair or deceptive practice" by providing him "inconsistent

10  or erroneous documentation and information, including but not limited to escrow balances

11  and the status of the mortgage account." [Complaint, p. 8, ¶5.10.]

12      But providing "inconsistent or erroneous" information does *not* constitute a

13  violation of either the CLA or its promulgated regulations.  Instead, the CLA requires *only*

14  that *if* the loan servicer collects escrow amounts, then it "shall collect and make all such

15  payments from the escrow account and ensure that no late penalties are assessed or other

16  negative consequences result for the borrower[.]" RCW 31.04.290(1)(d); *accord,* WAC

17  208-660-900(4).  Mr. Zazueta does *not* allege that Nationstar violated *any* of these escrow-

18  related provisions.

19      Similarly, the CLA requires *only* that the servicer "make *reasonable attempts* to

20  comply with a borrower's request for information … and to respond to any dispute

21  initiated by the borrower[.]" RCW 31.04.290(1)(e) (emphasis supplied); *accord,* WAC

22  208-620-900(5)(a).  The CLA also requires that the servicer "*[p]romptly correct* any errors

23

24

25  DEFENDANT'S CR 12(b)(6)
   MOTION TO DISMISS
   PLAINTIFF'S COMPLAINT - 9

1 and refund any fees assessed to the borrower resulting from the servicer's error." RCW

2 31.04.290(1)(f) (emphasis supplied); *accord,* WAC 208-620-900(5)(c).

3       The CLA and regulations itemize several requirements for the manner, timing, and

4 content of the servicer's response to the borrower's inquiries. *Id.* Plaintiff's Complaint

5 does *not* allege that Nationstar violated *any* of those specific requirements in responding to

6 his inquiries. Significantly, Mr. Zazueta does *not* allege that he *ever* initiated *any* dispute

7 with Nationstar about his loan accounting. *Nor* does he assert that he incurred *any* fees as

8 a result of Nationstar's purported "erroneous information."

9       Instead, Mr. Zazueta's primary allegations confirm that Nationstar did *not* violate

10 the CLA's servicing requirements. First, the Complaint does *not* allege a foreclosure is in

11 process and asserts that Nationstar *admitted* the pre-foreclosure notice was erroneously

12 sent to Mr. Zazueta. [Complaint, p. 5, ¶4.9.] The CLA does not require a loan servicer

13 make *no* errors – it just makes unlawful the servicer's failure to *promptly correct* those

14 errors. RCW 31.04.290(1)(f); WAC 208-620-900(5)(c). Nationstar having allegedly

15 admitted to erroneously sending the pre-foreclosure notice, and the notice being

16 subsequently withdrawn with no foreclosure in process, no CLA violation has been stated.

17       Second, the CLA and its enabling regulations do *not* require monthly mortgage

18 statements be sent to the borrower as Plaintiff's Complaint implies. [Complaint, p. 4, ¶4.2;

19 p. 5, ¶¶4-6-4.9.] Rather, three different Washington Administrative Code sections

20 emphasize that the provision of regular written loan statements (other than annual escrow

21 statements) are at the *servicer's discretion*: "*If* you [the servicer] provide monthly or more

22 frequent statements that include [payment, suspense, and fees assessed to the loan account]

23

24

25 DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 10

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1    information you are not required to provide the information in [another] notice ...." WAC

2    208-620-900(3)(c), (e), and (f) (emphasis supplied).    Nowhere in the CLA or its

3    regulations is there a requirement that the servicer provide monthly mortgage statements.

4         Finally, the only "error" Plaintiff identifies is service of the pre-foreclosure notice,

5    which was subsequently corrected.  Plaintiff's Complaint does *not* assert that he notified

6    Nationstar of *any* errors he believed had been made to his account, or that he suffered any

7    *monetary* damages from those unspecified errors.  Mr. Zazueta also does *not* allege that he

8    ever made any *written* requests for information to Nationstar.  It is *only* when the servicer

9    receives a *written* request for information from the borrower that a written response by the

10   servicer is required.  RCW 31.04.290(1)(e) and (2); WAC 208-620-900(5)(a), (d), and (e).

11        When no specific facts supporting a violation are alleged, dismissal of a CLA claim

12   against the loan servicer is warranted.  *McKenna v. Commonwealth United Mtg.,* 2008 WL

13   4379582, *5-6 (W.D. Wash. Sept. 23, 2008).  In *McKenna,* the borrowers alleged only that

14   their loan servicer had violated the CLA by "misrepresenting the quality, characteristics,

15   benefits and rights of the services involved in [their] loan[,]" that "[b]ut for the

16   misrepresentations ... [they] would not have sustained their damages[,]" and that the loan

17   servicer was "responsible for those misrepresentations and resultant damage ...."  *Id.,* at

18   *5.  The court found it "unclear what misrepresentations are alleged to amount to a CLA

19   violation" and awarded summary judgment to the servicer.  *Id.,* at *6.

20        Mr. Zazueta's allegations are no more fleshed out than those in *McKenna.*  A well-

21   pleaded Complaint "requires more than labels and conclusions, and a formulaic recitation

22   of the elements of a cause of action will not do[.]"  *Bell Atl. Corp. v. Twombly,* 550 U.S.

23

24

25   DEFENDANT'S CR 12(b)(6)
     MOTION TO DISMISS
     PLAINTIFF'S COMPLAINT - 11

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Here, no *specific* CLA

2 violation by Nationstar has been identified, and *none* occurred. The only "error" identified

3 in Plaintiff's Complaint – service of the pre-foreclosure notice – was admittedly *corrected.*

4 *No* legally recoverable resulting damages are identified.

5     Because Plaintiff's Complaint does not satisfy the *Twombly* pleading standards for

6 the CLA cause of action, dismissal should be awarded.

7 **C.     Plaintiff Suffered *No* CPA-Compensible Injuries from CLA Violations.**

8     Even if Mr. Zazueta successfully pleaded a CLA violation claim against Nationstar,

9 as with his CAA claim that violation would *per se* satisfy only the unfairness and public

10 interest elements of a CPA claim. RCW 31.04.208; *Lawson, supra,* at *5. But pleading a

11 CLA violation alone is insufficient to state a derivative CPA cause of action – Mr. Zazueta

12 must also allege specific facts supporting the remaining CPA elements.

13     When a borrower fails to allege facts from which any legally compensable injury

14 can be reasonably inferred, he fails to state a claim under both the CLA and a derivative

15 CPA claim; accordingly, both claims should be dismissed. *Ornelas v. Fid. Nat. Tit. Co. of*

16 *Wash. Inc.,* 245 Fed.Appx. 708, 710 (9th Cir. 2007) (Affirming servicer's summary

17 judgment against borrower's CLA and CPA claims because: "The record ... does not

18 demonstrate that [the borrower] ... suffered any ... injury to her business or property, as

19 required under the [CPA]. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.,*

20 105 Wash.2d 778, 719 P.2d 531, 533, 535-39 (1986); *see also Stephens v. Omni Ins. Co.,*

21 138 Wash.App. 151, 159 P.3d 10, 25 (2007) (noting that "mental distress, embarrassment,

22 and inconvenience alone do not establish injury").).

23

24

25 DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 12

1       Here there are no allegations that Mr. Zazueta suffered any injuries to his business

2  or property compensable under the CPA. Consequently, even if a CLA claim is

3  sufficiently pleaded, no viable CPA claim based on CLA violations has been adequately

4  plead. *Johnson v. Countrywide Home Loans, Inc.,* 2010 WL 456902, *5-6 (W.D. Wash.

5  Feb. 1, 2010), *aff'd.,* 434 F. App'x. 693 (9th Cir. 2011) (Holding that when a plaintiff's

6  alleged entitlement to CLA and CPA relief is nothing more than the *Twombly* prohibited

7  "formulaic recitation," those claims should be dismissed.).

8       As with his CPA claim derivative of his CAA cause of action, Mr. Zazueta's CPA

9  claim derivative of his CLA cause of action should be dismissed.

10      **V.    PLAINTIFF HAS *NOT* STATED A CPA CAUSE OF ACTION**

11  **A.   *No Derivative CPA Claim Survives Dismissal of the CAA and CLA Claims.***

12       Mr. Zazueta's CPA claim is based solely on Nationstar's alleged violations of the

13  CAA and CLA. [Complaint, p. 14, ¶¶7.12-7.14.] But when CAA and CLA claims are

14  dismissed against a loan servicer, the derivative CPA claim must also be dismissed. *Rose,*

15  *supra,* 2013 WL 1703335 at *4 ("Plaintiffs' [CAA] claim fails as a matter of law as does

16  [their CPA] claim to the extent it is derived from the [CAA] claim." (Emphasis supplied.));

17  *Amini, supra,* 2012 WL 398636 at *8 ("Because plaintiff's WCAA claim fails as a matter

18  of law, the derivative [CPA] claim also fails." (Emphasis supplied.)); *Ornelas, supra,* 245

19  Fed.Appx. at 710 (Affirming servicer's summary judgment against borrower's CLA and

20  CPA claims.).

21       Because Plaintiff's CAA and CLA causes of action both fail as a matter of law, his

22  CPA claim also fails.

23

24

25  DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 13

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

**B.**   *No* **CPA Claim is Sufficiently Alleged or Factually Supported.**

To prevail on a CPA claim, a plaintiff must allege and prove that the defendant's act or practice: (1) is unfair or deceptive; (2) occurs in the conduct of trade or commerce; (3) affects the public interest; (4) causes injury to the plaintiff's business or property; and (5) caused the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 780, 719 P.2d 531 (1986). The failure to establish any one of these elements is *fatal* to a plaintiff's CPA claim. *Nguyen v. Doak Homes, Inc.,* 140 Wn. App. 726, 733, 167 P.3d 1162 (2007); *Bavand v. OneWest Bank, F.S.B.,* 176 Wn. App. 475, 503, 309 P.3d 636 (2013).

It is black letter law that to survive a dismissal motion, a Complaint must offer factual support for *each* requisite element; legal conclusions or general recitation of the claim's elements are insufficient to state a claim and will not survive a dismissal motion. As explained by the U.S. Supreme Court:

> [A] pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard ... does not require "detailed factual allegations," but it *demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.* ... A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." ... Nor does a complaint suffice if it tenders *"naked assertion[s]" devoid of "further factual enhancement."* ...
>
> *To survive a motion to dismiss, a complaint must contain sufficient factual matter,* accepted as true, to "state a claim to relief that is plausible on its face." ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ... The plausibility standard is not akin to a "probability requirement," but it asks for *more than a sheer possibility that a defendant has acted unlawfully. ... Where a complaint pleads facts*

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

> that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " …
>
> Two working principles underlie our decision in *Twombly*. First, *the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.* … Second, *only a complaint that states a plausible claim for relief survives a motion to dismiss.* … But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009) (citations omitted) (emphasis supplied).

Mr. Zazueta's Complaint pleads *all* the elements of his CPA claim in a *single* sentence. Specifically, to satisfy the third and fourth CPA elements he alleges *only*: "[T]he Plaintiff was damaged in his property by Defendants' *(sic)* actions, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state." [Complaint, p. 12, ¶7.3.]

But the Complaint is completely *devoid* of *any* factual allegations supporting either of these elements. Instead, Plaintiff cursorily alleges he incurred attorney's fees – presumably for the present litigation – and suffered emotional distress, neither of which constitutes CPA "business or property" damages. *Fisons Corp., supra,* 122 Wn.2d at 318; *White River Estates, supra,* 134 Wn.2d at 765; *Moritz, supra,* 895 F.Supp.2d at 1115, n. 11; *Greer, supra,* 2014 WL 1593355 at *2.

DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 15

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1    Similarly, Mr. Zazueta's Complaint adds no flesh to the bones of his public interest

2    impact allegation. The Washington Supreme Court's analysis of the CPA's public interest

3    element is instructive here:

> *Ordinarily*, a breach of a *private* contract affecting no one but the
> parties to the contract is *not* an act or practice affecting the public
> interest. ... However, *it is the likelihood that additional plaintiffs*
> *have been or will be injured in **exactly the same fashion** that*
> *changes a factual pattern from a private dispute* to one that affects
> the public interest.

8    *Hangman Ridge, supra,* 105 Wn.2d at 790-91 (citations omitted) (emphasis supplied).

9    Here, Mr. Zazueta's Complaint alleges a few times that Nationstar provided

10   information that was "misleading" or "confusing" to him. [Complaint, p. 2, ¶I; p. 4, ¶4.3.]

11   But what Mr. Zazueta may have found "misleading" or "confusing" neither expressly nor

12   impliedly asserts that the public at large would have been similarly mislead or confused.

13   Further, Plaintiff has *not* plead – and it is highly unlikely he will be able to prove –

14   that other Nationstar customers "have been or will be injured in *exactly the same fashion*."

15   *Hangman Ridge, supra,* 105 Wn.2d at 790-91 (citations omitted) (emphasis supplied). The

16   circumstances of his loan, payments, any trial plan or modification agreements, late

17   charges, interest, escrow, requests for information, loan statements, and written and oral

18   communications with Nationstar are all specific *only* to Mr. Zazueta and his *precise*

19   circumstances; accordingly, it would be virtually impossible for other Nationstar customers

20   to be "injured in *exactly the same fashion*."

21   "[T]he Legislature intended that even a private plaintiff should be required to show

22   that the acts complained of affect the public interest." *Hangman Ridge, supra,* 105 Wn.2d

23   at 788. Plaintiff's Complaint does not comply with that requirement.

24

25   DEFENDANT'S CR 12(b)(6)
     MOTION TO DISMISS
     PLAINTIFF'S COMPLAINT - 16

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1    Plaintiff's CPA cause of action does not meet the *Twombly* and *Iqbal* pleading

2    standards. Mr. Zazueta will never be able to prove up a CPA claim on the facts as alleged.

3    The CPA cause of action should be dismissed, with prejudice.

4                        **VI.    CONCLUSION**

5        In consideration of the foregoing points, authorities, and arguments, Defendant

6    Nationstar Mortgage LLC respectfully requests the Court grant it a dismissal of Plaintiff's

7    Complaint, with prejudice, and without leave to amend.

8        Respectfully submitted this 24th day of July, 2015.

9                        MARSHALL & WEIBEL, P.S.

10

11                       Barbara L. Bollero, WSBA #28906
                         720 Olive Way, Suite 1201
12                       Seattle, WA  98101
                         Phone:  (206) 622-5306, Ext. 5918
13                       *Attorneys for Defendant Nationstar Mortgage LLC*

14

15

16

17

18

19

20

21

22

23

24
     DEFENDANT'S CR 12(b)(6)                    MARSHALL & WEIBEL, P.S.
25   MOTION TO DISMISS                          720 OLIVE WAY, SUITE 1201
     PLAINTIFF'S COMPLAINT - 17                 SEATTLE, WASHINGTON 98101-1801
                                                206/622-5306  FAX: 206/622-0354

REC'D & FILED
MASON CO. WA.

2015 JUL 27 A 10: 58

GINGER BROOKS. CO. CLERK

BY_____CX_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

MARTIN ZAZUETA, individually and in the
marital community,

               Plaintiff,

    v.

NATIONSTAR MORTGAGE LLC, a
Delaware limited liability company,

               Defendant.

NO. 15-2-00356-2

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S CR 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.    INTRODUCTION AND RELIEF REQUESTED

In conjunction with its CR 12(b)(6) Motion to Dismiss, Defendant Nationstar Mortgage LLC requests the Court take judicial notice of certain facts pertinent to its motion, supported by public documents that cannot reasonably be disputed, pursuant to ER 201.

Judicial notice may be taken at any stage of the proceeding. ER 201(f). A court shall take judicial notice if requested by a party and supplied with the necessary information. ER 201(d). A judicially noted fact must be one not subject to reasonable

REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF DEFENDANT'S
CR 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 1

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

ORIGINAL

1  dispute in that it is capable of accurate and ready determination by resort to sources whose

2  accuracy cannot reasonably be questioned. ER 201(b)(2). The existence and fact of

3  recorded documents are appropriate subjects of judicial notice, as they satisfy the

4  requirements of ER 201(b)(2).

5      Nationstar Mortgage LLC requests the Court judicially notice the following facts

6  and recorded instruments concerning the subject property:

7

8          **II.    REQUESTED FACTS AND SOURCE**

9  **Fact One:**   Nationstar Mortgage LLC's headquarters and business operations are in

10  Coppell and Dallas, Texas.

11  **Source One:**    Print out from Nationstar Mortgage LLC's website stating it is

12  "headquartered in Dallas" and stating mailing addresses in Coppell and Dallas, Texas,

13  dated July 20, 2015, and accessed at: https://www.nastionstarmtg.com/CustomerCenter/

14  ContactUs.aspx, a true and correct copy of which is attached hereto as **Exhibit 1.**

15

16  **Fact Two:**   Nationstar Mortgage LLC does not hold a Washington Collection Agency

17  license.

18  **Source Two:**    Print out results from State of Washington Department of Licensing

19  Business Licensing Service Search Engine for Collection Agency license for both

20  "Nationstar" and "Nationstar Mortgage LLC" showing no matches found, dated July 24,

21  2015, and accessed at: http://bls.dor.wa.gov/LicenseSearch/lqsSearchResults.aspx, a true

22  and correct copy of which is attached hereto as **Exhibit 2.**

23

24

25  REQUEST FOR JUDICIAL NOTICE          MARSHALL & WEIBEL, P.S.
   IN SUPPORT OF DEFENDANT'S                720 OLIVE WAY, SUITE 1201
   CR 12(b)(6) MOTION TO DISMISS        SEATTLE, WASHINGTON 98101-1801
   PLAINTIFF'S COMPLAINT - 2             206/622-5306 FAX: 206/622-0354

### III.   CONCLUSION

For all the foregoing reasons, Defendant Nationstar Mortgage LLC respectfully requests this Court judicially notice the facts and recorded instruments set forth above.

Respectfully submitted this 24th day of July, 2015.

MARSHALL & WEIBEL, P.S.

*Barbara L. Bollero*

Barbara L. Bollero, WSBA No. 28906
720 Olive Way, Suite 1201
Seattle, WA 98101-1801
Phone: (206) 622-5306, ext. 5818
Email: bbollero@bwmlegal.com
*Attorneys for Defendant Nationstar Mortgage LLC*

REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF DEFENDANT'S
CR 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 3

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

**EXHIBIT 1**



User: _____ Password: _____ Sign In

Forgot your username or password?
New to Nationstar? Register

**Helping You Achieve More®**

Customer Reviews | Careers | Shareholder Relations | About

Home          My Nationstar          Resources          Homeowner Assistance          Apply Today          Contact Us

## Contact Us - Contact Nationstar

Nationstar Mortgage, headquartered in Dallas, is one of the nation's leading mortgage servicers and lenders offering conforming, Fannie Mae, FHA, FHLMC, VA, Jumbo and USDA products directly to consumers. Since its inception in 1997, Nationstar Mortgage has experienced success by providing exceptional customer service and a wide range of competitive mortgage products.

MORTGAGES

TECHNICAL SUPPORT

NATIONSTAR CORPORATE

DEPARTMENTS

INVESTORS

**Notice of Error/Information Request/QWR:**

Nationstar Mortgage
P.O Box 619098
Dallas, Texas 75261-9741

Under the Real Estate Settlement Procedures Act, a qualified written request is a written correspondence, other than notice on your payment coupon or other payment medium supplied by us, regarding the servicing of your loan which includes your name, account number, and your reasons for the request. Any qualified written request you wish to submit must be sent to the address above.

**MORTGAGES**
Common Questions

How do I apply for a loan with Nationstar Mortgage?

How Do I Update My Account Information

My loan was recently transferred to Nationstar Mortgage. What do I need to do now?

How do I compliment a Nationstar Representative?

**Still need to contact Nationstar?**

**Do you have a Nationstar account?**
Sign in before continuing so we might better assist you.

Please tell us why you are contacting us today:

Please select one ▼

Continue

First time here? **Register Now** and set up your online access.

**Customer Service**
1-888-480-2432

**General Correspondence**
Nationstar Mortgage
8950 Cypress Waters Boulevard
Coppell, TX 75019

**HOURS**
Mon - Thurs 8 am to 8 pm CT
Fri 8 am to 6 pm CT
Sat 8 am to 2 pm CT

**Payments**
Nationstar Mortgage
P.O. Box 650783
Dallas, TX 75265-0783

**Overnight Mail Address**
Nationstar Mortgage
Attn: Payment Processing
1010 W. Mockingbird, Suite 100
Dallas, TX 75247

**Customer Relations**
Learn more about Customer Relations

**REO Department**
1-888-708-4043
Mon-Thu 8 am - 8 pm CST
Fri 8 am - 6 pm CST

Website authorization by the New York State Department of Financial Services is pending. Until this website is authorized, no mortgage loan applications for properties located in New York will be accepted through this site.

Terms of Use | Privacy | Legal | CA, WA and NV Residents | Shareholder Relations
Site Map | Careers | Customer Reviews | Contact Us | About

NMLS #2119 | NMLS Consumer Access |



© 2015 Nationstar Mortgage Holdings, Inc.

**EXHIBIT 2**

- Contact us
- Forms
- About us

- Home
- Start your business
- Change or update your business information
- How to renew your license

# Search Business Licenses

**Your Search Criteria:**
    **License Type:** Collection Agency
    **Business Name:** NationStar
    **County:** All Counties

### No matches were found for your search.

Information Current as of 07/24/2015 6:39AM Pacific Time

[ New Search ]

**Other resources**

- Professional Licenses (DOL)

- Contractor, Electrician or Plumber (L&I)

- Business Records (DOR)

- Corporations Registration Data (SOS)

- Health Care Provider Credential (DOH)

- Worker's Comp Premium Status (L&I)

- Suspect Fraud (DOR)

This site is limited to searching for business licenses issued through the Washington State Business Licensing Service.

- Contact us
- Forms
- About us
- Privacy

©2011 Washington State Department of Revenue and its licensors. All rights reserved.

- Contact us
- Forms
- About us

- Home
- Start your business
- Change or update your business information
- How to renew your license

## Search Business Licenses

**Your Search Criteria:**
 **License Type:** Collection Agency
 **Business Name:** Nationstar Mortgage LLC
 **County:** All Counties

**Other resources**

- Professional Licenses (DOL)

- Contractor, Electrician or Plumber (L&I)

- Business Records (DOR)

- Corporations Registration Data (SOS)

- Health Care Provider Credential (DOH)

- Worker's Comp Premium Status (L&I)

- Suspect Fraud (DOR)

### No matches were found for your search.

Information Current as of 07/24/2015 6:39AM Pacific Time

[ New Search ]

This site is limited to searching for business licenses issued through the Washington State Business Licensing Service.

- Contact us
- Forms
- About us
- Privacy

©2011 Washington State Department of Revenue and its licensors. All rights reserved.

**SUPERIOR COURT OF WASHINGTON
FOR MASON COUNTY**

MARTIN ZAZUETA
_____,
Plaintiff/Petitioner

vs.

NATIONSTAR MORTGAGE LLC
_____,
Defendant/Respondent

No. 15-2-00356-2
_____

**NOTICE OF ISSUE**
(NTIS)

To: Mason County Clerk

Martin Zazueta_____, Plaintiff/Petitioner **or**
Nationstar Mortgage LLC_____, Defendant/Respondent
Antoinette M. Davis_____, Attorney for Plaintiff_____
_____ *Interpreter needed*

PLEASE TAKE NOTICE that the issue set for below will be called for HEARING on the
following date and time: **DATE:** AUGUST 3, 2015_____ **@ TIME:** 1:30 PM_____

The Clerk of Court is requested to note this matter on the docket:

| |
|---|
| **Confirmation:** Confirm by e-mail at superiorcourt-confirm@co.mason.wa.us or by telephone at (360) 427-9670 ext. 346 as required pursuant to LCR 7 and LSPR 94.04. Mailing Address: Mason County Clerk, P.O. Box 340, Shelton, WA 98584. |
| **CIVIL MOTION:** Mondays at 1:30 p.m. for all civil matters<br>□ Motion for Default □ Motion for Summary Judgment □ Show Cause<br>■ Other Motion: Dismiss Plaintiff's Complaint |
| **DOMESTIC MOTION:** □ Motion for Default □ Show Cause Hearing<br>□ Decree of Dissolution □ Other Motion: _____<br>□ Wednesday at 9:00 a.m. for attorney matters<br>□ Wednesday at 1:30 p.m. for domestic violence/anti-harassment matters<br>□ Friday at 9:00 a.m. for self-represented domestic matters without counsel |
| **PROBATE MOTION:** Wednesdays at 9:00 a.m.<br>□ Probate of Will □ Other Motion: _____ |
| **CRIMINAL MOTION:** Mondays at 9:00 a.m.<br>□ Motion for: ___ |

Signed by: *Barbara L. Bollero* □ pro se *or* ■ Attorney for Defendant
Address: 720 Olive Way, #1201 Seattle, Wa 98101_____ Phone: 206-622-5306

10



ORIGINAL

REC'D & FILED
MASON CO. WA.

2015 JUL 27 A 10:58

GINGER BROOKS, CO. CLERK

BY_____DEPUTY

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

8

9

MARTIN ZAZUETA, individually and in the marital community,

10

Plaintiff,

v.

11

NATIONSTAR MORTGAGE LLC, a
Delaware limited liability company,

12

13

Defendant.

NO. 15-2-00356-2

**DECLARATION OF SERVICE**

14

15   I hereby declare under penalty of perjury of the laws of the State of Washington and

16   the United States of America that on this 24th day of July, 2015, I caused to be delivered a

17   copy of: (1) Notice of Issue; (2) Defendant's CR12(b)(6) Motion to Dismiss Plaintiff's

18   Complaint; (3) Request for Judicial Notice in Support of Defendant's CR 12(b0(6) Motion to

19   Dismiss Plaintiff's Complaint; (4) proposed order Granting Defendant's CR 12(b)(6) Motion

20   to Dismiss Plaintiff's Complaint; and (5) this Declaration of Service to the following in the

21   manner indicated:

22   Antoinette M. Davis                    [ ] By United States Mail
     ANTOINETTE M. DAVIS LAW, PLLC          [X] By Legal Messenger
23

24

25   DECLARATION OF SERVICE - 1

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

ORIGINAL

1    528 3rd Ave W, Ste 102                    [ ] By Federal Express
     Seattle, WA 98119                         [ ] By Facsimile
2    Attorneys for Plaintiff

3    Elizabeth Powell                          [ ] By United States Mail
     ELIZABETH POWELL PS INC                   [X] By Legal Messenger
4    535 Dock Street, Ste 108                  [ ] By Federal Express
     Tacoma, WA 98402                          [ ] By Facsimile
5    Attorneys for Plaintiff                   [X] By Email:powelllaw@comcast.net

6

7    Ha Thu Dao                                [ ] By United States Mail
     GRAND CENTRAL LAW, PLLC                   [X] By Legal Messenger
8    787 Maynard Ave S                         [ ] By Federal Express
     Seattle, WA 98104                         [ ] By Facsimile
9    Attorneys for Plaintiff                   [X] By Email: hadaojd@gmailcom

10

11   Signed this 25th day of July, 2015 at Seattle, Washington.

12                               Tamorah L. Burt, Legal Assistant
                                 BISHOP, MARSHALL & WEIBEL, P.S.
13                               720 Olive Way, Suite 1201
                                 Seattle, WA 98101
14

15

16

17

18

19

20

21

22

23

24

25   DECLARATION OF SERVICE - 2

**ORIGINAL**

REC'D & FILED
MASON CO. WA.

**2015 JUL 27 A 11: 49**

GINGER BROOKS, CO. CLERK

BY _____ DEPUTY

**SUPERIOR COURT OF WASHINGTON
FOR MASON COUNTY**

Martin Zazueta _____,
       Plaintiff/Petitioner

    vs.

Nationstar Mortgage LLC _____,
      Defendant/Respondent

No. __15-2-00356-2__

**NOTICE OF ISSUE**
(NTIS)

**AMENDED**

To:  Mason County Clerk
    __Martin Zazueta____, Plaintiff/Petitioner **or**
    __Nationstar Mortgage__, Defendant/Respondent
    __Barbara Bollero____, Attorney for __Defendant__
    _____ *Interpreter needed*

PLEASE TAKE NOTICE that the issue set for below will be called for HEARING on the
following date and time: **DATE:** __August 17, 2015__ **@ TIME:** __1:30 PM__

The Clerk of Court is requested to note this matter on the docket:

| |
|---|
| **Confirmation:** Confirm by e-mail at superiorcourt-confirm@co.mason.wa.us or by telephone at (360) 427-9670 ext. 346 as required pursuant to LCR 7 and LSPR 94.04. Mailing Address: Mason County Clerk, P.O. Box 340, Shelton, WA 98584. |
| **CIVIL MOTION:** Mondays at 1:30 p.m. for all civil matters<br>☒ Motion for Default    ☐ Motion for Summary Judgment    ☐ Show Cause<br>☐ Other Motion: |
| **DOMESTIC MOTION:** ☐ Motion for Default    ☐ Show Cause Hearing<br>☐ Decree of Dissolution ☐ Other Motion: _____<br>             ☐ Wednesday at 9:00 a.m. for attorney matters<br>             ☐ Wednesday at 1:30 p.m. for domestic violence/anti-harassment matters<br>             ☐ Friday at 9:00 a.m. for self-represented domestic matters without counsel |
| **PROBATE MOTION:** Wednesdays at 9:00 a.m.<br>☐ Probate of Will    ☐ Other Motion: _____ |
| **CRIMINAL MOTION:** Mondays at 9:00 a.m.<br>☐ Motion for: _____ |

Signed by: __/s// Antoinette M. Davis__    ☐ pro se  *or*  ☒ Attorney for __Martin Zazueta__
Address: __528 Third Ave. W. Suite 102 Seattle WA 98119__    Phone: __206-486-1011__

** PREPARED **
07-23-15 11:26

MASON COUNTY SUPERIOR COURT                PAGE   4
MONDAY, JULY 27, 2015
CIVIL MOTION CALENDAR
JUDGE DANIEL GOODELL/CLK V KING
*90 DAYS PRIOR DATE* APRIL 28, 2015

CD# M15-98

----------------------------------------------------------------------
----1:47
15-2-00267-1                                                    10.
HOOD CANAL SHELLFISH COMPANY ET AL  VS  DEPARTMENT OF NATURAL RESOURCES
                                        STATE OF WASHINGTON
SMITH, ROBERT MCDONAGH                  MOREY, JENNIFER E
                                        PANESKO, JOSEPH VINCENT

ORDER AUTHORIZING SURVEY

    Court admin will continue hearing

----------------------------------------------------------------------
----1:47
15-2-00356-2                                                    11.
ZAZUETA, MARTIN                     VS  NATIONSTAR MORTGAGE LLC
DAVIS, ANTOINETTE M                     BOLLERO, BARBARA L

MOTION FOR DEFAULT
CONF/DAVIS LAW/7-23/TEL/TO

    Strike per pla atty 7/27/15

----------------------------------------------------------------------
----
15-2-00382-1                                                    12.
HEART, BOBBE                        VS  COOPER, BESSIE ET AL
BONIN, JOHN ROBERT

SHOW CAUSE HEARING
CONFIRMED 7/23 BONIN PH VK

    Heard in Courtroom B by Judge Sheldon

REC'D & FILED
MASON CO. WA.

2015 JUL 30 P 12:49 (4)

GINGER BROOKS. CO. CLERK

BY _____ DEPUTY

**ORIGINAL**

STATE OF WASHINGTON
MASON COUNTY SUPERIOR COURT

MARTIN ZAZUETA, individually and in
the marital community

           Plaintiff,

    v.

NATIONSTAR MORTGAGE LLC, a
Delaware limited liability company,

           Defendant.

NO. 15-2-00356-2

PLAINTIFF'S OBJECTION TO
DEFENDANT'S REQUEST FOR
JUDICIAL NOTICE

14

## I.   RELIEF REQUESTED

Plaintiff hereby objects to Defendant, Nationstar Mortgage's Request for Judicial

Notice In Support Of Defendant's CR 12(b)(6) Motion To Dismiss Plaintiff's Complaint

("Request for Judicial Notice") relating to Defendant's assertion that Nationstar does not hold

a Washington Collection Agency licenses. Under ER 201(e) "a party is entitled upon timely

request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor

of the matter noticed." *See* ER 201(e). Judicial notice is not proper here because Defendant

PLAINTIFF'S OBJECTION TO DEFENDANT'S
REQUEST FOR JUDICIAL NOTICE

1

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

seeks judicial notice of a non-adjudicative fact. Pursuant to ER 201(e) Plaintiff asks that

Defendant's request be denied and terms be awarded to Plaintiff's.

## II.     ARGUMENT

A. JUDICIAL NOTICE UNDER ER 201 IS ONLY PROPER WHEN THE FACTS ARE ADJUDICATIVE AND GENERALLY KNOWN OR EASILY ASCERTAINABLE BY UNQUESTIONABLY ACCURATE SOURCES.

Under ER 201, "Judicial Notice of Adjudicative Facts," a Court should only take

judicial notice of a narrow kind of fact. First, the fact must be an adjudicative fact. "An

adjudicative fact is one that helps "explain who did what, when, where, how, and with what

motive and intent." Karl b. Tegland, Washington Practice: Evidence Law and Practice § 201.2

(5th ed. 2012). Put another way, "an adjudicative fact is the sort of fact that is normally

determined by the jury." *Id.* The Washington Supreme Court further explained "[a]n

adjudicative fact is a 'controlling or operative fact, rather than a background fact; a fact that

concerns the parties to a judicial or administrative proceeding and that helps the court or

agency determine how the law applies to those parties.'" *In re Disciplinary Proceeding*

*Against Sanai*, 177 Wn.2d 743, 753, fn. 3, 302 P.3d 864 (2013) (quoting Black's Law

Dictionary 669 (9th ed. 2009)).

Next, the types of adjudicative facts that a Court may take judicial notice of is limited

to those that are undisputed or easily authenticated. ER 201(b) states:

> A judicially noticed fact must be one not subject to reasonable dispute in that it
> is either (1) generally known within the territorial jurisdiction of the trial court
> or (2) capable of accurate and ready determination by resort to sources whose
> accuracy cannot reasonably be questioned.

ER 201(b). Thus, judicial notice is only appropriate when the fact is (1) adjudicative, and (2)

generally known or capable of accurate and ready determination by accurate sources.

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

B. **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED BECAUSE IT SEEKS JUDICIAL NOTICE OF A FACT THAT IS NOT ADJUDICATIVE.**

Whether or not Nationstar currently holds a Washington Collection Agency license is not material to Plaintiff's causes of action; therefore, it is not an adjudicative fact. As the Washington Supreme Court explained, adjudicative facts are "controlling or operative fact[s], rather than [] background facts." *In re Disciplinary Proceeding Against Sanai*, 177 Wn.2d at 753, fn. 3. Defendant's Request for Judicial Notice asks the Court to take notice that "Nationstar Mortgage LLC does not hold a Washington Collection Agency license." Defendant provides an unauthenticated results query from "State of Washington Department of Licensing Business Licensing Service Search Engine for Collection Agency license for both "Nationstar" and "Nationstar Mortgage LLC'" to show that Nationstar did not have a Washington Collection license as of *July 24, 2015*. See Defendant's Request for Judicial Notice at Docket #__. However, Plaintiff's causes of action arise out of actions Nationstar's acts in 2014, not 2015. *See* Plaintiff's Complaint for Injunctive Relief for Violations of the Washington Consumer Loan Act, Consumer Protection Act, and Collection Agency Act, *Inter Alia* (Filed July 6, 2015) at Docket #2.

Plaintiff's Complaint is not based upon whether Defendant *currently* holds a license. It instead deals with violations that occurred when it held a license. Thus, Defendant's Request for Judicial Notice seeks to have judicial notice taken of a fact that is not a controlling, relevant or operative fact in this action. Such a fact is not adjudicative. Thus, Defendant's Request for Judicial Notice request judicial notice of a fact that the Court cannot take judicial notice of and thus, should be denied.

PLAINTIFF'S OBJECTION TO DEFENDANT'S
REQUEST FOR JUDICIAL NOTICE

3

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

III.   CONCLUSION

Defendant's Request for Judicial Notice should be denied because it seeks judicial notice of a non-adjudicative fact. Plaintiff should be awarded terms for having to defend against this attempt by the Defendant to misrepresent the nature of the underlying suit.

Dated this 30th day of July, 2015.

/s/Antoinette M. Davis
Antoinette M. Davis WSBA #29821
ANTOINETTE M. DAVIS LAW, PLLC
528 3rd Avenue West, Suite 102
Seattle, WA 98119
Telephone:     206-486-1011
Facsimile:     206-905-5910

/s/ Ha Thu Dao
Ha Thu Dao, WSBA # 30152
GRAND CENTRAL LAW, PLLC
787 Maynard Avenue South
Seattle, WA 98104
Telephone:     727-269-9334
Facsimile:     727-264-2447

/s/ Elizabeth Powell
Elizabeth Powell, WSBA # 30152
ELIZABETH POWELL PS INC.
535 Dock Street, Suite 108
Tacoma, WA 98402
Telephone:     253-274-1518
Facsimile:     425-663-7939

PLAINTIFF'S OBJECTION TO DEFENDANT'S          4
REQUEST FOR JUDICIAL NOTICE

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

**ORIGINAL**

REC'D & FILED
MASON CO. WA.

2015 JUL 30 P 12: 49 (15)

GINGER BROOKS, CO. CLERK

BY _____ DEPUTY

STATE OF WASHINGTON
MASON COUNTY SUPERIOR COURT

| | |
|---|---|
| MARTIN ZAZUETA, individually and in the marital community<br><br>Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>Defendant. | NO. 15-2-00356-2<br><br>PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE |

## I.   RELIEF REQUESTED

Pursuant to ER 201, Plaintiff Martin Zazueta (hereinafter "Plaintiff" and /or "Zazueta")

hereby request the Court take judicial notice of (1) the fact that Defendant Nattionstar

Mortgage LLC (hereinafter "Defendant" or "Nationstar") is and at all relevant times was a

licensed collection agency; (2) the fact that the Department of Financial Institutions ("DFI")

found that Defendant Nationstar Mortgage LLC (hereinafter "Defendant" or "Nationstar")

1

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

violated the Consumer Loan Act ("CLA") in response to a complaint filed by Plaintiff that is the subject of the underlying action; and (3) the fact that Defendant Nationstar provided Plaintiff with inconsistent and erroneous information and documentation regarding the status of his mortgage loan, resulting in threats of foreclosure.

ER 201 allows for judicial notice of certain adjudicative facts. ER 201(a). An adjudicative fact is one that helps "explain who did what, when, where, how, and with what motive and intent." KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 201.2 (5th ed. 2012). "An adjudicative fact is a 'controlling or operative fact, rather than a background fact; a fact that concerns the parties to a judicial or administrative proceeding and that helps the court or agency determine how the law applies to those parties.'" *In re Disciplinary Proceeding Against Sanai*, 177 Wn.2d 743, 753, fn. 3, 302 P.3d 864 (2013) (quoting Black's Law Dictionary 669 (9th ed. 2009)). More simply put "an adjudicative fact is the sort of fact that is normally determined by the jury." WASHINGTON PRACTICE, *supra* at 201.2.

Judicial notice of an adjudicative fact may be taken at any stage of a proceeding. ER 201(f). Judicial notice is mandatory when requested by a party and supported with the necessary information. ER 201(d); *City of Seattle v. Peterson*, 693 P.2d 757, 39 Wn. App 524, 529, 693 P.2d 757 (1985).

Upon a party's request, a court must take judicial notice of adjudicative facts that are:

> not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

2

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

ER 201(b). Such facts include documents referenced in a complaint, which are recorded with a state entity and are a matter of public records. *See Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 726, 189 P.3d 168 (2008) (holding that documents referenced in a complaint that were public records and available through inquiry of a state agency are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).

## II.    REQUEST FOR JUDICIAL NOTICE OF FACTS

### A. DEFENDANT NATIONSTAR WAS A LICENSED COLLETION AGENCY.

<u>Fact No. 1</u>:  Nationstar Mortgage LLC was at all relevant times a Washington registered collection agency – particularly in 2014.

<u>Sources</u>: Washington State Department of Licensing ("DOL") Records and Email Communications, available from DOL, true and correct copies of which are attached hereto as Exhibit A.

1)    Print out results from State of Washington Department of Licensing Business Licensing Service Search Engine for Collection Agency license for "Nationstar Mortgage LLC" showing Nationstar Mortgage LLC's collection agency licensure, dated March 31, 2015, and accessed at: http://bls.dor.wa.gov/LicenseSearch/lqsLicenseDetail.aspx.

2)    Emails between Troy Lincoln, Department of Licensing, Customer Service Specialist, Collection Agencies, and Sam Leonard, Antoinette Davis Law, PLLC, Attorney (July 30, 2015 9:42-49 PST) (showing that Nationstar has been a licensed collection agency between June 1, 2001 and Present) (on file with author and DOL).

### B. DFI FOUND DEFENDANT NATIONSTAR VIOLATED THE CLA.

<u>Fact No. 2:</u>  On September 17, 2014, the Washington State Department of Financial Institutions ("DFI") found that Defendant Nationstar violated the Washington's Consumer Loan Act by engaging in unfair or deceptive practices.

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

<u>Sources:</u> DFI Records, available from DFI, true and correct copies of which are attached here as Exhibit B:

1)      Letter from Shana L. Oliver, DFI Financial Legal Examiner, to Nationstar Mortgage LLC, Compliance Department, Complaint No. 043769 (June. 19, 2014).

2)      Directive to Provide Documents and Explanation, *In the Matter of Investigating a Complaint Filed Under the Consumer Loan Act, Martin Zazueta v. Nationstar Mortgage LLC*, Complaint No. 043769, Department of Financial Institutions (June 19, 2014).

3)      The Department's Resolution and Closure of Complaint, *In the Matter of Investigating a Complaint Filed Under the Consumer Loan Act, Martin Zazueta v. Nationstar Mortgage LLC*, Complaint No. 043769, Department of Financial Institutions (Sept. 17, 2014).

## C. DFI FOUND DEFENDANT NATIONSTAR PROVIDED INCONSISTENT AND ERRONEIOUS INFORMATION.

<u>Fact No. 3:</u> Mortgage loan servicer Defendant Nationstar repeatedly provided Plaintiff Zazueta with inconsistent and erroneous information and documentation regarding the status of his mortgage loan as specifically outlined in the Department's Resolution and Closure of Complaint, resulting in Defendant Nationstar threatening foreclosure of Plaintiff Zazueta's home.

<u>Sources:</u> DFI Records, available from DFI, true and correct copies of which are attached here as Exhibit B:

1)      Letter from Shana L. Oliver, DFI Financial Legal Examiner, to Nationstar Mortgage LLC, Compliance Department, Complaint No. 043769 (June. 19, 2014).

2)      Directive to Provide Documents and Explanation, *In the Matter of Investigating a Complaint Filed Under the Consumer Loan Act, Martin Zazueta v. Nationstar Mortgage LLC*, Complaint No. 043769, Department of Financial Institutions (June 19, 2014).

3)      The Department's Resolution and Closure of Complaint, *In the Matter of Investigating a Complaint Filed Under the Consumer Loan Act, Martin Zazueta v. Nationstar*

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

1  *Mortgage LLC*, Complaint No. 043769, Department of Financial Institutions (Sept. 17,
2  2014).

3  Dated this 30th day of July, 2015.

4

5  /s/Antoinette M. Davis                     /s/ Elizabeth Powell
   Antoinette M. Davis WSBA #29821            Elizabeth Powell, WSBA # 30152
6  ANTOINETTE M. DAVIS LAW, PLLC              ELIZABETH POWELL PS INC.
   528 3rd Avenue West, Suite 102             535 Dock Street, Suite 108
7  Seattle, WA 98119                          Tacoma, WA 98402
   Telephone:206-486-1011                     Telephone:    253-274-1518
8  Facsimile: 206-905-5910                    Facsimile:    425-663-7939

9

10 /s/ Ha Thu Dao
   Ha Thu Dao, WSBA # 30152
11 GRAND CENTRAL LAW, PLLC
   787 Maynard Avenue South
12 Seattle, WA 98104
   Telephone:727-269-9334
13 Facsimile: 727-264-2447

14

15

16

17

18

19

20

21

22

23

24

25

26

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

# EXHIBIT A

Business Licensing Service:License Query Search



## State of Washington
# Business Licensing Service

Contact us | Forms | About us

Home | Start your business | Change or update your business information | How to renew your license

## Search Business Licenses

**License Information:**
**Entity Name:** NATIONSTAR MORTGAGE LLC
**Business Name:** CHAMPION MORTGAGE COMPANY
**License Type:** Washington State Business
**Entity Type:** Limited Liability Company
**UBI:** 602110305   Business ID:001   Location ID:0016
**Status:** To check the status of this company, go to Secretary of State and Department of Revenue.

**Location Address:**
ONE CONVENTION PLACE
701 PIKE ST FL 7
SEATTLE, WA, 98101-3924
View Additional Locations

**Mailing Address:**
8950 CYPRESS WATERS BLVD
COPPELL, TX, 75019-3924

|  | Status | Expires | First Issued |
|---|---|---|---|
| **Licenses Held at this location** | | | |
| Collection Agency | Active | 03/31/2015 | 12/27/2012 |
| **Registered Trade Names:** | | | |
| CENTEX HOME EQUITY COMPANY, LLC | Active | N/A | 04/20/2001 |
| CHAMPION MORTGAGE COMPANY | Active | N/A | 01/29/2007 |
| GREENLIGHT LOANS | Active | N/A | 05/02/2013 |

**Governing People:**
JAY BRAY
ROBERT STILES

Information Current as of 03/31/2015 6:44AM Pacific Time

New Search

This site is limited to searching for business licenses issued through the Washington State Business Licensing Service.

Contact us | Forms | About us | Privacy    ©2011 Washington State Department of Revenue and its licensors. All rights reserved.    AccessWashington

**Sam Leonard**

06/01/2001

**From:** Sam Leonard [mailto:Sam@toniedavislaw.com]
**Sent:** Thursday, July 30, 2015 9:48 AM
**To:** Lincoln, Troy (DOL)
**Subject:** RE: collection info

Sorry last question, when was that license first issued?

Thanks again,

Sam

**From:** Lincoln, Troy (DOL) [mailto:TLincoln@DOL.WA.GOV]
**Sent:** Thursday, July 30, 2015 9:46 AM
**To:** Sam Leonard
**Subject:** RE: collection info

No problem, yes that is correct.

*Troy Lincoln*

Department of Licensing
Customer Service Specialist
Collection Agencies
360-664-1388

**Skip a trip - go online**
http://www.dol.wa.gov

**From:** Sam Leonard [mailto:Sam@toniedavislaw.com]
**Sent:** Thursday, July 30, 2015 9:45 AM
**To:** Lincoln, Troy (DOL)
**Subject:** RE: collection info

Thanks Troy. Now just to confirm, is that UBI number is for Champion Mortgage doing business as Nationstar Mortgage LLC?

Thanks for your help,

Sam Leonard

1

There is currently a active collection agency license under UBI 602 110 305 expiring 03/2016

*Troy Lincoln*

Department of Licensing
Customer Service Specialist
Collection Agencies
360-664-1388

**Skip a trip - go online**
http://www.dol.wa.gov

**EXHIBIT B**



**STATE OF WASHINGTON**
# DEPARTMENT OF FINANCIAL INSTITUTIONS
**DIVISION OF CONSUMER SERVICES**
*P.O. BOX 41200 • Olympia, Washington 98504-1200*
*Telephone (360) 902-8703 • TDD (360) 664-8126 • FAX (360) 596-3868 • http://www.dfi.wa.gov/cs*

June 19, 2014

Nationstar Mortgage LLC
350 Highland Dr.
Lewisville, TX 75067
Attn: Compliance Department

RE: Complaint No. 043769

Dear Compliance Department:

A complaint has been opened against Nationstar. RCW 31.04.145 authorizes the Department to conduct an investigation of this complaint. Enclosed is a Directive issued under this authority. Carefully review the Directive. If you do not understand the directions, immediately call the Enforcement Unit at (360) 902-8703.

**Response to the Directive is not optional and must be completed within the timeframe stated. Failure to comply may result in further action by the Department.**

Once the Department assesses this complaint, the Department will notify you of its determination.

Sincerely,

Shana L. Oliver
Financial Legal Examiner

Enclosure

STATE OF WASHINGTON
DEPARTMENT OF FINANCIAL INSTITUTIONS
DIVISION OF CONSUMER SERVICES

| | |
|---|---|
| IN THE MATTER OF INVESTIGATING A COMPLAINT FILED UNDER THE CONSUMER LOAN ACT | Complaint No. 043769 |
| BY: Martin Zazueta, | DIRECTIVE TO PROVIDE DOCUMENTS AND EXPLANATION |
|                            Complainant, | |
| AGAINST:  Nationstar Mortgage LLC, | |
|                           Respondent. | |

THE STATE OF WASHINGTON TO:    Nationstar Mortgage LLC
                                      Attn:  Compliance Department

I.    A complaint has been opened against you.  The Department is investigating the complaint.

    1.  You must provide the Department with a detailed explanation of the allegations of the complaint and documents to substantiate your explanation.  These documents may include:
        a.  Default or foreclosure notices sent to the Complainant;
        b.  Mortgage statements;
        c.  Notices of refunds owing Complainant and proof of payment;
        d.  Notices sent to Complainant regarding collection of funds in escrow; and
        e.  The internal communication log documenting calls and correspondence with Complainant.
    2.  Additionally, you must provide the following for Complainant's property located at 21 E. Snowcrest Lane, Shelton, Washington:
        a.  Note and Deed of Trust, along with any Allonges or riders;
        b.  Payment / transaction history;
        c.  Any additional information which would assist the Department in its review of Complainant's allegations.

II.    **You must provide the above requested information to the Department by 5:00 p.m., July 4, 2014.**

| | |
|---|---|
| U.S. Mail: | Overnight Delivery: |
| Department of Financial Institutions | Department of Financial Institutions |
| Division of Consumer Services | Division of Consumer Services |
| Enforcement Unit | Enforcement Unit |
| P.O. Box 41200 | 150 Israel Rd SW |
| Olympia WA 98504 | Tumwater WA 98501 |

III. RCW 31.04.145: For the purposes of investigating violations or complaints arising under this chapter or securing information lawfully required under this chapter, the director may at any time, either personally or by a designee, investigate the loans and business and examine, wherever located, the books, accounts, records, and files used in the business of every licensee and of every person who is engaged in the business described in RCW 31.04.035, whether the person acts or claims to act as principle or agent, or under or without the authority of this chapter. For that purpose the director and designated representative shall have free access to the offices and places of business, books, accounts, papers, records, files, safes, and vaults of all such persons.



Served by mail:
Thursday, June 19, 2014

STATE OF WASHINGTON
DEPARTMENT OF FINANCIAL INSTITUTIONS
DIVISION OF CONSUMER SERVICES

| | |
|---|---|
| IN THE MATTER OF INVESTIGATING A COMPLAINT FILED UNDER THE CONSUMER LOAN ACT | Complaint No. 043769 |
| BY: Martin Zazueta,<br><br>Complainant, | THE DEPARTMENT'S RESOLUTION AND CLOSURE OF COMPLAINT |
| AGAINST: Nationstar Mortgage LLC,<br><br>Respondent. | |

As you were previously informed, a complaint has been filed against Respondent under chapter 31.04 RCW, the Consumer Loan Act (the Act). Complainant alleged that Respondent sent a foreclosure notice, that Complainant asked Respondent repeatedly to be sent statements, and that Respondent told him he would be getting a refund. Complainant also alleged that he went to pay his back taxes with the county and was advised that Respondent had paid them the day before. Complainant further stated that Respondent now wants to pay his taxes.

The Department of Financial Institutions Division of Consumer Services, under the authority of RCW 31.04.145, conducted a limited scope investigation into this matter. Based upon its investigation and the documents and statements provided by the parties, the Department makes the following determination:

RCW 31.04.027(2): Engaged, directly or indirectly, in an unfair or deceptive practice.

The Department requested documents from Respondent regarding Complainant's allegations. During the course of the Department's review, it noted several documents provided to the Complainant that were inconsistent or erroneous. For example, Respondent sent Complainant a "mortgage loan statement" dated August 11, 2014, in which Complainant was advised that the loan was current. The information provided over the phone to the Department's representative also was that Complainant's account was current. However, a few days later, Complainant received a letter from Respondent advising him that his "mortgage loan payment was past due, and [his] property may be referred to foreclosure fourteen (14) days after the date of this letter." Other documents created by Respondent and sent to the Complainant show repeated miscalculations in the escrow amount and other misinformation. Respondent has advised the Department that some of these confusing communications were attributable to a "break in the process," and others were automatically generated. Other communications that Complainant had with telephone representatives were similarly inconsistent with documents Respondent provided to Complainant.

Respondent's response to Complainant's allegations related to monthly mortgage statements is that Respondent had been sending the monthly mortgage statements via e-mail, and had not been sending paper statements to Complainant. Respondent states that it has sent all back statements to the Complainant and will continue to send paper statements to the Complainant in the future.

The confusion related to Complainant's taxes appears to stem from a difference in servicing standards between Respondent and Complainant's prior servicer. While the loan was being serviced by the prior servicer, Complainant often paid the property taxes late and would occasionally be delinquent by two or three mortgage payments and then reinstate the loan without significant penalty from the prior servicer. Respondent, however, is servicing the loan in strict accordance with the terms of the Note and the Deed of Trust. Pursuant to those documents, if a borrower does not pay the property taxes timely, Respondent is instructed to pay the delinquent taxes, to create an escrow account, and to begin collecting funds from Complainant to be placed in escrow for the payment of property taxes. This difference in servicing led to Respondent paying the delinquent taxes for all of 2013 and the first half of 2014, due April 2014, in May 2014. Soon thereafter, Complainant paid the other half of the property taxes, well before their due date in October 2014. The early payment of these property taxes, coupled with Complainant's delinquency related to confusion about creation of the escrow account, led to difficulty ascertaining Complainant's true payment amount. In August 2014, Respondent provided the Department with a reinstatement amount, which Complainant paid soon thereafter to bring the account current. As of the date of this Resolution and Closure, Complainant's account is current and due for the October 1, 2014, payment.

Respondent's repeated misinformation to Complainant constitutes an unfair or deceptive act or practice in violation of RCW 31.04.027(2). Respondent is expected to implement a system of controls designed to prevent future violations of the Act. The Department will review Respondent's efforts during Respondent's next examination to ensure compliance with the Act.

This resolution is not considered a formal administrative or enforcement action for purposes of NMLS disclosure reporting.

Accordingly, this Resolution and Closure of Complaint serves as notice that this complaint filed against Respondent is closed. However, the Department of Financial Institutions Division of Consumer Services retains the authority to reopen this complaint in the event that subsequent information comes to our attention relevant to this matter.

cc:    Martin Zazueta

Dated: Wednesday, September 17, 2014

Shana L. Oliver
Financial Legal Examiner 4 Supervisor

RE...
HAS ... **ORIGINAL**

2015 JUL 30 P 12: 49

GINGER BROOKS, CO. CLERK

BY _____ DEPUTY

(23)

1

2

3

4

5

6

7

8

9

STATE OF WASHINGTON

10     MASON COUNTY SUPERIOR COURT

11

12   MARTIN ZAZUETA, individually and in
     the marital community
13                                              NO.  15-2-00356-2
14              Plaintiff,
                                               RESPONSE TO DEFENDANT'S
15        v.                                   MOTION TO DISMISS

16   NATIONSTAR MORTGAGE LLC, a
     Delaware limited liability company,                    16
17

18              Defendant.

19              I.    RELIEF REQUESTED

20        COMES NOW, Plaintiff Martin Zazueta (hereinafter "Plaintiff" and/or "Zazueta"), by

21   and through his attorneys Antoinette M. Davis Law, PLLC, Grand Central Law, PLLC and

22   Elizabeth Powell PS Inc., and submits this opposition to Defendant Nationstar Mortgage

23   LLC's (hereinafter "Defendant" and/or "Nationstar") CR 12(b)(6) Motion to Dismiss because

24   Plaintiff has pled a "concise statement of the claim and the relief sought," consistent with the

25

26   RESPONSE TO DEFENDANT'S MOTION          1     **Antoinette M. Davis Law, PLLC**
     TO DISMISS                                    528 Third Avenue West, Suite 102
                                                   Seattle, WA 98119
                                                   Phone (206) 486-1011 | Fax (206) 905-5910

liberal notice pleading rules in Washington State. *See Pac. Nw. Shooting Park Ass'n v. City of Sequim,* 158 Wn.2d 342, 352, 144 P.3d 276 (2006); CR 8(a). More particularly, Plaintiff respectfully requests an Order denying Defendant Nationstar's dismissal motion because Plaintiff sufficiently pleads in his 17-page Complaint against Nationstar facts to support Plaintiff's Washington State Consumer Loan Act, RCW 31.04 et. seq. ("CLA"), Collection Agency Act, RCW 19.16 et. seq. ("CAA") and Consumer Protection Act, RCW 19.86 et. seq. ("CPA") causes of action, as well as Plaintiff's request for injunctive relief pursuant to RCW 4.12.020, 4.12.025, 4.28.180, 4.28.185, and 7.40.010.

Alternatively, Plaintiff requests the Court (1) continue Nationstar's motion until discovery is had; and/or (2) grant Plaintiff leave to amend his Complaint, if necessary.

## II. STATEMENT OF FACTS[1]

### A. THE PARTIES.

#### 1. Defendant Nationstar.

Defendant Nationstar is a Delaware limited liability company conducting business in the State of Washington and the County of Mason under UBI No. 602110305. *See* Docket #2 at ¶2.4. As a default servicer, Defendant Nationstar regularly collects third-party debts from consumers in Washington State. *Id.* at ¶2.5. Defendant Nationstar also holds a Washington State Collection Agency License doing business under other names. *Id.* at ¶2.6; *see also* DOL Collection Agency Licensing Confirmation for Defendant Nationstar attached as Exhibit A to Plaintiff's Request for Judicial Notice. These facts qualify Defendant Nationstar as a "collection agency" and a "licensee" as defined by the CAA, a "business" as defined by the

---

[1] The facts outlined herein are based upon those averred in the underlying Complaint.

RESPONSE TO DEFENDANT'S MOTION 2
TO DISMISS

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

CPA, and a "licensee" under the CLA, consistent with Defendant Nationstar's conduct at all times relevant to Plaintiff's Complaint. *Id*. at ¶2.7.

### 2. Plaintiff Zazueta.

Plaintiff Martin Zazueta ("Plaintiff" and/or "Zazueta") is a resident of Mason County, Washington. *See* Docket #2 at ¶2.1. Plaintiff is the borrower of a mortgage loan secured by his residence for which Defendant Nationstar serves as default servicer. *Id*. at ¶ 2.2. Plaintiff is therefore a "debtor" as defined by the CAA, a "borrower" as defined by the CLA, and a "consumer" as defined by the CPA, and Plaintiff acted as a "debtor," "borrower," and a "consumer" at all times relevant to this litigation. *Id*. at ¶2.3.

### B. THE CONSUMER TRANSACTION & COLLECTION ACTIVITY.

This case exemplifies the tragedy of mortgage servicing abuses that lead to foreclosure despite no failure of the consumer. *See* Docket #2 at ¶4.1. It also one of those rare cases where the offending conduct of the financial institution caught the attention of the state regulator which then investigated and issued formal findings. See Docket #2 at ¶¶ 4-15 through-4-17. In this case, Defendant Nationstar did not send Plaintiff mortgage statements when he requested and when they finally did, the mortgage statements were misleading, inconsistent and the amounts represented within were inaccurate. *Id*. at ¶4.2.

Additionally, Defendant Nationstar verbally provided Plaintiff with misleading and inconsistent information when he called to obtain details regarding his mortgage loan, including any amounts due. *Id*. at ¶4.3. The conflicting and inconsistent information given by Defendant Nationstar, in their entirety, rendered Plaintiff unable to determine the status of his residential mortgage loan and decipher the amounts due and the escrow balance. *Id*. at ¶4.4.

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

1    In June 2014, Plaintiff received from Defendant Nationstar a Notice of Pre-Foreclosure

2    Options, warning that he only had thirty (30) days to respond and if he failed to do so "a notice

3    of default may be issued and [he] may lose [his] home in foreclosure." *Id.* at ¶4.5. Defendant

4
     Nationstar sent this June 12, 2014, pre-foreclosure notice after months of Plaintiff requesting
5
     Defendant Nationstar to send him hardcopies of monthly mortgage statements via mail, to no
6
7    avail. *Id.* at ¶4.6. In fact, during one such telephonic discussion wherein Plaintiff made the

8    same request of Defendant Nationstar, Plaintiff was told by Defendant Nationstar that it only

9    sends monthly statements in hardcopy as a "courtesy" and it is not required to do so. *Id.* at

10   ¶4.7. On at least one other occasion when Plaintiff requested hardcopies of his monthly

11
     mortgage statement, he was told by Defendant Nationstar they were "in the mail." However,
12
     these mortgage statements–if in fact were mailed by Defendant Nationstar– never reached
13
14   Plaintiff. *Id.* at ¶4.8.

15   The reason for Plaintiff's repeated requests to Defendant Nationstar for hardcopies of

16   his monthly mortgage statements was to the June 12, 2014 pre-foreclosure notice, Plaintiff had

17   received another pre-foreclosure notice, which according to Defendant Nationstar, was sent to

18   Plaintiff and numerous other consumers in error. *Id.* at ¶4.9. Finally, after sending Plaintiff

19
     the June 2014 pre-foreclosure notice, Defendant Nationstar sent Plaintiff a "mortgage loan
20
     statement" dated August 11, 2014, in which it advised that his loan was current. *Id.* at ¶4.10.
21
22   However, a few days later, still in the month of August, Defendant Nationstar sent yet another

23   pre-foreclosure notice advising Plaintiff that the "mortgage loan payment was past due, and

24   your property may be referred to foreclosure fourteen (14) days after the date of this letter."

25   *Id.* at ¶4.11. During the same timeframe, Defendant Nationstar bombarded Plaintiff with

26

telephone calls and correspondence regarding collection and foreclosure assistance – though he was not under foreclosure. *Id.* at ¶4.12. Other documents sent by Defendant Nationstar to Plaintiff contained repeated miscalculations with regard to escrow balances, as well as other misinformation about the account. *Id.* at ¶4.13.

Simultaneous with these written correspondence issued by Defendant Nationstar, Plaintiff had spoken with Defendant Nationstar over the phone many times whereupon Defendant Nationstar provided information which conflicted with information provided in writing by Defendant Nationstar. *Id.* at ¶4.14.

Being frustrated and exasperated by Defendant Nationstar's inability to be forthright with him, on or about June 18, 2014, Plaintiff filed with the Washington Department of Financial Institution Division of Consumer Services ("DFI") a complaint against Defendant Nationstar hoping to expedite his quest for information. *Id.* at ¶4.15. DFI is the state agency charged with regulating and examining a variety of state chartered financial services, as well as providing education and outreach to protect consumers from financial fraud. *Id.* at ¶4.16. DFI opened File No. 043769, and commenced an investigation based on Plaintiff's complaint. *As a result of its investigation and response from Defendant Nationstar, on or about September 17, 2014, DFI issued its findings that Defendant Nationstar in fact engaged, directly or indirectly, in an unfair or deceptive practice in violation of the Washington Consumer Loan Act, RCW 31.04.027(2).* *Id.* at ¶4.17; *see also* DFI Documents attached as Exhibit B to Plaintiff's Request for Judicial Notice.

C. INJURY TO PLAINTIFF.

As a result of Defendant Nationstar's conduct, for the weeks and months that Plaintiff

RESPONSE TO DEFENDANT'S MOTION
TO DISMISS

5

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

was communicating with Defendant Nationstar and trying desperately to get a handle of his mortgage loan, including time spent lodging his complaint with DFI, he lost money as this substantial amount of time was time Plaintiff could have been working. Additionally, Plaintiff incurred telephone charges, internet fees, fax fees, office supplies and postage. Plaintiff also paid for mileage and parking relating to appointments he had with an attorney (not counsel of record) in his effort to ferret out Defendant Nationstar's conflicting claims about his mortgage loan account. Plaintiff also has been experiencing ongoing emotional distress, including but not limited to frustration, anxiety, sleeplessness and embarrassment. *Id.* at ¶4.18.

### III.  STATEMENT OF ISSUES

1. Whether Defendant Nationstar's 12(b)(6) motion should be denied where Plaintiff has pled more than sufficient facts to support each of his claims.

### IV.  EVIDENCE RELIED UPON

This response motion is based upon the Plaintiff's Complaint, Plaintiff's Request for Judicial Notice, with Exhibits attached thereto incorporated herein by reference, Plaintiff's Objection to Defendant's Request for Judicial Notice, also incorporated herein by reference, the pleadings, and argument of the parties presented before or at the hearing of this motion.

### V.  LEGAL AUTHORITY & ANALYSIS

#### A.  LEGAL STANDARD.

Washington is a notice pleading state. This means a simple concise statement of the claim and the relief sought is sufficient. *See Pacific Northwest Shooting Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 352, 144 P.3d 276 (2006) (citing CR 8(a)). "[P]leadings are to be liberally construed; their purpose is to facilitate a proper decision on the merits, not to erect

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

formal and burdensome impediments to the litigation process." *See State v. Adams,* 107 Wn.2d 611, 620, 732 P.2d 149 (1987). A motion to dismiss for failure to state a claim must be denied unless plaintiff can present no facts, including hypothetical facts, which would entitle plaintiff to relief. *See Halvorson v. Dahl,* 89 Wn.2d 293, 545 P.2d 13 (1975); *see also Eugster v. State,* 259 P. 3d 146, 149 (2011); *Atchison v. Great Western Malting Co.,* 161 Wn.2d at 376, 166 P.3d 662 (2007) (quoting *Cutler v. Phillips Petroleum Co.,* 124 Wn.2d 749, 755, 881 P.2d 216 (1994)); *see also Kinney v. Cook,* 159 Wn.2d 837, 842, 154 P.3d 206 (2007) (dismissal is warranted only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove any set of facts which would justify recovery); *Halvorson,* 89 Wn.2d at 674. "More to the point, on a motion to dismiss, the court does not consider evidence. It considers the allegations of the complaint and documents subject to judicial notice." *Knecht v. Fid. Nat'l Title Insurance Co.,* 2013 U.S. Dist. LEXIS 38814, *12 (W.D. Wash. 2013); *see also Jackson v. Quality Loan Serv. Corp.,* 347 P.3d 487, 491 (Div. I, 2015). Thus, the bar is exceedingly high for Defendant Nationstar to convince this Court that dismissal is warranted.

Notably, in its Motion to Dismiss, Defendant Nationstar incorrectly employs the legal standard set forth under Federal Rule of Civil Procedure 12(b)(6), which requires dismissal of a complaint when plaintiffs "have not nudged their claims across the line from conceivable to plausible." *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007): *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Washington State Supreme Court has expressly rejected the notion that the state courts should adopt *Twombly* and *Iqbal. See McCurry v. Chevy Chase Bank, FSB,* 169 Wn.2d 96, 101–02, 233 P.3d 861 (2010). The federal standard stands in stark contrast with

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

the State standard of CR 12(b)(6), which holds that dismissal is appropriate *only if it appears*

*beyond doubt that the plaintiffs cannot prove any set of facts which would justify recovery.*

McCurry; *see also Tenore v. AT & T Wireless Servs.*, 136 Wn.2d 322, 329–30, 962 P.2d 104

(1998), *cert. denied*, 525 U.S. 1171, 119 S.Ct. 1096, 143 L.Ed.2d 95 (1999). As a result, for

purpose of Defendant Nationstar's motion, this Court must accept Plaintiff's Complaint

allegations as true, and consider all facts, including hypothetical facts not included in the

record, dismissing only when it appears that Plaintiff cannot prove his claims, beyond a

reasonable doubt. *See Tenore*, 136 Wn.2d at 330, 962 P.2d 104.

Moreover, Washington's notice pleading system allows plaintiffs to "use the discovery

process to uncover the evidence necessary to pursue their claims." *See Putman v. Wenatchee*

*Valley Med. Ctr., P.S.*, 166 Wn.2d 974, 983, 216 P.3d 374 (2009); *cf. Bryant v. Joseph Tree,*

*Inc.*, 119 Wn.2d 210, 222, 829 P.2d 1099 (1992) ("The notice pleading rule contemplates that

discovery will provide parties with the opportunity to learn more detailed information about

the nature of a complaint."); *see also Mose v. Mose*, 4 Wn. App. 204, 209, 480 P.2d 517

(1971) ("the notice pleading concept inherent in the rules anticipates that the issues to be tried

will be delineated by pretrial discovery"). As such, even if the Court finds Plaintiff's

Complaint to be deficient for any reasons, the proper remedy is to allow Plaintiff leave to

amend, and not to grant a dismissal as urged by Defendant Nationstar.

B. PLAINTIFF'S CLAIMS AGAINST DEFENDANT NATIONSTAR HAVE BEEN
   SUFFICIENTLY PLED.

   1. Defendant Violated the Consumer Loan Act.

      a. Plaintiff sufficiently pled facts to support his CLA claim.

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

RCW 31.04.208, the CLA was enacted because "the legislature finds that the practices governed by this chapter are **matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW.** Any violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair and deceptive act or practice and unfair method of competition in the conduct of trade or commerce in violation of RCW 19.86.020. Remedies provided by chapter 19.86 RCW are cumulative and not exclusive." *See* Docket #1 at ¶5.2, *emphasis added.* In other words, the CLA is a statute grounded upon an expressed public interest; it does not supplant the Consumer Protection Act but complements it.

The CLA specifies that "[i]t is a violation of this chapter for a licensee, its officers, directors, employees, or independent contractors, or any other person subject to this chapter to (1) Directly or indirectly employ any scheme, device, or artifice to defraud *or mislead any borrower*, to defraud or mislead any lender, or to defraud or mislead any person[;]." Further, the statute prohibits the same parties from "[d]irectly or indirectly engage in any unfair or deceptive practice toward any person." RCW 31.04.027(1) and (2). *Id.* at ¶5.3.

The Statute defines a "person" to mean "individuals, partnerships, associations, limited liability companies, limited liability partnerships, trusts, corporations, and all other legal entities." RCW 31.04.015(18). *Id.* at ¶5.4. A "'[l]icensee' means a person to whom one or more licenses have been issued." RCW 31.04.015(10). *Id.* at ¶5.5. Pursuant to the CLA, a "'[l]icense' means a single license issued under the authority of this chapter with respect to a single place of business." RCW 31.04.015(9). *Id.* at ¶5.6. Pursuant to the CLA, "'[s]ervice or servicing a loan' means on behalf of the lender or investor of a residential mortgage loan: (a)

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

1  [c]ollecting or receiving payments on existing obligations due and owing to the lender or

2  investor, including payments of principal, interest, escrow amounts, and other amounts due; (b)

3  collecting fees due to the servicer; . . . (d) otherwise finalizing collection through the

4  foreclosure process; . . ." RCW 31.04.015(26). *Id.* at ¶5.7.

5

6      Plaintiff is a "person" under the CLA because he is an individual. *Id.* at ¶5.8.

7  Defendant Nationstar is a "licensee" under the CLA because it is in the business of servicing

8  mortgage loans that are purportedly in default. Defendant Nationstar has been issued a

9  "license" to service residential mortgage loans on behalf of the lender or investor. *Id.* at ¶5.9.

10  Defendant Nationstar engaged, directly or indirectly in the prohibited conduct of misleading

11  Plaintiff as borrower, by repeatedly providing Plaintiff with inconsistent or erroneous

12  documentation and information, including but not limited to escrow balances and the status of

13  the mortgage account. Defendant Nationstar's act of misleading the Plaintiff and preventing

14  him from determining the status and balances of his mortgage loan, is both unfair and

15

16  deceptive. *Id.* at ¶5.10. DFI, having investigated the underlying facts of Defendant

17  Nationstar's conduct and its formal response, has so declared Defendant Nationstar to be in

18  violation of the CLA. *Id.* at ¶5.11.

19
          b.  DFI's authority and findings against Defendant Nationstar are binding.
20
21      On or about June 18, 2014, Plaintiff Zazueta filed with the DFI a complaint against

22  Defendant Nationstar based upon the facts described herein. *Id.* at ¶4.15. DFI is responsible

23  for regulating and examining a variety of state chartered financial services, as well as

24  providing education and outreach to protect consumers from financial fraud. *Id.* at ¶4.16. DFI

25  is also the "Director" as defined under RCW 31.04.015. As Director, DFI has "the power, and

26  RESPONSE TO DEFENDANT'S MOTION          10
    TO DISMISS

broad administrative discretion, to administer and interpret this chapter to facilitate the delivery

of financial services to the citizens of this state by consumer loan companies, <u>residential

mortgage loan servicers</u>, and mortgage loan originators subject to this chapter," RCW

31.04.165, and "may take such action as provided for in this chapter to enforce, investigate, or

examine persons covered by chapter 19.144 RCW." RCW 31.04.168. When an agency has

the responsibility to interpret a statute, courts should defer to the agency's interpretation. *See

Sebastian v. Department of Labor & Indus.*, 142 Wn.2d 280, 291–92, 12 P.3d 594 (2000).

After investigation of Plaintiff Zazueta's Complaint, on or about September 17, 2014,

DFI determined, based on the conduct as described above, that Defendant Nationstar engaged,

directly or indirectly, in an unfair or deceptive practice in violation of RCW 31.04.027(2). *Id.*

at ¶4.17. Specifically, DFI determined Defendant Nationstar's "repeated misinformation to

[Plaintiff Zazueta] constitutes an unfair and deceptive act or practice in violation of RCW

31.04.027(2)," and further directed Defendant Nationstar "to implement a system of controls

designed to prevent future violations of the Act." *See* Plaintiff's Request for Judicial Notice.

In fact, DFI notified Defendant Nationstar that it will be reviewing their efforts during their

next examination to ensure compliance with the Act." *Id.*

Washington courts generally accord substantial deference to agency decisions. *Wash.

Fed'n of State Employees v. Dep't of Gen. Admin.*, 152 Wn.App. 368, 378, 216 P.3d 1061

(2009); *Whatcom Cnty v. W. Wash. Growth Mgmt. Hearing Board*, 186 Wn.App. 32, 57, 344

P.3d 1256 (2015) ("We do so because courts generally 'accord deference to an agency

interpretation of the law where the agency has specialized expertise in dealing with such

issues.'"). In this case, where the DFI has so determined the facts and the law concerning

RESPONSE TO DEFENDANT'S MOTION
TO DISMISS

11

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

Defendant Nationstar's conduct via its Resolution and Closure of Complaint issued on September 17, 2014, such determination is not a mere allegation but prima facie proof that the violation was committed by Defendant Nationstar affecting Plaintiff's interest and that such violation constituted an unfair or deceptive act or practice . *Gorre v. City of Tacoma*, 180 Wn.App. 729, 324 P.3d 716 (2015) (the superior court may treat the Board of Industrial Insurance Appeals's decision as "prima facie correct"); *Smith v. Employment Sec. Dept.* 155 Wn.App. 24, 32, 226 P.3d 263 (2010) (The appellate court considers an Employment Security Department Commissioner's decision to be prima facie correct and the burden of demonstrating the invalidity of agency action is on the party asserting invalidity).

Markedly, Defendant Nationstar's motion to dismiss fails to acknowledge, let alone challenge DFI's investigation and findings. Rather, Defendant Nationstar's counsel revealed in a footnote that "Nationstar does not and/or has been unable to locate the alleged DFI 'determination' and, despite repeated requests, Plaintiff has refused to provide a copy." *See* Docket 8 at 3, n. 3. Curiously, where Plaintiff was able to obtain DFI's file via a simple request for public records disclosure, Defendant Nationstar has failed to do the same. *See* Exhibit B to Plaintiff's Request for Judicial Notice that shows the DFI investigation spanned more than a three (3) month period during which Defendant Nationstar provided records and repeatedly responded to the agency. Perhaps the only plausible explanation or excuse of Defendant Nationstar's claim of not being able to locate a copy of the agency's correspondence is that much like its dealings with the Plaintiff, Defendant Nationstar is extremely disorganized and careless in all aspects of its business as a mortgage loan servicer.

Nonetheless, it is because of Defendant Nationstar's conduct that Plaintiff has suffered

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

1 | injury and damages including attorney's fees that he incurred and paid before filing this lawsuit

2 | because of Defendant Nationstar's conduct. *Id*. at ¶5.12. Defendant Nationstar's

3 | unwillingness to be forthright with Plaintiff directly and proximately caused any and all

4 | inflation of Plaintiff's mortgage account. *Id*. at ¶5.13. Defendant Nationstar's actions were

5 | intentional, willful, wanton, unfair, unconscionable, and/or outrageous. *Id*. at ¶5.14 Defendant

6 | Nationstar's actions illustrate why an injunction is necessary to protect Plaintiff and other

7 | Washington debtors/consumers from similar harm. *Id*. at ¶5.15.

8 | 

9 | In its attempt to obfuscate the issue, as a red herring, Defendant Nationstar points the

10 | Court to the provision of the CLA that mandates that escrow collecting loan servicers, "shall

11 | collect and make all such payments from the escrow account and ensure that no late penalties

12 | are assessed or other negative consequences result for the borrower" and exclaimed that it has

13 | not violated such provision. *See* Defendant's Motion to Dismiss at 9:12-18. Yet, Plaintiff did

14 | plead that he struggled to obtain information from Defendant Nationstar concerning various

15 | amounts within his mortgage loan and that these amounts were rendered inaccurate because of

16 | the conflicting or inconsistent communication issued by Defendant Nationstar. The Escrow

17 | Account is only one part of Plaintiff's mortgage loan that Defendant Nationstar has messed up.

18 | Further, DFI's Resolution of Closure of Complaint dated September 17, 2014 contains the

19 | finding that due to Defendant Nationstar's mishandling of Plaintiff's account, overpayments of

20 | property taxes caused the escrow account to be created and its balance was inaccurate and

21 | wrong. *See* Exhibit B. Thus, Plaintiff has sufficiently pleaded his claim that Defendant

22 | Nationstar violated the CLA under both the alleged provision or the provision that Defendant

23 | Nationstar argues is applicable.

RESPONSE TO DEFENDANT'S MOTION     13     **Antoinette M. Davis Law, PLLC**
TO DISMISS                                                      528 Third Avenue West, Suite 102
                                                                Seattle, WA 98119
                                                                Phone (206) 486-1011 | Fax (206) 905-5910

1    These facts are prima facie proof of Defendant's Nationstar's violation of RCW 31.04

2    et. seq.; dismissal is simply improper.

3        2.  Defendant Violated the Collections Agency Act.

4            a.  Defendant Nationstar is a Licensee.

5

6    Defendant's contention regarding Plaintiff's CAA claim is misplaced and wrong.  To

7    bolster their argument, they seek judicial notice determining Defendant Nationstar is not a

8    licensed collections agency.  *See* Docket #9.  Particularly, Defendant Nationstar requests the

9    Court take judicial notice of a July 24, 2015, screenshot downloaded from the website of the

10   Department of Licensing, which shows "no records found."  *Id.*  However, the evidence they

11   present to the Court to make that determination is misleading and irrelevant.  *See* Plaintiff's

12   Objection to Defendant's Request for Judicial Notice; *see also* Plaintiff's Request for Judicial

13   Notice.

14

15   Defendant Nationstar was at all times relevant to Plaintiff Zazueta's Complaint a

16   licensed collections agency.  *Id.*  It is rudimentary that websites change and pages are removed.

17   It is also rudimentary that one's licensing status could change from time to time depending on

18   many factors including failure to pay licensing fees or due to administrative actions.  Whether

19   Defendant Nationstar is a licensee today, in July of 2015, is a non sequitur.  It is not relevant,

20   let alone dispositive of Plaintiff's Complaint which contains violations committed by the

21   licensee prior to July of 2015. Defendant Nationstar's so-called judicial notice proof fails to

22

23   support its dismissal motion because the Court must consider, hypothetically, that Defendant

24   Nationstar was in fact licensed in 2014 when it committed the violations.

25   More important, however, is the fact that as pointed out in Plaintiff's Request for

26
RESPONSE TO DEFENDANT'S MOTION          14     **Antoinette M. Davis Law, PLLC**
TO DISMISS                                     528 Third Avenue West, Suite 102
                                               Seattle, WA 98119
                                               Phone (206) 486-1011 | Fax (206) 905-5910

1  Judicial Notice, not only was Defendant Nationstar a licensed collections agency as of March

2  31, 2015, but it remains a licensed collections agency according to the DOL. *See* Exhibit A to

3  Plaintiff's Request for Judicial Notice. Defendant is a licensed collections agency.

4

5

        b. As a Licensee, Defendant Nationstar engaged in unfair practices.

6

7         Contrary to their assertion of exemption, and as expressly declared in Plaintiff's

8  Complaint, Defendant Nationstar is a Washington-licensed Collection Agency and is therefore

9  a "Collection Agency," a "person" and a "licensee" for purposes of the CAA. *See* Docket #2

10  at ¶6.6. When Defendant submitted to the Act by becoming a licensee, it became a

11  Washington licensed collections agency and is therefore, subject to the requirements of a

12  licensee. Pursuant to RCW 19.16.440 of the CAA ". . . the commission by a licensee or an

13  employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be

14  unfair acts or practices or unfair methods of competition in the conduct of trade or commerce

15  for the purpose of the application of the [CPA] found in chapter 19.86 RCW." RCW

16

17  19.16.440. *See* Docket #2 at ¶6.2.

18         Pursuant to RCW 19.16.440 of the CAA ". . . the commission by a licensee or an

19  employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be

20  unfair acts or practices or unfair methods of competition in the conduct of trade or commerce

21  for the purpose of the application of the [CPA] found in chapter 19.86 RCW." RCW

22

23  19.16.440. *See* Docket #1 at ¶6.2. RCW 19.16.100(2) states that " 'Collection agency' means

24  and includes...[a]ny person directly or indirectly engaged in soliciting claims for collection, or

25  collecting or attempting to collect claims owed or due or asserted to be owed or due another

26  RESPONSE TO DEFENDANT'S MOTION          15    **Antoinette M. Davis Law, PLLC**
    TO DISMISS                                      528 Third Avenue West, Suite 102
                                                    Seattle, WA 98119
                                                    Phone (206) 486-1011 | Fax (206) 905-5910

person." *Id.* at ¶6.3. RCW 19.16.100(1) states that a "Person" . . . "includes individual, firm, partnership, trust, joint venture, association, or corporation." *Id.* at ¶6.4. RCW 19.16.100(9) states that a "licensee" . . . "means any person licensed under this chapter." *Id.* at ¶6.5.

Defendant Nationstar, for purposes of this lawsuit, at all times relevant herein, applied for and was in fact licensed by the State of Washington as a Collection Agency doing business under other names and is therefore a "Collection Agency," a "person" and a "licensee" for purposes of the CAA. *Id.* at ¶6.6. Plaintiff alleges in his Complaint that Defendant Nationstar declared default status and attempted to place Plaintiff's property in foreclosure which means that Defendant Nationstar became the default servicer and not the original lender or creditor. Even though Defendant Nationstar's licensing is prima facie proof of Defendant Nationstar's status as a Collection Agency, it is also permissible for the Court to consider a set of hypothetical facts within which Defendant Nationstar was acting as a collection agency on behalf of another, which is the lender of Plaintiff's Loan. The alleged debt in this case is a "claim" as defined by RCW 19.16.100(5) because it is an "obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied." *Id.* at ¶6.7. Plaintiff is a "debtor" as defined by RCW 19.16.100(11) because Defendant Nationstar alleges that Plaintiff owed a "claim." *Id.* at ¶6.8.

The CAA states that it is an unfair practice to: "Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made." RCW 19.16.250(16). *Id.* at ¶6.9. The CAA also states that it is an unfair practice to: "Communicate with the debtor and represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other

RESPONSE TO DEFENDANT'S MOTION
TO DISMISS

16

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor." RCW 19.16.250(15). (Emphasis added.) *Id.* at ¶6.10. It is also a prohibited practice to "[c]ollect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute." RCW 19.16.250(21). *Id.* at ¶6.11.

Defendant Nationstar violated RCW 19.16.250(15), (16) and (21) when it attempted to collect more than, or an amount different from, what was actually owed on the account, and in doing so, imposing unwarranted foreclosure related fees and threatened foreclosure proceedings. *Id.* at ¶6.12. Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. *Id.* at ¶6.14. By declaring Plaintiff's loan to be in default or under foreclosure using inaccurate or incorrect figures, Defendant Nationstar violated the enumerated provisions of the CAA.

The CAA states that violations of RCW 19.16.250 is a *per se* violation of the Washington State Consumer Protection Act. RCW 19.16.440. *Id.* at ¶6.15. Thus, Plaintiff is entitled to recover including treble damages, for his injuries and damages including attorney's fees and costs because of Defendant Nationstar's *per se* violations. *Id.* at ¶6.16. Defendant Nationstar's actions are a direct and proximate cause of Plaintiff's injuries and damages. *Id.* at ¶6.17. Defendant Nationstar's actions were not inadvertent or *de minimis* but were intentional, willful, wanton, unfair, unconscionable, and/or outrageous. *Id.* at ¶6.18. Given Defendant Nationstar's corporate size, its business of servicing mortgage loan, and the broad scope of the harm inflicted by Defendant Nationstar, the impact of its unfair and deceptive conduct upon

RESPONSE TO DEFENDANT'S MOTION 17
TO DISMISS

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

1  Plaintiff and other Washington debtors/consumers is enormous and warrants the Court's grant

2  of injunctive relief. *Id.* at ¶6.19.

3      3.  Nationstar Violated the Consumer Protection Act.

4      Under the CPA, Plaintiff must prove each of the following five elements: (1) an unfair

5  or deceptive act or practice; (2) in trade or commerce; (3) an impact on the public interest; (4)

7  an injury to each plaintiff in his or her business or property; and (5) causation. *See Hangman*

8  *Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 780, 719 P.2d 531

9  (1986).  Under the first, second, and third elements, Plaintiff alleges that while he looked to

10  Defendant Nationstar to obtain accurate information about his mortgage loan—the largest

11  financial investment of one's life - Defendant Nationstar deliberately and continually misled

12  him by providing conflicting and inaccurate information both orally and in writing. *Id.* at ¶7.3.

13  In so doing, Defendant Nationstar effectively caused Plaintiff's loan to be in delinquent status

15  and thus in danger of foreclosure when it should not have been. *Stephens v. Omni Ins. Co.*, 138

16  Wn. App. 151, 159 P.3d 10 (2007); *Panag v. Farmers Ins. Co. of WA*, 166 Wn.2d 27, 204 P.3d

17  885 (2009) (Collection agency's notices on behalf of insurers which created the impression

18  that the stated amounts due were for debts owed and sent to collection even though all the

19  insurers had were tort claims were unfair and deceptive); *Keyes v. Bollinger*, 31 Wn. App. 286,

20  640 P.2d 1077 (1982) (A contractor engages in an "unfair or deceptive" act by "estimating" or

22  representing probable completion or repair dates to purchasers, with which "estimates" he is

23  unable to substantially comply due to reasons which should be reasonably foreseeable in light

24  of the contractor's knowledge and experience).

25      To prove that Defendant Nationstar's verbal and written communication to Plaintiff are

26  RESPONSE TO DEFENDANT'S MOTION          18
TO DISMISS

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

deceptive, Plaintiff does not need to prove either intent to deceive or actual deception. *See Testo v. Russ Dunmire Oldsmobile*, 16 Wn. App. 39, 50-51, 554 P.2d 349 (1976). Rather, the question is whether Defendant Nationstar's conduct has the capacity to deceive a substantial portion of the public. *Hangman Ridge*, 105 Wn.2d at 785-86. In this case, based on DFI's investigation and conclusion that Defendant Nationstar had so engaged in unfair and deceptive conduct in its dealing with Plaintiff, the Court reaches but one conclusion and that is the Complaint is worthy and the causes of action cannot be dismissed. *See Panag, supra.* (for purposes of a citizen suit under the CPA, in evaluating the tendency of language to deceive, a court should consider the language as an unsophisticated reader would read it). *See Peterson v. Kitsap Cmty. Fed. Credit Union*, 171 Wn. App. 404, 287 P.3d 27 (2012) (same). Lastly, the Consumer Loan Act, of which Defendant Nationstar has been found to violate, is a legislature-declared public interest Act. Defendant Nationstar's business is undoubtedly conducted in trade or commerce and impacting an important public interest. *See Meyer v. U.S. Bank (In re Meyer)*, 506 B.R. 533, 549 (W.D. Wash. 2014) ("There can be no serious question that the actions of NWTS [foreclosing trustee] relative to the Meyers' foreclosure action and the other foreclosures handled by NWTS in the State of Washington occurred in trade or commerce.").

As to the fourth and fifth elements of the *Hangman* test, to establish injury and causation in a CPA claim, Plaintiff is not required to prove that he was actually deceived. It is sufficient to establish the deceptive act or practice proximately caused injury to Plaintiff's "business or property." If the deceptive act actually induces a person to remand payment that is not owed, that will, of course, constitute injury. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 340, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979) ("'A person whose property is diminished by a

RESPONSE TO DEFENDANT'S MOTION      19      **Antoinette M. Davis Law, PLLC**
TO DISMISS                                            528 Third Avenue West, Suite 102
                                                      Seattle, WA 98119
                                                      Phone (206) 486-1011 | Fax (206) 905-5910

payment of money wrongfully induced is injured in his property.'" (quoting *Chattanooga Foundry & Pipe Works v. City of Atlanta*, 203 U.S. 390, 396, 27 S. Ct. 65, 51 L. Ed. 241 (1906)).

Plaintiff has pleaded that he has suffered monetary damages as a result of Defendant Nationstar's conduct. Money spent "[c]onsulting an attorney to dispel uncertainty regarding the nature of an alleged debt" is recoverable. *See Panag*, 166 Wn.2d at 62. Where Plaintiff spent his money matters as to causation because the Washington Supreme Court instructs that "[i]f investigative expense would have been incurred regardless of whether a violation existed, causation cannot be established." *See Panag*, 166 Wn.2d at 64, 204 P.3d 885. Conversely, where the consumer incurs expenses and time loss because he needed to confirm or dispel the representations within the communication issued by the lender/servicer, his damages were caused by the unlawful conduct. *Id.*

In addition to the specific and consequential damages suffered by Plaintiff, Defendant Nationstar actually induced default and foreclosure of Plaintiff's loan by repeatedly evading Plaintiff's request for accurate information of the account. Its delay in providing Plaintiff with the information necessary to maintain good standing of his account caused inflation of the account by way of fees and costs that were unwarranted. The inflation affects any equity that Plaintiff may have in the property.

Because the CPA addresses "injuries" rather than "damages," quantifiable monetary loss is not required. *See Panag*, 166 Wn.2d at 58. A CPA plaintiff can establish injury based on unlawful debt collection practices even where there is no dispute as to the validity of the underlying debt. *Id.* at 55-56 & n.13. Where a business demands payment not lawfully due,

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

the consumer can claim injury for expenses he or she incurred in responding, even if the consumer did not remit the payment demanded. *Id.* at 62 ("Consulting an attorney to dispel uncertainty regarding the nature of an alleged debt is distinct from consulting an attorney to institute a CPA claim. Although the latter is insufficient to show injury to business or property, the former is not." (citations omitted)). The injury element can be met even where the injury alleged is both minimal and temporary. *See Mason v. Mortg. Am., Inc.*, 114 Wn.2d 842, 854, 792 P.2d 142 (1990). *See Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 431, 334 P.3d 529 (2014). Here, Plaintiff has sufficiently pleaded his injuries and damages, which are both on-going.

As to the emotional distress that Plaintiff has been suffering as a result of Defendant Nationstar's conduct, Washington Court of Appeals has upheld the trial court's award for such emotion distress suffered in connection with a wrongful repossession of a vehicle. *See Sherwood v. Bellevue Dodge*, 35 Wn.App. 741, 669 P.2d 1258 (1983). Alternatively, where Defendant Nationstar's conduct sufficient outrageous to give rise to a tort claim, Plaintiff prays the Court to allow him leave to amend his Complaint to include the tort claim because the facts alleged sufficiently support the same.

VI.     CONCLUSION

Based on the foregoing reasons, Plaintiff Zazueta respectfully requests that this Court deny Defendant Nationstar's motion to dismiss, or alternatively, to allow Plaintiff leave to amend and to conduct discovery.

Dated this 30th day of July, 2015.

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

/s/*Antoinette M. Davis*
Antoinette M. Davis WSBA #29821
ANTOINETTE M. DAVIS LAW, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Telephone:    206-486-1011
Facsimile:    206-905-5910

/s/ *Ha Thu Dao*
Ha Thu Dao, WSBA # 30152
GRAND CENTRAL LAW, PLLC
787 Maynard Avenue South
Seattle, WA 98104
Telephone:    727-269-9334
Facsimile:    727-264-2447

/s/ *Elizabeth Powell*
Elizabeth Powell, WSBA # 30152
ELIZABETH POWELL PS INC.
535 Dock Street, Suite 108
Tacoma, WA 98402
Telephone:    253-274-1518
Facsimile:    425-663-7939

RESPONSE TO DEFENDANT'S MOTION
TO DISMISS

22

## PROOF OF SERVICE

I, Rebecca A. Hernández, declare as follows:

1. I am a citizen of the United States and of the State of Washington, over the age of 21 years, not a party to the above-entitled action and competent to be a witness.

2. On July 30, 2015, I caused to be served a true and correct copy of the following: Note on Plaintiff's Response to Motion to Dismiss; Plaintiff's Objection to Defendant's Request for Judicial Notice; Plaintiff's Request for Judicial Notice; with Exhibits attached thereto, and the proposed Order Denying Defendant's Motion to Dismiss upon:

| | |
|---|---|
| Barbara L. Bollero, attorney for Nationstar<br>Marshall & Weibel<br>720 Olive Way, Suite 1201<br>Seattle, WA 98101<br>Fax 206-622-0354 | (  ) U.S. MAIL, POSTAGE PREPAID<br>(  ) HAND DELIVERY<br>(  ) OVERNIGHT MAIL<br>(  ) FACSIMILE<br>(X) MESSENGER |

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

DATED this 30th day of July, 2015, at Seattle, Washington.

*/s/ Rebecca A. Hernández*

RESPONSE TO DEFENDANT'S MOTION
TO DISMISS

23

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

REC'D & FILED
MASON CO. WA.

2015 AUG -3 P 12: 20  ( b )

GINGER BROOKS, CO. CLERK

BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

MARTIN ZAZUETA, individually and in the marital community,

           Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

           Defendant.

NO. 15-2-00356-2

**NOTICE OF PARTIAL WITHDRAWAL OF NATIONSTAR'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S CR 12(b)(6) MOTION TO DISMISS, OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE, AND SUB-JOINED DECLARATION OF COUNSEL**

17

## I.    NATIONSTAR WITHDRAWS ITS JUDICIAL NOTICE REQUEST CONCERNING CAA LICENSING AND TERMS ARE NOT WARRANTED

     In conjunction with its CR 12(b)(6) Motion to Dismiss, Defendant Nationstar Mortgage LLC requested the Court take judicial notice that it does *not* hold a Washington Collection Agency license. That request was based on information provided by Nationstar to

NOTICE OF PARTIAL WITHDRAWAL OF NATIONSTAR'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S CR 12(b)(6) MOTION TO DISMISS, OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE, AND SUB-JOINED DECLARATION OF COUNSEL - 1

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

ORIGINAL

1   its counsel, and its counsel's online research by Nationstar's name of Collection Agency

2   licenses on the State of Washington's Business Licensing Service database. After the

3   dismissal motion was served, Plaintiff's counsel corresponded with Nationstar's counsel

4   stating that Nationstar possessed such a license.

5       That correspondence caused Nationstar's counsel to perform additional research on

6   the State of Washington's Business Licensing Service website. On that subsequent search,

7   Nationstar's counsel searched by Nationstar's UBI number rather than its name, as she had

8   previously. On that further search, the name of Champion Mortgage Company with a

9   trade name of Centex Home Equity Company, LLC was returned as holding a Collection

10  Agency license. However, the same entities were also shown to be licensed as whitewater

11  rafters, marijuana dispensaries, architects, etc., which appears clearly unlikely in fact,

12  given Nationstar's business as a mortgage loan servicer.

13      At that time Nationstar's counsel first concluded that the Business Licensing

14  Service website search engine is apparently *not* a "source[]" whose accuracy cannot

15  reasonably be questioned" under ER 201(b). Consequently, less than 24 hours after

16  receiving Plaintiff's counsel correspondence, Nationstar's counsel advised Plaintiff's

17  counsel of her newly-formed belief that the Business Licensing Service website search

18  engine is not reliable. She further advised Plaintiff's counsel of her intention to withdraw

19  Nationstar's Request for Judicial Notice of Fact Two. This communication was made

20  before Plaintiff's Objection to Defendant's Request for Judicial Notice was served.

21

22

23

24

25

NOTICE OF PARTIAL WITHDRAWAL
OF NATIONSTAR'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF
DEFENDANT'S CR 12(b)(6) MOTION
TO DISMISS, OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL
NOTICE, AND SUB-JOINED
DECLARATION OF COUNSEL - 2

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1    Nationstar hereby withdraws its Request for Judicial Notice of Fact Two. On these

2    facts, Plaintiff's request for terms is unsupported, unwarranted, and should be denied.

## II.    PLAINTIFF'S JUDICIAL NOTICE REQUEST OF CAA LICENSING IS UNSUPPORTED UNDER ER 201(b) AND SHOULD BE DENIED

For the same reasons that prompted Nationstar's partial withdrawal of its Request

for Judicial Notice of its Collections Agency licensing status, Plaintiff's similar request

must be denied. Judicial notice may be taken *only* when a fact is "*not* subject to reasonable

dispute in that it is … capable of accurate and ready determination by resort to *sources*

*whose accuracy **cannot reasonably** be questioned*." ER 201(b) (emphasis supplied).

The Business Licensing Service website search engine does *not* qualify as a

"*source[] whose accuracy **cannot reasonably** be questioned*," for three reasons. First, it is

apparent that the identical search provided contradictory information. Nationstar's search

by its own name returned *no* Collection Agency license results. Nationstar's search by its

own UBI number returned results – but not by any specific type of license – for Champion

Mortgage Company with a trade name of Centex Home Equity Company, LLC. Plaintiff's

apparently identical search, however, appears to show a Collection Agency license exists

or previously existed for Champion Mortgage Company, but under Nationstar's UBI

number.

Even if Nationstar's contradictory search results are disregarded, Plaintiff's own

sources do not qualify as ones "*whose accuracy **cannot reasonably** be questioned*,"

because they are internally inconsistent, and reflect differing information. Plaintiff's

website print-out shows Greenlight Loans as a trade name for Champion Mortgage

NOTICE OF PARTIAL WITHDRAWAL
OF NATIONSTAR'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF
DEFENDANT'S CR 12(b)(6) MOTION
TO DISMISS, OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL
NOTICE, AND SUB-JOINED
DECLARATION OF COUNSEL - 3

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1   Company. That name does not appear anywhere on Nationstar's repeated searches.

2       Even more significant, Plaintiff's website print-out shows that the Collection

3   Agency license held at the Pike Street location for Champion Mortgage Company expires

4   on March 31, *2015*. But that information is directly contradicted by *both* Plaintiff's

5   Request for Judicial Notice ("Nationstar has been a licensed collection agency between

6   June 1, 2001 and *Present*" (emphasis supplied)) and the ostensible supporting evidence

7   ("There is currently a active collection agency license ... expiring 03/*2016*." (Emphasis

8   supplied.)).

9       Given the several inconsistencies in the documents presented in support of both

10   Nationstar's and Plaintiff's judicial notice requests, it is apparent the Business Licensing

11   Service website search engine does *not* qualify as a "*source[] whose accuracy **cannot***

12   ***reasonably** be questioned,*" under ER 201(b) (emphasis supplied). The Court should

13   refuse to take judicial notice of Plaintiff's requested Fact No. 1 concerning Nationstar's

14   licensing as a Collection Agency.

15
16   **III.    NATIONSTAR DOES NOT OBJECT TO PLAINTIFF'S JUDICIAL NOTICE REQUEST OF DFI'S DETERMINATION, IF RE-WORDED**

17       In connection with Plaintiff's Request for Judicial Notice, for the first time

18   Nationstar's counsel has now been provided a copy of and reviewed the Washington State

19   Department of Financial Institutions ("DFI") determination referenced in Plaintiff's

20

21

22

23

24

25

NOTICE OF PARTIAL WITHDRAWAL
OF NATIONSTAR'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF
DEFENDANT'S CR 12(b)(6) MOTION
TO DISMISS, OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL
NOTICE, AND SUB-JOINED
DECLARATION OF COUNSEL - 4

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

Complaint.[1]

The DFI determination speaks for itself. To the extent Plaintiff's judicial notice request of his proposed Fact No. 2 rewords the DFI's determination as written, Nationstar objects. Nationstar has no objection to the Court judicially noticing the following:

"On September 17, 2014, the Washington State Department of Financial Institutions ('DFI') made the following written determination: Respondent's misinformation constitutes an unfair or deceptive practice in violation of RCW 31.04.027(2)."

## IV. PLAINTIFF'S JUDICIAL NOTICE REQUEST SUMMARIZING DFI'S DETERMINATION IS OVERBROAD AND SHOULD BE DENIED

As with its response to Plaintiff's proposed Fact No. 2, Nationstar does not object to the Court judicially noticing the existence and content of DFI's determination. After all, the document is referenced in Plaintiff's Complaint and the Court is entitled to review it in considering Nationstar's dismissal motion. *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 726, 189 P.3d 168, 176 (2008) ("Documents whose contents are alleged in a complaint but which are not physically attached to the pleading may also be considered in ruling on a CR 12(b)(6) motion to dismiss.").

But as noted in Nationstar's response to Plaintiff's requested Fact No. 2, the DFI determination speaks for itself. Plaintiff's proposed Fact No. 3 rewords the DFI's

---

[1] Nationstar does not have and/or was unable to locate the DFI determination and, despite repeated requests, Plaintiff's counsel refused to provide a copy to Nationstar's counsel. Nationstar immediately propounded discovery to Plaintiff to obtain a copy. Plaintiff's discovery responses are due on August 17, 2015.

NOTICE OF PARTIAL WITHDRAWAL
OF NATIONSTAR'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF
DEFENDANT'S CR 12(b)(6) MOTION
TO DISMISS, OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL
NOTICE, AND SUB-JOINED
DECLARATION OF COUNSEL - 5

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1    determination by attributing causation and threatening behavior to Nationstar. The DFI

2    determination draws no such conclusions, and none are stated.

3        Consequently, the Court may judicially notice and consider the DFI determination

4    itself; it should not, however, take judicial notice of Plaintiff's proposed rewritten

5    summarization of that determination, as requested in Plaintiff's proposed Fact No. 3.

6                                    **V.    CONCLUSION**

7        For all the foregoing reasons, Defendant Nationstar Mortgage LLC respectfully

8    requests this Court enter an Order as follows:

9        1.      Denying Nationstar's Request for Judicial Notice of its proposed Fact No. One

10   as withdrawn;

11       2.      Granting Nationstar's Request for Judicial Notice of its proposed Fact No.

12   Two as unopposed;

13       3.      Denying Plaintiff's Request for Judicial Notice of his proposed Fact No. 1 as

14   unsupported under ER 201(b);

15       4.      Granting Plaintiff's Request for Judicial Notice of his proposed Fact No. 2

16   with the modifications unopposed by Nationstar; and

17       5.      Denying Plaintiff's Request for Judicial Notice of his proposed Fact No. 3,

18   while taking notice of the existence and content of DFI's determination.

19       Respectfully submitted this 30th day of July, 2015.

20                                MARSHALL & WEIBEL, P.S.

21                                *Barbara L. Bollero*

22                                Barbara L. Bollero, WSBA No. 28906

23   NOTICE OF PARTIAL WITHDRAWAL              MARSHALL & WEIBEL, P.S.
     OF NATIONSTAR'S REQUEST FOR                  720 OLIVE WAY, SUITE 1201
24   JUDICIAL NOTICE IN SUPPORT OF            SEATTLE, WASHINGTON 98101-1801
     DEFENDANT'S CR 12(b)(6) MOTION             206/622-5306  FAX:  206/622-0354
25   TO DISMISS, OPPOSITION TO
     PLAINTIFF'S REQUEST FOR JUDICIAL
     NOTICE, AND SUB-JOINED
     DECLARATION OF COUNSEL - 6

**SUB-JOINED DECLARATION OF COUNSEL**

I, Barbara L. Bollero, declare and state as follows:

1.    I am an attorney duly licensed to practice before all the courts of the State of Washington and have borne the primary responsibility for representing Defendant Nationstar Mortgage LLC since its appearance was first entered in this litigation.   I have personal knowledge of the facts attested in this Declaration and, if called to testify, believe I could and would competently do so.

2.    All references in the foregoing pleading to "Nationstar's counsel" are to me.

3.    All factual averments in the foregoing pleading concerning Nationstar's counsel, licensing research, discovery, and communications with Plaintiff's counsel are true and accurate of my personal knowledge.

4.    A true and correct copy of my email to Plaintiff's counsel concerning my newly-formed belief that the State of Washington's Business Licensing Service website search engine is not reliable and the reasons for that belief, dated July 30, 2015, is attached hereto.

5.    I sent Plaintiff's counsel the attached email nearly three hours before receiving Plaintiff's Objection to Defendant's Request for Judicial Notice, and less than 24 hours after receiving Plaintiff's counsel's correspondence asserting Nationstar held a Collections Agency license.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

NOTICE OF PARTIAL WITHDRAWAL
OF NATIONSTAR'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF
DEFENDANT'S CR 12(b)(6) MOTION
TO DISMISS, OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL
NOTICE, AND SUB-JOINED
DECLARATION OF COUNSEL - 7

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1  Dated this 30th day of July, 2015, at Seattle, Washington.

2  *Barbara L. Bollero*

3  Barbara L. Bollero, WSBA No. 28906

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  NOTICE OF PARTIAL WITHDRAWAL                    MARSHALL & WEIBEL, P.S.
24  OF NATIONSTAR'S REQUEST FOR                          720 OLIVE WAY, SUITE 1201
    JUDICIAL NOTICE IN SUPPORT OF                     SEATTLE, WASHINGTON 98101-1801
25  DEFENDANT'S CR 12(b)(6) MOTION                     206/622-5306 FAX: 206/622-0354
    TO DISMISS, OPPOSITION TO
    PLAINTIFF'S REQUEST FOR JUDICIAL
    NOTICE, AND SUB-JOINED
    DECLARATION OF COUNSEL - 8

## Barbara Bollero

| | |
|---|---|
| **From:** | Barbara Bollero |
| **Sent:** | Thursday, July 30, 2015 11:12 AM |
| **To:** | Ha Dao (hadaojd@gmail.com) |
| **Cc:** | 'Elizabeth Powell'; Tammie Burt |
| **Subject:** | FW: Zazueta v. Nationstar |
| **Attachments:** | Letter to Bolero 7.29.15.pdf |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | Ha Dao (hadaojd@gmail.com) | |
| | 'Elizabeth Powell' | |
| | Tammie Burt | Delivered: 7/30/2015 11:11 AM |

Ms. Dao –

I have reviewed and considered the few factual assertions in your attached correspondence. Having been licensed to practice law in five states and engaging in that practice for over 30 years, rest assured I am well familiar with CR 11, due diligence, and condor to the tribunal requirements, and am quite comfortable that I violated none of them in filing Nationstar's dismissal motion and associated pleadings.

However, your letter did cause me to perform additional research on the State of Washington's Business Licensing Service website. When that search is performed by Nationstar's UBI no., rather than its name as I had performed previously, the name of Champion Mortgage Company with a trade name of Centex Home Equity Company, LLC is returned as holding a Collection Agency license. However, the same entities are also shown to be licensed as whitewater rafters, marijuana dispensaries, architects, etc., which clearly they are not.

In short, it now appears to me that the BLS website search engine is not reliable. As such, I intend to withdraw Nationstar's Request for Judicial Notice of Fact Two, and will so inform the Court of that fact at the hearing on Monday, if not before. Should Nationstar choose to strike consideration of its dismissal motion, I will inform you as soon as I am made aware of its determination.

I have passed along your compliments to Ms. Shrader.

Regards,
Barb

**Barbara L. Bollero | Attorney**

 **Marshall & Weibel, P.S.**
720 Olive Way, Suite 1201, Seattle, WA 98101
Telephone (206)622-5306 | Ext.5918 | Fax (206)-622-0354
Email: BBollero@bwmlegal.com
www.bwmlegal.com

NOTICE: OUR LAW FIRM ENGAGES IN DEBT COLLECTION. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the

1

sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

**From:** Ha Dao [mailto:hadaojd@gmail.com]
**Sent:** Wednesday, July 29, 2015 1:22 PM
**To:** Barbara Bollero; Elizabeth Powell
**Subject:** Zazueta v. Nationstar


--
**Ha Thu Dao, Esq.**
**Licensed to practice in FL & WA**
**AV rated**
**Member of NACA & NACBA**
**Graduate of National Institute of Trial Advocacy**
**Direct Phone: (727) 269-9334**
**Direct Fax: (727) 264-2447**

**GRAND CENTRAL LAW, PLLC**
**787 Maynard Ave South**
**Seattle, WA 98104**

**GRAND CENTRAL LAW, PLLC**
**507 22nd Ave N**
**Saint Petersburg, FL 33704**

NOTE:The information contained in this electronic e-mail transmission and any attachments are intended only for the use of the individual or entity to whom or to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any dissemination, distribution, copying or disclosure of this communication and any attachment is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by telephone or electronic mail, and delete the original communication and any attachment from any computer, server or other electronic recording or storage device or medium. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client, physician-patient or other privilege. Thank you.

REC'D & FILED
MASON CO. WA.

2015 AUG -3 P 12: 20 (9)

GINGER BROOKS, CO. CLERK

BY _____DEPUTY

1

2

3

4

5

6       IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
        IN AND FOR THE COUNTY OF MASON
7

8   MARTIN ZAZUETA, individually and in the
    marital community,
9
                                              |  NO. 15-2-00356-2
10                  Plaintiff,                |
            v.                                |  **NATIONSTAR'S REPLY TO**
11                                            |  **PLAINTIFF'S RESPONSE TO**
    NATIONSTAR MORTGAGE LLC, a                |  **DEFENDANT'S CR 12(b)(6)**
12  Delaware limited liability company,       |  **MOTION TO DISMISS**
                                              |  **PLAINTIFF'S COMPLAINT**
13                  Defendant.                |

14

15                                                          18

16          **I.    INTRODUCTION AND RELIEF REQUESTED**

17          Plaintiff's Response to Defendant Nationstar Mortgage LLC's CR 12(b)(6) Motion

18  to Dismiss: (1) argues *new* facts which do *not* appear in Plaintiff's Complaint; (2) fails to

19  rebut Nationstar's legal authorities; and (3) incorrectly cites inapposite case authorities.

20  Because a dismissal motion must be decided on the facts alleged in the four corners of the

21  Complaint and any documents referenced within it, Mr. Zazueta has not sufficiently

22  pleaded his claims. His Complaint should be dismissed.

23

24

25  NATIONSTAR'S REPLY TO                    MARSHALL & WEIBEL, P.S.
    PLAINTIFF'S RESPONSE TO                  720 OLIVE WAY, SUITE 1201
    DEFENDANT'S CR 12(b)(6)                  SEATTLE, WASHINGTON 98101-1801
    MOTION TO DISMISS                        206/622-5306 FAX: 206/622-0354
    PLAINTIFF'S COMPLAINT - 1    ORIGINAL

## II. PLAINTIFF *CANNOT* PLEAD AN ACTIONABLE CAA CLAIM

**A.** **Loan Servicers are *Excluded* from Being CAA "Collection Agencies".**

Due to the failure of both parties to cite sources "whose accuracy *cannot reasonably* be questioned" under ER 201(b) (emphasis supplied), Nationstar has withdrawn its request that the Court judicially notice it is *not* licensed as a Collections Agency, and opposes Plaintiff's judicial notice request that Nationstar *is* so licensed. Because the evidence on the issue differs, that determination must await summary judgment or trial. Accordingly, Nationstar also withdraws its dismissal arguments based solely on its lack of such a license.

Nevertheless, Plaintiff entirely fails to rebut Nationstar's remaining arguments and case law citations. Significantly, RCW 19.16.100(5)'s exclusion to the CAA's definition of "collection agency" applies to loan servicers. *Rose v. Recontrust Co., N.A., et al,* 2013 WL 1703335, *4 (E.D. Wash., April 18, 2013) ("Whether or not [Plaintiffs' statement] amounts to an acknowledgment that [their loan servicer is] *not* [a] 'collection agenc[y]' and therefore *exempt ...,* this court finds that Defendants are so exempt ...." (Emphasis supplied.)); *Amini v. Bank of America Corp., et al,* 2012 WL 398636, *8 (W.D. Wash., Feb. 7, 2012) ("The facts alleged ... lead to only one conclusion: ... *[the loan servicer] is expressly excluded from the statutory definition of 'collection agency.'"* (Emphasis supplied.)).

Mr. Zazueta's Complaint pleads that Nationstar is his mortgage loan servicer. Because loan servicers are statutorily excluded from the definition of "collection agencies" to which the CAA applies, the CAA does not apply to Nationstar. Accordingly – and

NATIONSTAR'S REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 2

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1    *regardless* whether it is a CAA licensee – Nationstar *cannot* be liable for violating the

2    CAA.

3        Plaintiff attempts to overcome this defect in his pleading by asserting: "Defendant

4    Nationstar declared default status and attempted to place Plaintiff's property in foreclosure

5    which means that Defendant Nationstar became the default servicer and not the original

6    lender or creditor." [Response, p. 16, ll. 8-10.] But Mr. Zazueta cannot have his cake and

7    eat it too.

8        The entire basis of Mr. Zazueta's Complaint is that he was *not* in default, but

9    Nationstar sent him communications stating that he was.[1]  Accepting the Complaint's

10   allegations as true, as the Court must, Nationstar could *not* become a "default servicer"

11   allegedly subject to the CAA, as Plaintiff argues, because Plaintiff was *not* in default. His

12   CAA claim should be dismissed with prejudice.

13   **B.    The CAA does *Not* Provide a Private Cause of Action.**

14       Mr. Zazueta pleads his CAA claim as a separate cause of action.  But regardless of

15   the parties' arguments concerning Nationstar's licensing status and Mr. Zazueta's default

16   status, the simple fact is that there is no private cause of action under the CAA. *See, Paris*

17   *v. Steinberg & Steinberg,* 828 F.Supp.2d 1212, 1218 (W.D. Wash. 2011) ("[T]he WCAA

18   does not recognize any liability separate from the CPA."); *Connelly v. Puget Sound*

19   *Collections, Inc.,* 16 Wash. App. 62, 64-65, n. 1, 553 P.2d 1354 (1976) ("Under the

20   Collection Agency Act, it appears that only the attorney general or the local prosecuting

21

22   _____

     [1] Notably, Plaintiff's Response reverses course twice again by asserting, "Defendant Nationstar *effectively*
     *caused* Plaintiff's loan to be in delinquent status[,]" and "Defendant Nationstar *actually induced default* …
23   of Plaintiff's loan[.]" [Response, p. 18, ll. 13-14; p. 20, ll. 15-17 (emphasis supplied).]

24

25   NATIONSTAR'S REPLY TO                    MARSHALL & WEIBEL, P.S.
     PLAINTIFF'S RESPONSE TO                     720 OLIVE WAY, SUITE 1201
     DEFENDANT'S CR 12(b)(6)                 SEATTLE, WASHINGTON 98101-1801
     MOTION TO DISMISS                        206/622-5306  FAX:  206/622-0354
     PLAINTIFF'S COMPLAINT - 3

1  attorney 'may bring an action' to restrain a violation of that act."); *Genschorck v. Suttell &*

2  *Hammer, P.S.,* 2013 WL 6118678, *3 (E.D. Wash. Nov. 21, 2013) *reconsideration denied*

3  *sub nom. Genschorck v. Suttel & Hammer, P.S.,* 2014 WL 186766 (E.D. Wash. Jan. 16,

4  2014) ("The WCAA ... does not provide a private right of action on its own.").

5      Instead, a private claim under the CAA exists only to the extent it may be a CPA

6  violation and a CPA claim is filed. "The remedy for a WCAA violation is through the

7  WCPA ...." *Genschorck, supra,* 2013 WL 6118678 at *3; *also see, Panag v. Farmers Ins.*

8  *Co. of Washington,* 166 Wn.2d 27, 53, 204 P.3d 885 (2009) ("When a violation of debt

9  collection regulations occurs, it constitutes a per se violation of the CPA ....").

10     Because the CAA does *not* provide a private cause of action, Mr. Zazueta's CAA

11 claim should be dismissed with prejudice.

12     **III.    PLAINTIFF *CANNOT* PLEAD AN ACTIONABLE CLA CLAIM**

13 **A.    *No CLA Claim has Been Sufficiently Pleaded Against Nationstar.***

14     Nationstar's dismissal motion argues that Plaintiff's CLA violation cause of action

15 is not sufficiently pleaded against Nationstar to survive dismissal. It cites *McKenna v.*

16 *Commonwealth United Mtg.,* 2008 WL 4379582, *5-6 (W.D. Wash. Sept. 23, 2008) for

17 authority that when no *specific* facts supporting a CLA violation are alleged, dismissal of a

18 CLA claim against the loan servicer is warranted.

19     In opposition, Plaintiff does not rebut *any* of Nationstar's authorities. Instead, he

20 relies *solely* on the DFI determination – a document which was *not* attached to his

21 Complaint and which Nationstar's counsel first received and reviewed, despite repeated

22 requests of Plaintiff's counsel, mere hours before drafting this Reply.

23

24

25 NATIONSTAR'S REPLY TO                    MARSHALL & WEIBEL, P.S.
   PLAINTIFF'S RESPONSE TO                  720 OLIVE WAY, SUITE 1201
   DEFENDANT'S CR 12(b)(6)                  SEATTLE, WASHINGTON 98101-1801
   MOTION TO DISMISS                        206/622-5306 FAX: 206/622-0354
   PLAINTIFF'S COMPLAINT - 4

Case 3:15-cv-05882-RJB   Document 9-1   Filed 10/26/16   Page 127 of 222

1       Mr. Zazueta cites only five case law authorities in arguing that this Court must

2   "defer" to that DFI determination or accept it as "prima facie" evidence.   Each of the

3   citations is incorrect, overstated, or inapposite.   Further, the Court must accept the

4   allegations of Plaintiff's Complaint as pleaded *regardless* what the DFI determination

5   states or does not state.  *Rodriguez v. Loudeye Corp.,* 144 Wn. App. 709, 717-18, 189 P.3d

6   168 (2008) (In ruling on a dismissal motion "[a]ll facts alleged in the plaintiff's complaint

7   are presumed true … [b]ut the court is not required to accept the complaint's legal

8   conclusions as true.").

9       First, without informing the Court, Plaintiff cites the *dissenting* opinion in

10  *Sebastian v. State, Dep't of Labor & Indus.,* 142 Wn.2d 280, 291, 12 P.3d 594 (2000) for

11  the proposition that: "When an agency has the responsibility to interpret a statute, courts

12  should defer to the agency's interpretation."   [Response, p. 11, ll. 5-8.]   In fact, the

13  *Sebastian* decision emphasizes that deference is granted *only* when the statute is

14  *ambiguous.*  *Id.*  Plaintiff has not argued any ambiguity in the CLA here.

15      Second, Mr. Zazueta asserts that "Washington courts generally accord substantial

16  deference to agency decisions[,]" citing *Washington Fed'n. of State Employees v. State*

17  *Dep't. of Gen. Admin.,* 152 Wn. App. 368, 378, 216 P.3d 1061 (2009) and *Whatcom Cnty.*

18  *v. W. Washington Growth Mgmt. Hearing Bd.,* 186 Wn. App. 32, 57-58, 344 P.3d 1256

19  (2015) *review granted sub nom. Hirst v. W. Washington Growth Mgmt. Hearing Bd.*

20  (Wash. July 8, 2015).   But *Washington Federation* deals with an agency's *rule-making*

21  authority, *not* an agency's *determinations.*  *Id.*  And *Whatcom County* involves an agency's

22  interpretation of *law* – which, as stated above, is only accorded deference if the law is

23

24

25  NATIONSTAR'S REPLY TO
    PLAINTIFF'S RESPONSE TO
    DEFENDANT'S CR 12(b)(6)
    MOTION TO DISMISS
    PLAINTIFF'S COMPLAINT - 5

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1 | found to be *ambiguous,* which is not asserted here.  Mr. Zazueta neglected to inform the
2 | Court that review has been accepted in the *Whatcom County* case.

3 | Third, Plaintiff asserts that DFI's determination is "prima facie proof the [CLA]
4 | violation was committed by Defendant Nationstar[,]" citing *Gorre v. City of Tacoma,* 180
5 | Wash. App. 729, 754-55, 324 P.3d 716, 728-29 (2014), *as amended on reconsideration in*
6 | *part* (July 8, 2014), *as amended* (July 15, 2014), *review granted,* 343 P.3d 760 (Wash.
7 | 2015).  [Response, p. 12, ll. 2-4.]  But *Gorre* involves review of a workers' compensation
8 | determination, treated *differently* than other agency determinations under that statutory
9 | scheme: "Washington's Industrial Insurance Act includes judicial review provisions that
10 | are *specific* to workers' compensation determinations.  ...  Applying these statutory
11 | standards, the superior court treats the Board's decision as 'prima facie correct under RCW
12 | 51.52.115[.]'"  *Id.*  Plaintiff chose again not to inform the Court that review has also been
13 | accepted in *Gorre.*  Similarly, *Smith v. Employment Sec. Dep't.,* 155 Wn. App. 24, 32, 226
14 | P.3d 263 (2010) concerns judicial review of an Employment Security Department
15 | Commissioner's final *decision* – not a DFI determination.

16 | For all the foregoing reasons and those argued in Nationstar's dismissal motion,
17 | Plaintiff's CLA violation claim is not sufficiently pleaded.

18 | **B.**  **The CLA does *Not* Provide a Private Cause of Action.**

19 | To determine if a statute creates a private right of action, the Court must "look to
20 | the statutory section for " 'rights-creating' language."  *Alexander v. Sandoval,* 532 U.S.
21 | 275, 288, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001).  This inquiry requires the Court
22 | determine whether Congress intended to confer individual rights under the statute.
23 |
24 |

25 | NATIONSTAR'S REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 6

1 | *Gonzaga Univ. v. Doe,* 536 U.S. 273, 285, 122 S.Ct. 2268, 2276, 153 L.Ed.2d 309 (2002);

2 | *Brown ex rel. Richards v. Brown,* 157 Wn. App. 803, 813-14, 239 P.3d 602 (2010).

3 |     No reported decisions have been found which address whether a CLA private cause

4 | of action exists. However under the CLA, as under the CAA, no "rights-creating

5 | language" exists. The Director may issue fines or orders under RCW 31.04.093, but

6 | nothing is stated about an *individual's* rights. And as with the CAA, a CLA violation is

7 | deemed an unfair and deceptive act or practice in violation of the CPA. RCW 31.04.208.

8 |     Accordingly, as with the CAA, a personal claim under the CLA exists *only* to the

9 | extent it may be a CPA violation and a CPA claim is filed. Because the CLA does not

10 | provide a private cause of action, Mr. Zazueta's CLA claim should be dismissed with

11 | prejudice.

12 | **IV.**     ***NO* CPA-COMPENSIBLE INJURIES WERE PLEADED**

13 |     Mr. Zazueta correctly asserts that Washington law applies to the Court's

14 | determination here, not federal law. But the very Washington law Plaintiff cites holds that

15 | "CR 12(b)(6) motions should be granted ... only in the unusual case in which plaintiff

16 | includes allegations that show *on the face of the complaint* that there is some insuperable

17 | bar to relief." *Tenore v. AT & T Wireless Servs.,* 136 Wn.2d 322, 330, 962 P.2d 104, 107

18 | (1998) (emphasis supplied). In addition, CR 12(b)(6) motions are designed to "weed[] out

19 | complaints where, *even if what the plaintiff alleges is true, the law does not provide a*

20 | *remedy."* *McCurry v. Chevy Chase Bank, FSB,* 169 Wn.2d 96, 102, 233 P.3d 861, 863

21 | (2010) (emphasis supplied).

22 |

23 |

24 |

25 | NATIONSTAR'S REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 7

1    Here, Plaintiff's Complaint asserts *only* that he suffered emotional distress and

2    attorney's fees. [Complaint, p. 6, ¶4.18; p. 14, ¶¶7.15-7.17.] But it is well-established that

3    CPA injuries must be to the plaintiff's "business or property" (*Pagan v. Farmers Ins. Co.*

4    *of Wash.,* 166 Wn.2d 27, 63-64, 204 P.3d 885 (2009)), and that personal injuries are not

5    compensable CPA damages (*Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.,*

6    122 Wn.2d 299, 318, 858 P.2d 1054 (1993)).

7    Mr. Zazueta attempts to overcome this glaring defect in his Complaint by *now*

8    asserting in his *Response* that he "incurred telephone charges, internet fees, fax fees, office

9    supplies and postage [and] ... paid for mileage and parking ...." [Response, p. 6, ll. 1-8.]

10   Similarly, he argues that "his account [was inflated] by way of fees and costs that were

11   unwarranted [which] ... affects any equity that Plaintiff may have in the property."

12   [Response, p. 20, ll. 17-20.] But these allegations do not appear *anywhere* in Plaintiff's

13   Complaint.

14   When a *Complaint* – not subsequent pleadings – does not provide factual

15   allegations supporting actual CPA damages arising from CAA or CLA violations, it should

16   be dismissed. *Paris v. Steinberg & Steinberg, et al,* 828 F.Supp.2d 1212, 1217 (W.D.

17   Wash. Nov. 1, 2011); *Ornelas v. Fid. Nat. Tit. Co. of Wash. Inc.,* 245 Fed.Appx. 708, 710

18   (9th Cir. 2007) (Affirming servicer's summary judgment against borrower's CLA and

19   CPA claims because: "The record ... does not demonstrate that [the borrower] ... suffered

20   any ... injury to her business or property, as required under the [CPA].").

21   Here, even if he could otherwise state a CPA claim derivative of the CAA and

22   CLA, Mr. Zazueta's Complaint does *not* allege that he suffered anything *other* than

23

24

25   NATIONSTAR'S REPLY TO
     PLAINTIFF'S RESPONSE TO
     DEFENDANT'S CR 12(b)(6)
     MOTION TO DISMISS
     PLAINTIFF'S COMPLAINT - 8

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1  emotional distress and litigation fees and costs for the present case.  Because his *new*

2  assertions of business losses are not contained on the face of the Complaint, he has not

3  sufficiently pleaded a CPA claim.  *Tenore, supra,* 136 Wn.2d at 330.  Consequently, his

4  CPA claim should also be dismissed.

5                        **V.**    **CONCLUSION**

6         In consideration of the foregoing points, authorities, and arguments, along with

7  those in its dismissal motion, Defendant Nationstar Mortgage LLC respectfully requests

8  the Court grant it dismissal of Plaintiff's Complaint, with prejudice, and without leave to

9  amend.

10         Respectfully submitted this 30th day of July, 2015.

11                    MARSHALL & WEIBEL, P.S.

12

13

14                    Barbara L. Bollero, WSBA #28906

                  720 Olive Way, Suite 1201

15                    Seattle, WA 98101

                  Phone: (206) 622-5306, Ext. 5918

16                    *Attorneys for Defendant Nationstar Mortgage LLC*

17

18

19

20

21

22

23

24

25  NATIONSTAR'S REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANT'S CR 12(b)(6)
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 9

REC'D & FILED
MASON CO. WA.

2015 AUG -3 P 12:20 

GINGER BROOKS, CO. CLERK

BY _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

MARTIN ZAZUETA, individually and in the
marital community,

        Plaintiff,

    v.

NATIONSTAR MORTGAGE LLC, a
Delaware limited liability company,

        Defendant.

NO. 15-2-00356-2

**DECLARATION OF SERVICE**

    I hereby declare under penalty of perjury of the laws of the State of Washington and the United States of America that on this _31_ day of July, 2015, I caused to be delivered a copy of :(1) Nationstar's Reply to Plaintiff's Response to Defendant's CR12(b)(6) Motion to Dismiss Plaintiff's Complaint; (2) Notice of Partial Withdrawal of Nationstar's Request for Judicial Notice in Support of Defendant's CR 12(b)(6) Motion to Dismiss, Opposition to Plaintiff's Request for Judicial Notice, and Sub-Joined Declaration of Counsel; (3) proposed Order Granting Defendant's CR 12(b)(6) Motion to Dismiss Plaintiff's Complaint; and (4) this Declaration of Service to the following in the manner indicated:

DECLARATION OF SERVICE - 1

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

ORIGINAL

| | | |
|---|---|---|
| 1 | Antoinette M. Davis | [ ] By United States Mail |
| | ANTOINETTE M. DAVIS LAW, PLLC | [ ] By Legal Messenger |
| 2 | 528 3rd Ave W, Ste 102 | [ ] By Federal Express |
| | Seattle, WA 98119 | [X] By Facsimile 206-905-5910 |
| 3 | Attorneys for Plaintiff | |

Antoinette M. Davis
ANTOINETTE M. DAVIS LAW, PLLC
528 3rd Ave W, Ste 102
Seattle, WA 98119
Attorneys for Plaintiff

[ ] By United States Mail
[ ] By Legal Messenger
[ ] By Federal Express
[X] By Facsimile 206-905-5910

Elizabeth Powell
ELIZABETH POWELL PS INC
535 Dock Street, Ste 108
Tacoma, WA 98402
Attorneys for Plaintiff

[ ] By United States Mail
[X] By Legal Messenger
[ ] By Federal Express
[ ] By Facsimile
[X] By Email: powelllaw@comcast.net

Ha Thu Dao
GRAND CENTRAL LAW, PLLC
787 Maynard Ave S
Seattle, WA 98104
Attorneys for Plaintiff

[ ] By United States Mail
[X] By Legal Messenger
[ ] By Federal Express
[ ] By Facsimile
[X] By Email: hadaojd@gmailcom

Signed this 𝟐𝟏 day of July, 2015 at Seattle, Washington.

_Tamorah L. Burt_, Legal Assistant
BISHOP, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA 98101

DECLARATION OF SERVICE - 2

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

** PREPARED **
07-30-15 11:01

MASON COUNTY SUPERIOR COURT          PAGE   3
MONDAY, AUGUST 3, 2015
CIVIL MOTION CALENDAR
JUDGE DANIEL GOODELL/CLK V KING
*90 DAYS PRIOR DATE* MAY 5, 2015

CD# M15-102

----2:41 - 3:35
  15-2-00356-2                                            6.
    ZAZUETA, MARTIN                    VS  NATIONSTAR MORTGAGE LLC
    DAVIS, ANTOINETTE M                    BOLLERO, BARBARA L - Present
    Powell, Elizabeth - Present
    MOTION TO DISMISS PLAINTIFF'S
    COMPLAINT/CONFIRMED/7-30-15 @
    10:06/BOLLERO FOR NATIONSTAR
    PHN/CG

    Preliminary matter @ 1:35, Plaintiff's request for judicial notice. No
issue with parties. Court re-calls case and identifies parties present. Def atty
begins argument regarding judicial notice. Pla atty responds. Def atty continues
argument. Court questions both parties. Court takes judicial notice of def
request, does not take notice of first pla request. Court will take other two
requests under advisement. Def atty now addresses motion to dismiss. Plaintiff
attorney responds. Court questions both parties. Court will render decision on
Aug 24, 2015.

                Court's Decision and Order of Default  Aug 24, 2015 @ 1:30
-------------------------------------------------------------------------------
----1:36
  15-2-00386-4                                            7.
    EGER, RICHARD                      VS  SHARP, KELLY M ET AL
    BONIN, JOHN ROBERT

    SHOW CAUSE HEARING

      Strike - Case Dismissed 7/30/15

-------------------------------------------------------------------------------
----1:38 - 2:07
  15-2-00396-1                                            8.
    THROCKMORTON, JAMES R - Present    VS  FOLEY, TONI LEE - Present
    BALDWIN, CHESTER L III - Present       Pattison, James - Present

    SHOW CAUSE HEARING
    CONFIRMED/PET/7-29-2015 9:23AM MJ P

    Court calls case. Identifies all parties. Court reviews documents.
Plaintiff attorney begins argument. Objection to def documents not timely filed.
Def responds. Court accepts documents. Pla atty continues argument. Defendant
Foley responds. Pla atty responds and Court makes decision. Court signs Order
for Writ and reserves the Judgment.

REC'D & FILED
MASON CO. WA.

2015 AUG -4 A 10: 25 (3)

GINGER BROOKS. CO. CLERK

BY _____ DEPUTY

1
2
3
4
5

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

6
7
8

MARTIN ZAZUETA, individually and in the
marital community,

9

                    Plaintiff,

10

      v.

11

NATIONSTAR MORTGAGE LLC, a
Delaware limited liability company,

12
13

               Defendant.

NO. 15-2-00356-2

**NOTICE OF UNAVAILABILITY**

14
15

TO:    Clerk of the above-entitled Court
AND TO:    Antoinette M. Davis, Elizabeth Powell and Ha Thu Dao, Attorneys
               For Plaintiff

16

21

17

    **PLEASE TAKE NOTICE** that the undersigned attorney of record for Defendant

18

Nationstar Mortgage LLC will be absent from her office from August 10, 2015 through

19

August 18, 2015. During this absence, the undersigned will not be available for personal

20

contact or court appearances, and will be unavailable to respond to any communications,

21

pleadings, and/or motions that may be filed.

22
23
24
25

NOTICE OF UNAVAILABILITY - 1

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

ORIGINAL

1       It is requested that opposing counsel provide adequate and appropriate notice to the

2  undersigned with respect to any communications, pleadings, and/or motions such that any

3  response, reply, and/or court appearance may be accomplished and effected one week

4  before the commencement of Ms. Bollero's aforementioned absence, or that a minimum of

5  one week be allowed for the undersigned's response after the end of the period of her

6  absence.

7       The undersigned further requests that the Clerk of the Court transmit this

8  information whenever any motion or other matter is set within the time period stated

9  above.

10  DATED this **30**<sup>th</sup> day of July, 2015.

11               MARSHALL & WEIBEL, P.S.

12

13               Barbara L. Bollero, WSBA #28906

                  720 Olive Way, Suite 1201

14               Seattle, WA 98101

                  Phone: (206) 622-5306, Ext. 5918

15               *Attorneys for Defendant Nationstar Mortgage LLC*

16

17

18

19

20

21

22

23

24

NOTICE OF UNAVAILABILITY - 2

25                 MARSHALL & WEIBEL, P.S.
                    720 OLIVE WAY, SUITE 1201
               SEATTLE, WASHINGTON 98101-1801
               206/622-5306 FAX: 206/622-0354

# DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that on the _31_ day of July, 2015 caused to be delivered to the following addressees a copy of the foregoing in the manner indicated below:

Antoinette M. Davis
ANTOINETTE M. DAVIS LAW, PLLC
528 3rd Ave W, Ste 102
Seattle, WA 98119
Attorneys for Plaintiff

[ ] By United States Mail
[X] By Legal Messenger
[ ] By Federal Express
[ ] By Facsimile

Elizabeth Powell
ELIZABETH POWELL PS INC
535 Dock Street, Ste 108
Tacoma, WA 98402
Attorneys for Plaintiff

[ ] By United States Mail
[X] By Legal Messenger
[ ] By Federal Express
[ ] By Facsimile
[ ] By Email:

Ha Thu Dao
GRAND CENTRAL LAW, PLLC
787 Maynard Ave S
Seattle, WA 98104
Attorneys for Plaintiff

[ ] By United States Mail
[X] By Legal Messenger
[ ] By Federal Express
[ ] By Facsimile
[ ] By Email:

Dated this _31_ day of July, 2015, at Seattle, Washington.

Tamorah L. Burt, Legal Assistant

NOTICE OF UNAVAILABILITY - 3

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

REC'D & FILED
MASON CO. WA.
2015 AUG 10 A II: 13
GINGER BROOKS. CO. CLERK
BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

MARTIN ZAZUETA, individually and in the marital community,

          Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

          Defendant.

NO. 15-2-00356-2

**NATIONSTAR MORTGAGE LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER OF DEFAULT**

## I.    INTRODUCTION AND RELIEF REQUESTED

Defendant Nationstar Mortgage LLC respectfully requests the Court deny the motion of Plaintiff Martin Zazueta to enter an Order of Default against Nationstar. The sole basis of Plaintiff's motion is that Nationstar has ostensibly failed to appear, plead, or otherwise defend, entitling him to a default order under CR 55(a)(1).

Because Nationstar has both appeared and defended by filing its Motion to Dismiss, and that motion has not yet been ruled upon, Nationstar is not in default. Even if the dismissal motion were to be ultimately denied, under CR 12(a)(4) Nationstar must still be

NATIONSTAR MORTGAGE LLC'S
OPPOSITION TO PLAINTIFF'S MOTION
FOR ORDER OF DEFAULT - 1

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

ORIGINAL

1  granted an additional 10 days thereafter within which to respond to Plaintiff's Complaint.

2  Consequently, Plaintiff's default motion should be denied because Nationstar has not

3  defaulted.

## II.  STATEMENT OF FACTS

5      Mr. Zazueta's factual statement is primarily undisputed,[1] but is incomplete. As the

6  Court is aware, Nationstar served both its Notice of Appearance, its CR 12(b)(6) Motion to

7  Dismiss Plaintiff's Complaint, and a supporting Request for Judicial Notice. The Court

8  conducted a lengthy hearing on that motion on August 3, 2015, along with Plaintiff's

9  opposing Request for Judicial Notice.

10      After oral argument of the dismissal motion and the judicial notice requests, the Court

11  continued the matter for issuing its ruling until August 24, 2015. The Court also continued

12  Plaintiff's Motion for Order of Default, currently scheduled for consideration on August 17,

13  to the same date.

## III.  AUTHORITIES AND ARGUMENT

15      "Default judgments are generally disfavored in Washington based on an overriding

16  policy which prefers that parties resolve disputes on the merits." *Showalter v. Wild Oats*,

17  124 Wn. App. 506, 510, 101 P.3d 867 (2004). As Plaintiff correctly notes, CR 55(a)(1)

18  governs default motions and provides as follows:

19          **Motion.** When a party against whom a judgment for affirmative
20          relief is sought has *failed to appear, plead, or otherwise defend* as
            provided by these rules and that fact is made to appear by motion
21          and affidavit, a motion for default may be made.

22

23  [1] Except as to the irrelevant assertions of counsel's opinion.

24

25  NATIONSTAR MORTGAGE LLC'S              MARSHALL & WEIBEL, P.S.
    OPPOSITION TO PLAINTIFF'S MOTION        720 OLIVE WAY, SUITE 1201
    FOR ORDER OF DEFAULT - 2              SEATTLE, WASHINGTON 98101-1801
                                          206/622-5306 FAX: 206/622-0354

1   CR 55(a)(1) (emphasis supplied). A party who has appeared before a motion for default is

2   filed "may respond to the pleading or otherwise defend *at any time before the hearing* on

3   the motion." CR 55(a)(2) (emphasis supplied).

4       Filing an appearance and submitting responsive pleadings constitute an

5   "appearance" and "pleading" under CR 55(a)(1). *In re Marriage of Daley,* 77 Wn. App.

6   29, 31, 888 P.2d 1194 (1994). As one appellate court explained:

7           A party fails "to appear, plead, or otherwise defend" within the
            meaning of Federal Rule of Civil Procedure 55 *if it fails* to answer or
8           to file any responsive pleading listed in Federal Rule of Civil
            Procedure 7(a), or *to challenge* such matters as service, venue, and
9           *the sufficiency of prior pleadings* "any of which might prevent a
            default if pursued in the absence of a responsive pleading." ... 10
10          C. Wright, A. Miller, M. Kane, *Federal Practice* § 2682, at 409-10
            (2d ed. 1983). *We interpret our CR 55(a)(1) to mean the same.*
11

12  *Tacoma Recycling, Inc. v. Capitol Material Handling Co.,* 34 Wn. App. 392, 395-96, 661

13  P.2d 609 (1983) (emphasis supplied).

14      Specifically, filing a dismissal motion constitutes a "plead[ing], or otherwise

15  defend[ing]" under CR 55(a)(1). *Campbell v. Scannell,* 32 Wn. App. 346, 348, 647 P.2d

16  529 (1982). It is error to grant a default motion while a dismissal motion is pending for

17  determination. *Id.*

18      Further, a party does not waive its right to substantively respond simply because it

19  files a motion to dismiss. *Id.* Under CR 12(a)(4), a party who has filed a dismissal motion

20  is not required to answer unless its dismissal motion is denied, in which case it then has an

21  *additional* 10 days in which to serve the answer, regardless whether the responsive

22  pleading deadline has passed. *Id.* ("Service of this motion alters the time for answering

23

24

25  NATIONSTAR MORTGAGE LLC'S          MARSHALL & WEIBEL, P.S.
    OPPOSITION TO PLAINTIFF'S MOTION        720 OLIVE WAY, SUITE 1201
    FOR ORDER OF DEFAULT - 3           SEATTLE, WASHINGTON 98101-1801
                                        206/622-5306 FAX: 206/622-0354

until 10 days after notice that the court has 'denie(d) the motion ....'").  As the court

explained in *In re Marriage of Owen & Phillips,* 126 Wn. App. 487, 503, 108 P.3d 824

(2005):

> Although Phillips did not answer in the time required under CR
> 12(a) because he filed a motion to dismiss, he was not required to do
> so until after his motion was denied or postponed. *While Phillips
> could have included his answer in his motion to dismiss, he was not
> required to do so.* On remand, *the trial court **shall** allow Phillips 10
> days to file a responsive pleading* and conduct any further
> proceedings it deems necessary.

*Id.* (emphasis supplied).

Here, Nationstar is not in default because it *both* appeared *and* filed a dismissal

motion challenging the sufficiency of Plaintiff's Complaint *before* hearing of Plaintiff's

default motion, as it was entitled to do under CR 55(a)(1) and (2).  Because the Court has not

yet ruled on that dismissal motion, Nationstar's Answer is not yet due.

Under CR 12(a)(4) and *In re Marriage of Owen & Phillips, supra,* it is only *if* Mr.

Zazueta's Complaint survives dismissal that Nationstar must answer.  If so, Nationstar

*must* be granted at least 10 days *after* the Court enters its dismissal ruling to answer

Plaintiff's Complaint.  On these facts, it would be error to grant Plaintiff's Motion for

Order of Default.

## IV.    CONCLUSION

In consideration of the foregoing points, authorities, and argument, Defendant

Nationstar Mortgage LLC respectfully requests the Court deny Plaintiff's Motion for Order

of Default.

NATIONSTAR MORTGAGE LLC'S
OPPOSITION TO PLAINTIFF'S MOTION
FOR ORDER OF DEFAULT - 4

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

DATED this 5th day of August, 2015.

MARSHALL & WEIBEL, P.S.

*Barbara L. Bollero*

Barbara L. Bollero, WSBA # 28906
720 Olive Way, Suite 1201
Seattle, WA 98101
Phone: (206) 622-5306, Ext. 5918
*Attorneys for Defendant Nationstar Mortgage LLC*

NATIONSTAR MORTGAGE LLC'S
OPPOSITION TO PLAINTIFF'S MOTION
FOR ORDER OF DEFAULT - 5

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington and the United States of America that on this 6th day of August, 2015, I caused to be delivered a copy of the foregoing Notice of Continuance of Determination of Plaintiff's Motion for Order of Default and Defendant's Motion to Dismiss to the following in the manner indicated:

Antoinette M. Davis
ANTOINETTE M. DAVIS LAW, PLLC
528 3rd Ave W, Ste 102
Seattle, WA 98119
Attorneys for Plaintiff

[X] By United States Mail
[ ] By Legal Messenger
[ ] By Federal Express
[X] By Facsimile 206-905-5910

Elizabeth Powell
ELIZABETH POWELL PS INC
535 Dock Street, Ste 108
Tacoma, WA 98402
Attorneys for Plaintiff

[X] By United States Mail
[ ] By Legal Messenger
[ ] By Federal Express
[ ] By Facsimile
[X] By Email

Ha Thu Dao
GRAND CENTRAL LAW, PLLC
787 Maynard Ave S
Seattle, WA 98104
Attorneys for Plaintiff

[X] By United States Mail
[ ] By Legal Messenger
[ ] By Federal Express
[ ] By Facsimile
[X] By Email

Signed this 6th day of August, 2015 at Seattle, Washington.

_____
Tamorah L. Burt, Legal Assistant
BISHOP, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA 98101

NATIONSTAR MORTGAGE LLC'S
OPPOSITION TO PLAINTIFF'S MOTION
FOR ORDER OF DEFAULT - 6

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

REC'D & FILED
MASON CO. WA.

(3) 2015 AUG 10 A 11: 13

GINGER BROOKS, CO. CLERK

BY _____ DEPUTY

1
2
3
4
5
6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

7

8   MARTIN ZAZUETA, individually and in the
9   marital community,

                    Plaintiff,
10
            v.
11
    NATIONSTAR MORTGAGE LLC, a
12  Delaware limited liability company,

                    Defendant.
13

NO. 15-2-00356-2

NOTICE OF CONTINUANCE
OF DETERMINATION OF
PLAINTIFF'S MOTION FOR
ORDER OF DEFAULT AND
DEFENDANT'S MOTION TO
DISMISS

14
15
16
17
18
19
20
21
22
23
24

PLEASE TAKE NOTICE that at the hearing of Defendant Nationstar Mortgage

LLC's CR 12 (b)(6) Motion to Dismiss conducted by Judge Goodell on August 3, 2015, the

Court ordered the following motions continued for the Court's determination until August 24,

2015, at 1:30 p.m., unless the time is otherwise altered by the Court Administrator due to one

or more counsels' appearance by telephone:

    1.      Defendant Nationstar Mortgage LLC's CR 12 (b)(6) Motion to Dismiss; and

25

NOTICE OF CONTINUANCE
OF DETERMINATION OF PLAINTIFF'S
MOTION FOR ORDER OF
DEFAULT AND DEFENDANT'S
MOTION TO DISMISS - 1

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

ORIGINAL

1        2.     Plaintiff's Motion for Order of Default, currently scheduled for consideration

2 on August 17, 2015, at 1:30 p.m.

3        DATED this 5th day of August, 2015.

4                        MARSHALL & WEIBEL, P.S.

5

6                        Barbara L. Bollero, WSBA # 28906

7                        720 Olive Way, Suite 1201
                        Seattle, WA  98101

8                        Phone:  (206) 622-5306, Ext. 5918

9                        *Attorneys for Defendant Nationstar Mortgage LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington and the United States of America that on this 6th day of August, 2015, I caused to be delivered a copy of the foregoing Notice of Continuance of Determination of Plaintiff's Motion for Order of Default and Defendant's Motion to Dismiss to the following in the manner indicated:

| Antoinette M. Davis | [X] By United States Mail |
| ANTOINETTE M. DAVIS LAW, PLLC | [ ] By Legal Messenger |
| 528 3rd Ave W, Ste 102 | [ ] By Federal Express |
| Seattle, WA 98119 | [X] By Facsimile 206-905-5910 |
| Attorneys for Plaintiff | |

| Elizabeth Powell | [X] By United States Mail |
| ELIZABETH POWELL PS INC | [ ] By Legal Messenger |
| 535 Dock Street, Ste 108 | [ ] By Federal Express |
| Tacoma, WA 98402 | [ ] By Facsimile |
| Attorneys for Plaintiff | [X] By Email |

| Ha Thu Dao | [X] By United States Mail |
| GRAND CENTRAL LAW, PLLC | [ ] By Legal Messenger |
| 787 Maynard Ave S | [ ] By Federal Express |
| Seattle, WA 98104 | [ ] By Facsimile |
| Attorneys for Plaintiff | [X] By Email |

Signed this 6th day of August, 2015 at Seattle, Washington.

Tamorah L. Burt, Legal Assistant
BISHOP, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA 98101

NOTICE OF CONTINUANCE
OF DETERMINATION OF PLAINTIFF'S
MOTION FOR ORDER OF
DEFAULT AND DEFENDANT'S
MOTION TO DISMISS - 3

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

Case 3:16-cv-05693-RJB Document 9-1 Filed 10/26/16 Page 147 of 222

```
                        MASON COUNTY SUPERIOR COURT          PAGE    1
** PREPARED **           MONDAY, AUGUST 17, 2015
08-13-15 11:37            CIVIL MOTION CALENDAR
                       JUDGE DANIEL GOODELL/CLK V KING
                     *90 DAYS PRIOR DATE* MAY 19, 2015

                          CD# B15-148
```

----1:30
   14-2-00501-0                                          1.
      GILBERT, TAYLOR R                    VS  ROCKWELL, APRIL ET AL
      RHOADS-WEAVER, BARBARA JUNE              MULLIN, DANIEL F.
      BRADSHAW, SUNSHINE MORNING               SCHOLNICK, BRYAN D
                                LOWELL, RICHARD S.
                                LOWELL, JOSHUA BENJAMIN
                                PATTERSON, MICHAEL ALEXANDER
                                CROWNER, DANIEL PAUL
                                MALARCHICK, TIMOTHY

      MOTION FOR SUMMARY JUDGMENT
      STRIKE PER ATTY EMAIL 8/12 VAK
      MOTION FOR SUMMARY JUDGMENT
      STRICKEN/ATTY FOR DEF 4/8-6-15
      PHN/CG/CROWNER OR PATTERSON
      MOTION FOR SUMMARY JUDGMENT
      STRICKEN-MC MEDIC ONE LTD

     All matters Stricken prior to court

----1:30
   15-2-00356-2                                          2.
      ZAZUETA, MARTIN                      VS  NATIONSTAR MORTGAGE LLC
      DAVIS, ANTOINETTE M                      BOLLERO, BARBARA L
      POWELL, ELIZABETH RANKIN

      MOTION FOR DEFAULT
      CONTINUED TO 8-24-2015 DOC #20

   Stricken - Reset to Aug 24, 2015

Case 3:16-cv-05693-RJB Document 9-1 Filed 10/28/16 Page 148 of 222

REC'D & FILED
MASON CO. WA.

2015 AUG 21 A 11: 44

GINGER BROOKS, CO. CLERK

DEPUTY

STATE OF WASHINGTON
MASON COUNTY SUPERIOR COURT

| | |
|---|---|
| MARTIN ZAZUETA, individually and in the marital community | NO. 15-2-00356-2 |
| Plaintiff, | SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| v. | |
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, | |
| Defendant. | |

## SURREPLY[1]

In reply to Defendant's response briefing, Plaintiff raised issues outside of their Motion to Dismiss the eve of hearing. Particularly, Plaintiff argues for the first time on reply that certain claims of Defendant do not carry a private right of action. *See* Plaintiff's Reply in

---

[1] Plaintiff submits this surreply briefing that debunks Defendant's private right of action argument for the benefit of the Court and the record of the Court. Thus, for brevity, Plaintiff will not re-argue its response briefing, incorporated herein by reference.

SURREPLY IN OPPOSITION TO                    1          **Antoinette M. Davis Law, PLLC**
DEFENDANT'S MOTION TO DISMISS                           528 Third Avenue West, Suite 102
                                                        Seattle, WA 98119
                                                        Phone (206) 486-1011 | Fax (206) 905-5910

1    Support of Motion to Dismiss at Docket #18.  Similar to other arguments raised by Defendant,

2    including a request for Judicial Notice based on purported evidence they *knew* was wrong,

3    Defendant attempts to misleads the Court.  *Compare* Defendant's Request for Judicial Notice

4    at Docket #9 *with* Plaintiff's Request for Judicial Notice at Docket #15.  For the reasons below,

5    Defendant's argument is no more than a red herring and must fails.

6

7              A.  POLICY BEHIND CONSUMER PRIVATE RIGHTS OF ACTION.

8          Policy establishing a private right of action through the CPA contemplates that

9    individual consumers will act as "private attorneys general," harnessing individual interests in

10   order to promote the public good.  *See Wash. State Physicians Ins. Exch. & Ass'n v. Fisons*

11   *Corp.*, 122 Wn.2d 299, 313, 858 P.2d 1054 (1993).  Private enforcement of the CPA was not

12   possible until 1971, when the legislature created the private right of action to encourage it.

13   *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783–84, 719

14   P.2d 531 (1986). Private actions by private citizens are now an integral part of CPA

15   enforcement. *See* RCW 19.86.090.

16         Now, in light of the legislature's declaration, private citizens act as private attorneys

17   general in protecting the public's interest against unfair and deceptive acts and practices in

18   trade and commerce. *See Lightfoot v. MacDonald*, 86 Wn.2d 331, 335–36, 544 P.2d 88 (1976).

19   Thus, consumers bringing actions under the CPA do not merely vindicate their own rights;

20   they represent the public interest and may seek injunctive relief even when the injunction

21   would not directly affect their own private interests. *See Hangman Ridge*, 105 Wn.2d at 790,

22   719 P.2d 531; *see also Hockley v. Hargitt*, 82 Wn.2d 337, 349–50, 510 P.2d 1123 (1973).

26   SURREPLY IN OPPOSITION TO                    2       **Antoinette M. Davis Law, PLLC**
     DEFENDANT'S MOTION TO DISMISS                        528 Third Avenue West, Suite 102
                                                          Seattle, WA 98119
                                                          Phone (206) 486-1011 | Fax (206) 905-5910

B. ESTABLISHING A PRIVATE RIGHT OF ACTION UNDER CPA.

　　1. Unfair or Deceptive Practice in Trade or Commerce with Public Impact.

RCW 19.86.090 provides, in pertinent part:

> Any person who is injured in his or her business or property by a violation of RCW 19.86.020 ... may bring a civil action ... to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee.

*See* RCW 19.86.090. One way a plaintiff can establish an unfair or deceptive act or practice in trade or commerce is to show a per se violation of a regulation or statute. *See Hayden v. Mutual of Enumclaw Ins. Co.,* 141 Wn.2d 55, 62, 1 P.3d 1167 (2000). To prevail in a private CPA claim, a plaintiff must prove: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 780, 719 P.2d 531 (1986); *see* RCW 19.86.020 and .090.

　　A plaintiff may predicate the first CPA element on "a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *See Klem v. Wash. Mut. Bank,* 176 Wn.2d 771, 787, 295 P.3d 1179 (2013) (clarifying *Hangman Ridge,* 105 Wn.2d at 785–86, 719 P.2d 531); *see also Trujillo v. NW Trustee Servs., Inc.,* No. 90509-6 at 14 (Supreme Court of Washington, August 20, 2015) ("[a] plaintiff need not show the act in question was intended to deceive, only that it has the capacity to deceive a substantial portion of the public," citing *Panag,* 166 Wn.2d 27, 47).

SURREPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

3

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

1         A defendant's act or practice is *per se* unfair or deceptive if the plaintiff shows it

2

3  violates a statute declaring the conduct to be an unfair or deceptive act or practice in trade or

4  commerce. *See Hangman Ridge,* 105 Wn.2d at 786, 719 P.2d 531. To state a claim for a *per se*

5  CPA violation, the plaintiff must only allege " 'the existence of a pertinent statute' " and " 'its

6  violation.' " *See Fid. Mortg. Corp. v. Seattle Times Co.,* 131 Wn. App. 462, 471, 128 P.3d 621

7  (2005) (quoting *Keyes v. Bollinger,* 31 Wn. App. 286, 290, 640 P.2d 1077 (1982)); *see*

8  *Dempsey v. Joe Pignataro Chevrolet, Inc.,* 22 Wn. App. 384, 393, 589 P.2d 1265 (1979).

9         Here, RCW 31.04.208, the Consumer Loan Act (hereinafter "CLA") was enacted

10

11  because "the legislature finds that the practices governed by this chapter are matters vitally

12  affecting the public interest for the purpose of applying the consumer protection act, chapter

13  19.86 RCW. Any violation of this chapter is not reasonable in relation to the development and

14  preservation of business and is an unfair and deceptive act or practice and unfair method of

15  competition in the conduct of trade or commerce in violation of RCW 19.86.020. Remedies

16  provided by chapter 19.86 RCW are cumulative and not exclusive." Similarly, with regard to

17  the Collection Agency Act (hereinafter "CAA"), "the commission by a licensee or an

18  employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be

19

20  unfair acts or practices or unfair methods of competition in the conduct of trade or commerce

21  for the purpose of the application of the Consumer Protection Act found in chapter 19.86

22  RCW." *See* RCW 19.16.440.

23      //

24      //

25

26  SURREPLY IN OPPOSITION TO        4     **Antoinette M. Davis Law, PLLC**
      DEFENDANT'S MOTION TO DISMISS        528 Third Avenue West, Suite 102
                                              Seattle, WA 98119
                                              Phone (206) 486-1011 | Fax (206) 905-5910

2. <u>Injury to Plaintiff in Business or Property.</u>

Consistently with most other states, in Washington, a private CPA plaintiff to must establish the deceptive act caused injury. *Hangman Ridge,* 105 Wn.2d at 794, 719 P.2d 531; Bob Cohen, Annotation, *Right to Private Action under State Consumer Protection Act - Preconditions to Action,* 117 A.L.R.5th 155 (2004). Injuries to business or property are compensable and satisfy the injury requirement. *See Fisons,* 122 Wn.2d at 318, 858 P.2d 1054; *see also Stevens v. Hyde Athletic Industries, Inc.,* 54 Wn. App. 366, 370, 773 P.2d 871 (1989). The injury requirement is merely met upon proof the plaintiff's "property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal." *See Mason v. Mortgage Am., Inc.,* 114 Wn.2d 842, 854, 792 P.2d 142 (1990) (temporary loss of use of property while brokerage company improperly withheld title constituted sufficient injury to support attorney fee award under the CPA) (citing *Hangman Ridge,* 105 Wn.2d at 792, 719 P.2d 531); se*e also Trujillo v. NW Trustee*, No. 90509 at 16 (while emotion distress, embarrassment, and inconvenience are not compensable injuries under the CPA, [a plaintiff] does not have to lose [their] property to completely prove injury," citing *Frias v. Asset Foreclosure Servs., Inc.,* 181 Wn.2d 412, 430-31, 334 P.3d 529 (2014).

"Injury" is distinct and different from "damages." *See Nordstrom v. Tampourlos,* 107 Wn.2d 735, 740, 733 P.2d 208 (1987).  Monetary damages need not be proved; unquantifiable damages may suffice. *Id.* (loss of goodwill); *see also Nw. Airlines, Inc. v. Ticket Exch., Inc.,* 793 F.Supp. 976 (W.D.Wash. 1992) (proof of injury satisfied by "stowaway theory" where damages are otherwise unquantifiable in case involving deceptive brokerage of frequent flier

SURREPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

5

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

miles); *see also Fisons,* 122 Wn.2d 299, 858 P.2d 1054 (damage to professional reputation); *see also Sorrel v. Eagle Healthcare, Inc.,* 110 Wn. App. 290, 298, 38 P.3d 1024 (2002) (injury by delay in refund of money); *see also Webb v. Ray,* 38 Wn. App. 675, 688 P.2d 534 (1984) (loss of use of property).

Pecuniary losses occasioned by inconvenience may be recoverable as actual damages. *See Keyes,* 31 Wn. App. at 296, 640 P.2d 1077; *see also Tallmadge v. Aurora Chrysler Plymouth, Inc.,* 25 Wn. App. 90, 605 P.2d 1275 (1979) (costs associated with traveling to dealership in reliance on false advertisements). Even minimal expenses incurred, including investigatory expenses and costs, as a result of the statutory violation can satisfy the proof that one's property interest or money is diminished and therefore, are sufficient to constitute an injury under the CPA. *See Trujillo,* at 16.

3. Causation Between Conduct and Injury or Damages

The required causal link is between the defendant's unfair or deceptive act or practice and the plaintiff's injury. *See Schnall v. AT&T Wireless Srvcs., Inc.,* 171 Wn.2d 260, 277, 259 P.3d 129 (2011); *see also Panag v. Farmers Ins. Co.,* 166 Wn.2d 27, 61, 204 P.3d 885 (2009); *see also Schmidt v. Cornerstone Investments, Inc.,* 115 Wn.2d 148, 167, 795 P.2d 1143 (1990). This causal link is not necessarily broken by the existence of an intermediary between the plaintiff and the defendant. *See Schmidt v. Cornerstone Investments, Inc.,* 115 Wn.2d at 167–68 (holding that the necessary causal link between a defendant's inflated property appraisal and the plaintiff's injury may still exist even if the defendant had no direct contact with the plaintiff).

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

1    In cases involving affirmative misrepresentations of facts, the plaintiff is not required to

2    show that he or she relied on the misrepresentations. The Supreme Court has "firmly rejected

3    the principle that reliance is necessarily an element of the plaintiff's [CPA] case." *See Schnall*

4    *v. AT&T Wireless Services, Inc.*, 171 Wn.2d at 277; *see also Indoor Billboard/Wash., Inc. v.*

5    *Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 78–84, 170 P.3d 10 (2007) (rejecting the

6    former test of reliance/inducement, holding that the former test did not survive the *Hangman*

7    *Ridge* case). Instead, the plaintiff is required to meet the general requirements of proximate

8    causation. *See Schnall v. AT&T Wireless Services, Inc.*, 171 Wn.2d at 278; *see also Indoor*

9

10   *Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d at 83–84. Tthe plaintiff

11   must only show that the plaintiff's injury would not have occurred but for the defendant's

12   misrepresentation, and that the injury occurred in a direct causal sequence with the

13   misrepresentation. *Schnall*, 171 Wn.2d at 277; *Indoor Billboard*, 162 Wn.2d at 83–84.

14

15        4.   Damages for Violation of the CPA.

16        Finally, it defies logic that the legislature would provide for and Washington courts,

17   federal and state, would enforce a private citizen's right to recover for CPA violations, if no

18   private right of action exists for violations of the CLA and CAA, as Defendant disingenuously

19   argues. "The CPA's citizen suit provision states that "[a]ny person who is injured in his or her

20   business or property" by a violation of the act may bring a civil suit for injunctive relief,

21   damages, attorney fees and costs, and treble damages. RCW 19.86.090." Here, Plaintiff – as a

22   private citizen acting as a private attorney general to protect the public's interest against

23   Nationstar's unfair and deceptive acts and practices – is seeking and is entitled to each and

24

25

26   SURREPLY IN OPPOSITION TO          7       **Antoinette M. Davis Law, PLLC**
     DEFENDANT'S MOTION TO DISMISS              528 Third Avenue West, Suite 102
                                                Seattle, WA 98119
                                                Phone (206) 486-1011 | Fax (206) 905-5910

1  every remedy allowed under RCW 19.86.090 and has sufficiently pled facts to survive

2  Defendant's challenge.

3

4

5       Dated this 21[th] day of August, 2015.

6

7     _/s/Antoinette M. Davis_                         _/s/ Elizabeth Powell_

8     Antoinette M. Davis WSBA #29821           Elizabeth Powell, WSBA # 30152

   ANTOINETTE M. DAVIS LAW, PLLC        ELIZABETH POWELL PS INC.

9     528 Third Avenue West, Suite 102           535 Dock Street, Suite 108

   Seattle, WA 98119                           Tacoma, WA 98402

10     Telephone:   206-486-1011               Telephone:   253-274-1518

   Facsimile:   206-905-5910               Facsimile:   425-663-7939

11

12

13     _/s/ Ha Thu Dao_

14     Ha Thu Dao, WSBA # 30152

   GRAND CENTRAL LAW, PLLC

15     787 Maynard Avenue South

   Seattle, WA 98104

16     Telephone:   727-269-9334

   Facsimile:   727-264-2447

17

18

19

20

21

22

23

24

25

26  SURREPLY IN OPPOSITION TO       8     **Antoinette M. Davis Law, PLLC**
   DEFENDANT'S MOTION TO DISMISS         528 Third Avenue West, Suite 102
                                         Seattle, WA 98119
                                         Phone (206) 486-1011 | Fax (206) 905-5910

## PROOF OF SERVICE

I, Rebecca A. Hernández, declare as follows:

1.  I am a citizen of the United States and of the State of Washington, over the age of 21 years, not a party to the above-entitled action and competent to be a witness.

2.  On August 21, 2015, I caused to be served a true and correct copy of the following:

Plaintiff's Surreply to Defendant's Motion to Dismiss and Note Continuing Motion for Default upon:

| | |
|---|---|
| Barbara L. Bollero, attorney for Nationstar<br>Marshall & Weibel<br>720 Olive Way, Suite 1201<br>Seattle, WA 98101<br>Fax 206-622-0354 | (   ) U.S. MAIL, POSTAGE PREPAID<br>(   ) HAND DELIVERY<br>(   ) OVERNIGHT MAIL<br>(   ) FACSIMILE<br>(X) MESSENGER |

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

DATED this 21th day of August, 2015, at Seattle, Washington.

/s/ Rebecca A. Hernández

SURREPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

9

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

Case 3:16-cv-05693-RJB   Document 9-1   Filed 10/26/16   Page 157 of 222

REC'D & FILED
MASON CO. WA.

2015 AUG 21  A 11: 44

GINGER BROOKS. CO. CLERK

BY _____ DEPUTY

**SUPERIOR COURT OF WASHINGTON
FOR MASON COUNTY**

Martin Zazueta _____ ,
    Plaintiff/Petitioner

        vs.                                    No. __15-2-00356-2__

Nationstar Mortgage LLC ____ ,        **NOTICE OF ISSUE**
    Defendant/Respondent               (NTIS)

                                        **SECOND AMENDED**

To:    Mason County Clerk
       Martin Zazueta _____ , Plaintiff/Petitioner **or**
       Nationstar Mortgage , Defendant/Respondent
       Barbara Bollero _____ , Attorney for Defendant _____
       _____ **Interpreter needed**

PLEASE TAKE NOTICE that the issue set for below will be called for HEARING on the
following date and time: **DATE:** _September 7, 2015_  **@ TIME:** _1:30 PM_

| The Clerk of Court is requested to note this matter on the docket: |
|---|
| **Confirmation:** Confirm by e-mail at superiorcourt-confirm@co.mason.wa.us or by telephone at (360) 427-9670 ext. 346 as required pursuant to LCR 7 and LSPR 94.04. Mailing Address:  Mason County Clerk, P.O. Box 340, Shelton, WA  98584. |
| **CIVIL MOTION:** Mondays at 1:30 p.m. for all civil matters ☒ Motion for Default      □ Motion for Summary Judgment      □ Show Cause □ Other Motion: _____ |
| **DOMESTIC MOTION:** □ Motion for Default    □ Show Cause Hearing □ Decree of Dissolution □ Other Motion: _____ □ Wednesday at 9:00 a.m. for attorney matters □ Wednesday at 1:30 p.m. for domestic violence/anti-harassment matters □ Friday at 9:00 a.m. for self-represented domestic matters without counsel |
| **PROBATE MOTION:** Wednesdays at 9:00 a.m. □ Probate of Will      □ Other Motion: _____ |
| **CRIMINAL MOTION:** Mondays at 9:00 a.m. □ Motion for: _____ |

Signed by: _//s// Antoinette M. Davis_____ □ pro se  *or* ☒ Attorney for _Martin Zazueta_
Address: _528 Third Ave. W. Suite 102 Seattle WA  98119___ Phone: _206-486-1011_

**Rachelle Osman - Re: Zazueta v. Nationstar Mortgage, #15-2-00356-2**

| | |
|---|---|
| **From:** | Rachelle Osman |
| **To:** | Bollero, Barbara;  Powell, Elizabeth |
| **Date:** | 8/24/2015 3:11 PM |
| **Subject:** | Re: Zazueta v. Nationstar Mortgage, #15-2-00356-2 |
| **CC:** | (hadaojd@gmail.com), Ha Dao;  Burt, Tammie |

Re: Zazueta v. Nationstar Mortgage, #15-2-00356-2

The purpose of this email communication is to have a note for the court file to reflect the Court's Decision previously scheduled August 24, 2015, has been rescheduled to Friday, August 28, 2015 at 2:00 p.m.

 Thank you,


*Rachelle Osman*
*Mason County Superior Court*

(360)427-9670 ext 348

cc: Mason County Superior Court File



Case 3:16-cv-05693-RJB   Document 9-1   Filed 10/26/16   Page 159 of 222

MASON COUNTY SUPERIOR COURT          PAGE   4
MONDAY, AUGUST 24, 2015
CIVIL MOTION CALENDAR
JUDGE DANIEL GOODELL/CLK V KING
*90 DAYS PRIOR DATE* MAY 26, 2015

CD# B15-153

-------------------------------------------------------------------------
----2:35 - 2:36
    15-2-00299-0                                                    10.
        LAKE LIMERICK COUNTRY CLUB        VS  FORKUM, BRIAN K - FTA
        WILSON-HOSS, ROBERT - Present

        MOTION FOR DEFAULT
        CONFIRMED 8/19 ATTY EMAIL VAK

    Court calls matter and signs Order of Default against FNMA

-------------------------------------------------------------------------
----2:36 - 2:42
    15-2-00303-1                                                    11.
        HENRICKSEN CONTRACTING, LLC       VS  RODIUS, JOHN W  - FTA
        CUSHMAN, JON EMMETT
           Berner, Daniel - Present
        MOTION FOR DEFAULT
        CONFIRMED 8/18 ATTY EMAIL VAK

    Court calls matter and questions attorney regarding fees. Mr Berner does
not have declaration of attorney's fees. Court grants damage request and awards
attorney fees. Court signs Order of Default and Default Judgment.

-------------------------------------------------------------------------
----2:29
    15-2-00356-2                                                    12.
        ZAZUETA, MARTIN                   VS  NATIONSTAR MORTGAGE LLC
        DAVIS, ANTOINETTE M                   BOLLERO, BARBARA L
        POWELL, ELIZABETH RANKIN

        COURT'S DECISION AND PLAINTIFF'S
        MOTION FOR DEFAULT/STRICKEN/DAVIS
        LAW FOR PLAINTIFF/8-20-15 @ 9:29
        /BOLLERO CONFIRMS DEF'S MT TO
        DISMISS/8-19-15 @2:47/PHN/CG

Martin Zazueta vs Nationstar Mortgage, Case # 15-2-356-2, Court's Decisi Modular Courtroom

| Description | Martin Zazueta vs Nationstar Mortgage, Case # 15-2-356-2, Court's Decision, Judge Daniel Goodell, clerk Vickie King, Pla Atty Elizabeth Powell, Def Atty Barbara Bolero. CD# M15-114 | | |
|---|---|---|---|
| **Date** | 8/28/2015 | **Location** | Modular Courtroom |

| Time | Speaker | Note |
|---|---|---|
| 2:22:19 PM | Court | Calls case and identifies both parties on the telephone |
| 2:23:00 PM | Court | renders decision on Motion to Dismiss |
| 2:23:21 PM | Court | Court denies both requests for Judicial Notice |
| 2:28:14 PM | Court | Motion to dismiss is also Denied. |
| 2:37:46 PM | Court | Denies motion for leave to amend complaint. |
| 2:39:04 PM | Ms Bollero | responds |
| 2:41:22 PM | Ms Powell | also responds |
| 2:43:22 PM | Court | sets Presentation of Order for Sept 25th @ 8:30 am |
| 2:47:54 PM | Court | Recess |



29

8/28/2015                                                                                      1 of 1

**Rachelle Osman - 15-2-00356-2 Zazueta v. Nationstar: 9/25 hearing postponed**

| | |
|---|---|
| **From:** | Tammie Burt <tburt@bwmlegal.com> |
| **To:** | "rachelleo@co.mason.wa.us" <rachelleo@co.mason.wa.us> |
| **Date:** | 9/24/2015 2:56 PM |
| **Subject:** | 15-2-00356-2 Zazueta v. Nationstar: 9/25 hearing postponed |
| **CC:** | Barbara Bollero <bbollero@bwmlegal.com>, "'powelllaw@comcast.net'" <powe... |

This will confirm our telephone conversation in which I advised that Ms. Bollero and Ms. Powell agreed to postpone tomorrow's hearing on presentation of order denying motion to dismiss to **October 7, 2015 at 8:30 a.m.** as special set before Judge Goodell.

Thank you.

*Clerk's Action Required*

**Tammie Burt | Legal Assistant**

# ▚▚ Marshall & Weibel, P.S.

720 Olive Way, Suite 1201, Seattle, WA 98101
Telephone (206)622-5306 | Ext.5919 | Fax (206)-622-0354
Email:TBurt@bwmlegal.com
www.bwmlegal.com

BY ____ DEPUTY

GINGER BROOKS, CO. CLK.

2015 SEP 25 A

REC'D & FILED
MASON CO. WA.

(1)

NOTICE:  OUR LAW FIRM ENGAGES IN DEBT COLLECTION. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

30

✱ Please file ℓo

REC'D & FILED
MASON CO. WA.

2015 OCT -6 A 10: 21

GINGER BROOKS, CO. CLERK

BY_____DEPUTY

SUPERIOR COURT OF WASHINGTON
COUNTY OF MASON

MARTIN ZAZUETA, individually and in the marital community

        Plaintiff,

    v.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

    Defendant.

NO.    15-2-00356-2

MOTION FOR PRESENTATION

ORIGINAL

COMES NOW the Plaintiff by and through his attorneys of record and requests that the Court enter the attached proposed order denying Defendant's motion to dismiss his complaint.

Presented by:
*Elizabeth Powell, PS Inc.*

Elizabeth Powell, WSBA No. 30152

*MOTION FOR PRESENTATION*        1 of 1

Elizabeth Powell PS Inc
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518, fax 1(425)663-7939
powelllaw@comcast.net

REC'D & FILED
MASON CO. WA.

2015 OCT -6 A 10: 21

GINGER BROOKS, CO. CLERK

BY_____DEPUTY

MASON COUNTY SUPERIOR COURT
STATE OF WASHINGTON

| | |
|---|---|
| MARTIN ZAZUETA, individually and in the marital community, PLAINTIFF | No. 15-2-00356-2 |
| | **NOTE FOR MOTION DOCKET** |
| vs. | # ORIGINAL |
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, DEFENDANTS. | **Clerk's Action Required:** *This matter is special set before Judge Goodell on Wednesday, October 8, 2015* |

TO: The Clerk of the Court;
AND TO: BARBARA BOLLERO, Counsel for Nationstar Mortgage LLC;

PLEASE TAKE NOTICE THAT the undersigned attorney will bring on a motion for presentation in the above-captioned matter for hearing before the Court on Wednesday October 8, 2015 at 8:30 a.m. special set as assigned by the clerk for hearing.

DATED THIS 30th day of September, 2015.
*Elizabeth Powell PS Inc.*

Elizabeth Powell, WSBA No. 30152

*NOTE FOR MOTION DOCKET*

**Elizabeth Powell PS Inc**
**Attorney at Law**
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518 fax (253) 572-2223
powellllaw@comcast.net

REC'D & FILED
MASON CO. WA.

2015 OCT 20 A 10 29 (2)

GINGER BROOKS, CO. CLERK

BY _____ DEPUTY

SUPERIOR COURT OF WASHINGTON
COUNTY OF MASON

MARTIN ZAZUETA, individually and in the marital community

　　　　　　　Plaintiff,

　　v.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

　　Defendant.

NO.　15-2-00356-2

[PROPOSED]
ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

ORIGINAL

THE UNDERSIGNED COURT heard Defendant NATIONSTAR MORTGAGE LLC's Motion to Dismiss pursuant to Civil Rule 12(b)(6). Defendant Nationstar Mortgage LLC appearing by its counsel, Barbara L. Bollero of Marshall and Weibel, P.S., and Plaintiff Martin Zazueta appearing by and through Elizabeth Powell. The Court considered all the pleadings submitted by both parties in support of and opposition to the motion. The Court heard the arguments of counsel.

*ORDER DENYING DEFENDANT'S MOTION*
*FOR 12(b)(6) DISMISSAL.*　　　　　　　　1 of 2

Elizabeth Powell PS Inc
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518, fax 1(425)663-7939
powelllaw@comcast.net

33

Defendant withdrew its request that the Court take Judicial Notice, and the Court denied Plaintiff's Request for Judicial Notice. The Court further determined that Plaintiff has stated a claim for violation of the Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"), as (1) a *per se* violation of the Collection Agency Act, RCW 19.16, *et seq.* ("CAA"); (2) a *per se* violation of the Consumer Loan Act, RCW 31.04, *et seq.* ("CLA"); and (3) a general violation of the CPA.

Therefore, Defendant's CR12(b)6 Motion to Dismiss is denied. A copy of the transcript of the oral ruling given by this Court is attached hereto and incorporated by reference as if fully set forth herein.

IT IS SO ORDERED. DATED this _____ day of October, 2015.

_____
HON. DANIEL L. GOODELL,
JUDGE OF THE MASON COUNTY SUPERIOR COURT

Presented by:

Approved as to Form; Notice of
Presentation Waived:

*Elizabeth Powell, PS Inc.*

*Marshall & Weibel, P.S.*

Elizabeth Powell, WSBA No. 30152

Barbara L. Bollero, WSBA No. 28906

*ORDER DENYING DEFENDANT'S MOTION
FOR 12(b)(6) DISMISSAL.*

2 of 2

REC'D & FILED
HASON CO. WA.

2015 OCT 20 A 10: 23 ③

GINGER BROOKS, CO, CLERK

BY_____DEPUTY

SUPERIOR COURT OF WASHINGTON
COUNTY OF MASON

MARTIN ZAZUETA, individually and in the marital community

        Plaintiff,

    v.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

    Defendant.

NO.   15-2-00356-2

[ P R O P O S E D ]
ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

ORIGINAL 

34

THE UNDERSIGNED COURT heard Defendant NATIONSTAR MORTGAGE LLC's Motion to Dismiss pursuant to Civil Rule 12(b)(6), Defendant Nationstar Mortgage LLC appearing by its counsel, Barbara L. Bollero of Marshall and Weibel, P.S., and Plaintiff Martin Zazueta appearing by and through Elizabeth Powell. The Court considered all the pleadings submitted by both parties in support of and opposition to the motion. The Court heard the arguments of counsel.

Elizabeth Powell PS Inc
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518, fax 1(425)663-7939
powelllaw@comcast.net

Defendant withdrew its request that the Court take Judicial Notice, and the Court denied

Plaintiff's Request for Judicial Notice. The Court further determined that Plaintiff has stated a

claim for violation of the Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"), as (1) a *per se*

violation of the Collection Agency Act, RCW 19.16, *et seq.* ("CAA"); (2) a *per se* violation of

the Consumer Loan Act, RCW 31.04, *et seq.* ("CLA"); and (3) a general violation of the CPA.

Therefore, Defendant's CR12(b)6 Motion to Dismiss is denied. A copy of the transcript

of the oral ruling given by this Court is attached hereto and incorporated by reference as if fully

set forth herein.

IT IS SO ORDERED. DATED this _____ day of October, 2015.


_____

HON. DANIEL L. GOODELL,
JUDGE OF THE MASON COUNTY SUPERIOR COURT


Presented by:

*Elizabeth Powell, PS Inc.*

Elizabeth Powell, WSBA No. 30152

Approved as to Form; Notice of
Presentation Waived:

*Marshall & Weibel, P.S.*

*see signature attached*

Barbara L. Bollero, WSBA No. 28906

*ORDER DENYING DEFENDANT'S MOTION
FOR 12(b)(6) DISMISSAL*                    2 of 2

Elizabeth Powell PS Inc
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518, fax 1(425)663-7939
powelllaw@comcast.net

Case 3:15-cv-05035-RJB   Document 67   Filed 10/26/16   Page 168 of 222

Defendant withdrew its request that the Court take Judicial Notice, and the Court denied Plaintiff's Request for Judicial Notice. The Court further determined that Plaintiff has stated a claim for violation of the Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"), as (1) a *per se* violation of the Collection Agency Act, RCW 19.16, *et seq.* ("CAA"); (2) a *per se* violation of the Consumer Loan Act, RCW 31.04, *et seq.* ("CLA"); and (3) a general violation of the CPA.

Therefore, Defendant's CR12(b)6 Motion to Dismiss is denied. A copy of the transcript of the oral ruling given by this Court is attached hereto and incorporated by reference as if fully set forth herein.

IT IS SO ORDERED.  DATED this ____ day of October, 2015.

_____
HON. DANIEL L. GOODELL,
JUDGE OF THE MASON COUNTY SUPERIOR COURT

Presented by:

Elizabeth Powell, PS Inc.

Elizabeth Powell, WSBA No. 30152

Approved as to Form; Notice of
Presentation Waived:

Marshall & Weibel, P.S.

Barbara L. Bollero, WSBA No. 28906

*ORDER DENYING DEFENDANT'S MOTION*
*FOR 12(b)(6) DISMISSAL*                    2 of 2

Elizabeth Powell PS Inc
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518, fax 1(425)663-7939
powelllaw@comcast.net

REC'D & FILED
MASON CO. WA.

2015 NOV -2 A 10: 20 (2)

GINGER BROOKS, CO. CLERK

DEPUTY

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR MASON COUNTY

MARTIN ZAZUETA, individually and in the
marital community,

        Plaintiff,

    vs.

NATIONSTAR MORTGAGE LLC, a
Delaware limited liability company,

        Defendant.

CASE NO: 15-2-00356-2

**NOTICE OF WITHDRAWAL AS
CO-COUNSEL**

TO: Clerk of Court
AND TO: Defendant Nationstar and its attorneys

<u>**NOTICE**</u>

    PLEASE TAKE NOTICE that the undersigned hereby withdraws as co-counsel on behalf
of Plaintiff Martin Zazueata, effective immediately. The withdrawal does not affect
representation of the Plaintiff by lead counsel, Antoinette M. Davis, Esq., and co-counsel,
Elizabeth Powell, Esq.

    The undersigned counsel and requests that all pleadings and correspondence, excluding
original process of service concerning the above-entitled matter be served upon the following
counsel of record:

35

ORIGINAL

NOTICE OF WITHDRAWAL BY CO-COUNSEL       1

**HA THU DAO, ESQ.**

787 MAYNARD AVE S, SEATTLE WA 98104
727-269-9334/Fax 727-264-2447
E-mail: hadaojd@gmail.com

1  Antoinette M. Davis, Esq.
   Antoinette M. Davis Law PLLC
2  528 Third Ave W., Ste 102
   Seattle WA 98119

3

   Elizabeth Powell, Esq.
4  Elizabeth Powell, PS, Inc.
   535 Dock Street, Ste 108
5  Tacoma WA 98402

6      DATED this 26th day of October, 2015.

7

8                          _____
                           HA THU DAO   WSBA#21793
9

10              **CERTIFICATE OF MAILING**

11     I hereby certify that on October 26, 2015, I caused to be filed with the Court and
   delivered the foregoing Notice of Withdrawal by Co-Counsel to the following parties via First
12  Class Mail:

13  Barbara Bolero, Esq.
   Marshall & Weibel, PS
14  720 Olive Way, Ste 1201
   Seattle, WA 98101
15
   Antoinette M. Davis, Esq.
16  Antoinette M. Davis Law PLLC
   528 Third Ave W., Ste 102
17  Seattle WA 98119

18  Elizabeth Powell, Esq.
   Elizabeth Powell, PS, Inc.
19  535 Dock Street, Ste 108
   Tacoma WA 98402

20
   DATED this 26th day of October, 2015.
21

22                          _____
                           HA THU DAO
23

24

NOTICE OF WITHDRAWAL BY CO-COUNSEL            2

Case 3:16-cv-05693-RJB    Document XX    Filed 10/20/16    Page 171 of 222

REC'D & FILED
MASON CO. WA.

(18)    2015 NOV -2 A 10: 21

GINGER BROOKS. CO. CLERK

BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| MARTIN ZAZUETA, individually and in the marital community,<br><br>                Plaintiff,<br><br>     v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>                Defendant. | NO. 15-2-00356-2<br><br>DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT |

## I.    ANSWER

COMES NOW Defendant Nationstar Mortgage LLC ("Nationstar"), by and through its counsel, and submits the following Answer and Affirmative Defenses to Plaintiff's Complaint for Injunctive Relief for Violations of the Washington Consumer Loan Act, the Washington Consumer Protection Act, and the Washington Collection Agency Act, *Inter Alia*:

### *[I. STATEMENT OF THE CASE]*                    36

1.      Section I of Plaintiff's Complaint is a summary of Plaintiff's claims containing legal conclusions requiring no response from Nationstar. To the extent a

DEFENDANT NATIONSTAR
MORTGAGE LLC'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT - 1

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

ORIGINAL

1   response may be required, Nationstar admits that the State of Washington Department of

2   Financial Institutions Division of Consumer Services ("DFI") issued a Resolution and

3   Closure of [Plaintiff's] Complaint dated September 17, 2014 (the "DFI Resolution"), and

4   that document speaks for itself. Nationstar further admits that on occasion it provided

5   Plaintiff with inconsistent information. Nationstar denies that the information was

6   misleading and that it forced Plaintiff into foreclosure, and demands strict proof thereof.

7   Nationstar is without sufficient information to admit or deny the remaining allegations of

8   Section I, and therefore denies same and demands strict proof thereof.

9                                      ***[II. PARTIES]***

10       2.     On information and belief, Nationstar admits the allegations of Paragraph

11   2.1.

12       3.     Nationstar admits the allegations of Paragraph 2.2 that Plaintiff owes a debt

13   for his residential mortgage loan, which Nationstar services (the "Loan").

14       4.     Paragraph 2.3 of Plaintiff's Complaint contains legal conclusions requiring

15   no response from Nationstar. To the extent a response may be required, Nationstar denies

16   the allegations of Paragraph 2.3, and demands strict proof thereof.

17       5.     Nationstar admits the allegations of Paragraph 2.4 that it is a Delaware

18   limited liability company conducting business in the State of Washington and that it was

19   assigned a Uniform Business Identifier number of 602110305 by the State of Washington.

20   The remainder of Paragraph 2.4 of Plaintiff's Complaint contains legal conclusions

21   requiring no response from Nationstar.

22

23

24

25   DEFENDANT NATIONSTAR           MARSHALL & WEIBEL, P.S.
      MORTGAGE LLC'S ANSWER         720 OLIVE WAY, SUITE 1201
      AND AFFIRMATIVE DEFENSES     SEATTLE, WASHINGTON 98101-1801
      TO PLAINTIFF'S COMPLAINT - 2     206/622-5306 FAX: 206/622-0354

1      6.     Paragraph 2.5 of Plaintiff's Complaint contains legal conclusions requiring

2  no response from Nationstar. To the extent a response may be required, Nationstar admits

3  that it attempts to collect amounts due on the mortgage loans which it services and enforce

4  the liens which secure those loans in Washington State and elsewhere.

5      7.     On information and belief, Nationstar denies the allegations of Paragraph

6  2.6 that it currently holds a Washington State Collection Agency License, and demands

7  strict proof thereof. By way of further response, Nationstar admits that a Collection

8  Agency branch license under its UBI number is currently active for a location not involved

9  in Plaintiff's mortgage loan.

10     8.     Paragraph 2.7 of Plaintiff's Complaint contains legal conclusions requiring

11  no response from Nationstar. To the extent a response may be required, Nationstar denies

12  the allegations of Paragraph 2.7, and demands strict proof thereof.

13                       *[III. JURISDICTION AND VENUE]*

14     9.     Paragraph 3.1 of Plaintiff's Complaint contains legal conclusions requiring

15  no response from Nationstar. To the extent a response may be required, Nationstar admits

16  that if the acts on which Plaintiff's claims are based occurred in Mason County, venue in

17  Mason County is appropriate.

18     10.    Paragraph 3.2 of Plaintiff's Complaint contains legal conclusions requiring

19  no response from Nationstar. To the extent a response may be required, Nationstar admits

20  that if the acts on which Plaintiff's claims are based occurred in Mason County, venue in

21  Mason County is appropriate. Nationstar denies the remaining allegations of Paragraph

22  3.2, and demands strict proof thereof.

23

24

25  DEFENDANT NATIONSTAR
MORTGAGE LLC'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT - 3

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

11.     Paragraph 3.3 of Plaintiff's Complaint contains legal conclusions requiring no response from Nationstar. To the extent a response may be required, Nationstar admits that if the acts on which Plaintiff's claims are based occurred in Mason County, venue in Mason County is appropriate. Nationstar denies the remaining allegations of Paragraph 3.3, and demands strict proof thereof.

12.     Paragraph 3.4 of Plaintiff's Complaint contains legal conclusions requiring no response from Nationstar. To the extent a response may be required, Nationstar admits that if the acts on which Plaintiff's claims are based occurred in Mason County, venue in Mason County is appropriate. Nationstar denies the remaining allegations of Paragraph 3.4, and demands strict proof thereof.

13.     Nationstar denies the allegations of the second Paragraph 3.2 *(sic)*, and demands strict proof thereof.

### *[IV. FACTS]*

14.     Paragraph 4.1 of Plaintiff's Complaint contains opinions and legal conclusions requiring no response from Nationstar. To the extent a response may be required, Nationstar denies the allegations of Paragraph 4.1, and demands strict proof thereof.

15.     Nationstar denies the allegations of Paragraph 4.2, and demands strict proof thereof.

16.     Nationstar admits the allegations of Paragraph 4.3 that on occasion it provided Plaintiff with inconsistent information. Nationstar denies that the information was misleading, and demands strict proof thereof.

DEFENDANT NATIONSTAR
MORTGAGE LLC'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT - 4

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

17.     Nationstar is without sufficient information to admit or deny the allegations of Paragraph 4.4 as to Plaintiff's ability, and therefore denies same and demands strict proof thereof.  Nationstar denies the remaining allegations of Paragraph 4.4, and demands strict proof thereof.

18.     Nationstar admits the allegations of Paragraph 4.5.

19.     Nationstar admits the allegations of Paragraph 4.6 that it sent a Notice of Pre-Foreclosure Options to Plaintiff dated June 12, 2014.  Nationstar denies the remaining allegations of Paragraph 4.6, and demands strict proof thereof.

20.     Nationstar is without sufficient information to admit or deny the allegations of Paragraph 4.7, and therefore denies same and demands strict proof thereof.

21.     Nationstar is without sufficient information to admit or deny the allegations of Paragraph 4.8, and therefore denies same and demands strict proof thereof.

22.     Nationstar admits the allegations of Paragraph 4.9 that it sent Plaintiff another Notice of Pre-Foreclosure Options before June 12, 2014.  Nationstar is currently without sufficient information to admit or deny the remaining allegations of Paragraph 4.9, and therefore denies same and demands strict proof thereof.

23.     Nationstar admits the allegations of Paragraph 4.10 that it sent Plaintiff a Mortgage Loan Statement dated August 11, 2014, and that that document speaks for itself.

24.     Nationstar admits the allegations of Paragraph 4.11 that it sent Plaintiff correspondence dated August 19, 2014, and that that document speaks for itself.

DEFENDANT NATIONSTAR
MORTGAGE LLC'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT - 5

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1       25.    Nationstar admits the allegations of Paragraph 4.12 that it sent a few pre-

2 foreclosure referral letters to Plaintiff in August 2014. Nationstar denies the remaining

3 allegations of Paragraph 4.12, and demands strict proof thereof.

4       26.    Nationstar denies the allegations of Paragraph 4.13, and demands strict

5 proof thereof.

6       27.    The allegations of Paragraph 4.14 are not sufficiently specific for Nationstar

7 to admit or deny them, such that Nationstar is without sufficient information to admit or

8 deny the allegations of Paragraph 4.14, and therefore denies same and demands strict proof

9 thereof.

10      28.    Nationstar admits the allegations of Paragraph 4.15 that on June 18, 2014,

11 Plaintiff filed a Complaint against Nationstar with DFI, and that that document speaks for

12 itself.

13      29.    Paragraph 4.16 of Plaintiff's Complaint contains opinions and legal

14 conclusions requiring no response from Nationstar. To the extent a response may be

15 required, Nationstar admits that DFI's website states: "The Washington State Department

16 of Financial Institutions (DFI) regulates and examines a variety of state chartered financial

17 services. The Department also provides education and outreach to protect consumers from

18 financial fraud."

19      30.    Nationstar admits the allegations of Paragraph 4.17 that on September 17,

20 2014, the DFI Resolution was issued, and that that document speaks for itself. Nationstar

21 denies the remaining allegations of Paragraph 4.17, and demands strict proof thereof.

22

23

24

25 DEFENDANT NATIONSTAR
MORTGAGE LLC'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT - 6

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1    31.    Nationstar is without sufficient information to admit or deny the

2    allegations of Paragraph 4.18, and therefore denies same and demands strict proof thereof.

3    32.    Paragraph 4.19 contains a claim for relief requiring no response from

4    Nationstar. To the extent a response may be required, Nationstar denies the allegations of

5    Paragraph 4.19, and demands strict proof thereof.

6    ### *[V. FIRST CAUSE OF ACTION]*

7    *[Consumer Loan Act Violation - Per Se Consumer Protection Act Violation]*

8    33.    Responding to Paragraph 5.1, Nationstar incorporates its responses to

9    Section I and Paragraphs 2.1 through 4.19 of Plaintiff's Complaint as if fully set forth

10   hereat.

11   34.    Paragraph 5.2 of Plaintiff's Complaint contains legal conclusions requiring

12   no response from Nationstar. To the extent a response may be required, Nationstar asserts

13   that RCW 31.04.208 speaks for itself.

14   35.    Paragraph 5.3 of Plaintiff's Complaint contains legal conclusions requiring

15   no response from Nationstar. To the extent a response may be required, Nationstar asserts

16   that RCW 31.04.027(2) speaks for itself.

17   36.    Paragraph 5.4 of Plaintiff's Complaint contains legal conclusions requiring

18   no response from Nationstar. To the extent a response may be required, Nationstar asserts

19   that RCW 31.04.015(18) speaks for itself.

20   37.    Paragraph 5.5 of Plaintiff's Complaint contains legal conclusions requiring

21   no response from Nationstar. To the extent a response may be required, Nationstar asserts

22   that RCW 31.04.015(10) speaks for itself.

23

24

25   DEFENDANT NATIONSTAR
     MORTGAGE LLC'S ANSWER
     AND AFFIRMATIVE DEFENSES
     TO PLAINTIFF'S COMPLAINT - 7

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

Case 3:16-cv-05693-RJB   Document 8-1   Filed 1/16/2016   Page 178 of 222

1        38.    Paragraph 5.6 of Plaintiff's Complaint contains legal conclusions requiring

2  no response from Nationstar.  To the extent a response may be required, Nationstar asserts

3  that RCW 31.04.015(9) speaks for itself.

4        39.    Paragraph 5.7 of Plaintiff's Complaint contains legal conclusions requiring

5  no response from Nationstar.  To the extent a response may be required, Nationstar asserts

6  that RCW 31.04.015(26) speaks for itself.

7        40.    Paragraph 5.8 of Plaintiff's Complaint contains legal conclusions requiring

8  no response from Nationstar.  To the extent a response may be required, Nationstar admits

9  the allegation of Paragraph 5.8 that Plaintiff is an individual.  Nationstar is without

10  sufficient information to admit or deny the remaining allegations of Paragraph 5.8, and

11  therefore denies same and demands strict proof thereof.

12        41.    Paragraph 5.9 of Plaintiff's Complaint contains legal conclusions requiring

13  no response from Nationstar.  To the extent a response may be required, Nationstar admits

14  that it holds an NMLS license to service mortgage loans in the State of Washington.

15  Nationstar is without sufficient information to admit or deny the remaining allegations of

16  Paragraph 5.8, and therefore denies same and demands strict proof thereof.

17        42.    Nationstar denies the allegations of Paragraph 5.10, and demands strict

18  proof thereof.

19        43.    Nationstar denies the allegations of Paragraph 5.11, and demands strict

20  proof thereof.

21        44.    Nationstar is without sufficient information to admit or deny the allegations

22  of Paragraph 5.12, and therefore denies same and demands strict proof thereof.

23

24

25  DEFENDANT NATIONSTAR
     MORTGAGE LLC'S ANSWER
     AND AFFIRMATIVE DEFENSES
     TO PLAINTIFF'S COMPLAINT - 8

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1    45.    Paragraph 5.13 of Plaintiff's Complaint contains legal conclusions requiring

2    no response from Nationstar.  To the extent a response may be required, Nationstar denies

3    the allegations of Paragraph 5.13, and demands strict proof thereof.

4    46.    Paragraph 5.14 of Plaintiff's Complaint contains legal conclusions requiring

5    no response from Nationstar.  To the extent a response may be required, Nationstar denies

6    the allegations of Paragraph 5.14, and demands strict proof thereof.

7    47.    Paragraph 5.15 contains a claim for relief, opinions, and legal conclusions

8    requiring  no  response  from  Nationstar.    To  the  extent  a  response  may  be  required,

9    Nationstar denies the allegations of Paragraph 5.15, and demands strict proof thereof.

10   ### *[VI.  SECOND CAUSE OF ACTION]*

11   ### *[Washington Collection Agency Act Violation – Per Se Consumer Protection Act*

12   ### *Violation]*

13   49.    Responding  to  Paragraph  6.1,  Nationstar  incorporates  its  responses  to

14   Section I and Paragraphs 2.1 through 5.15 of Plaintiff's Complaint as if fully set forth

15   hereat.

16   50.    Paragraph 6.2 of Plaintiff's Complaint contains legal conclusions requiring

17   no response from Nationstar.  To the extent a response may be required, Nationstar asserts

18   that RCW 19.16.440 speaks for itself.

19   51.    Paragraph 6.3 of Plaintiff's Complaint contains legal conclusions requiring

20   no response from Nationstar.  To the extent a response may be required, Nationstar asserts

21   that RCW 19.16.100(2) speaks for itself.

22

23

24

25   DEFENDANT NATIONSTAR
     MORTGAGE LLC'S ANSWER
     AND AFFIRMATIVE DEFENSES
     TO PLAINTIFF'S COMPLAINT - 9

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1   52.   Paragraph 6.4 of Plaintiff's Complaint contains legal conclusions requiring

2   no response from Nationstar.  To the extent a response may be required, Nationstar asserts

3   that RCW 19.16.100(11) speaks for itself.

4   53.   Paragraph 6.5 of Plaintiff's Complaint contains legal conclusions requiring

5   no response from Nationstar.  To the extent a response may be required, Nationstar asserts

6   that RCW 19.16.100(9) speaks for itself.

7   54.   Paragraph 6.6 of Plaintiff's Complaint contains legal conclusions requiring

8   no response from Nationstar.  To the extent a response may be required, on information

9   and belief, Nationstar denies the allegations of Paragraph 6.6 that it currently holds a

10  Washington State Collection Agency License, and demands strict proof thereof.  By way

11  of further response, Nationstar admits that a Collection Agency branch license under its

12  UBI number is currently active for a location not involved in Plaintiff's mortgage loan.

13  Nationstar denies the remaining allegations of Paragraph 6.6, and demands strict proof

14  thereof.

15  55.   Paragraph 6.7 of Plaintiff's Complaint contains legal conclusions requiring

16  no response from Nationstar.  To the extent a response may be required, Nationstar asserts

17  that RCW 19.16.100(5) speaks for itself.  Nationstar denies the remaining allegations of

18  Paragraph 6.7, and demands strict proof thereof.

19  56.   Paragraph 6.8 of Plaintiff's Complaint contains legal conclusions requiring

20  no response from Nationstar.  To the extent a response may be required, Nationstar asserts

21  that RCW 19.16.100(11) speaks for itself.  Nationstar denies the remaining allegations of

22  Paragraph 6.8, and demands strict proof thereof.

23

24

25  DEFENDANT NATIONSTAR
    MORTGAGE LLC'S ANSWER
    AND AFFIRMATIVE DEFENSES
    TO PLAINTIFF'S COMPLAINT - 10

1    57.    Paragraph 6.9 of Plaintiff's Complaint contains legal conclusions requiring
2    no response from Nationstar.  To the extent a response may be required, Nationstar asserts
3    that RCW 19.16.250(16) speaks for itself.

4    58.    Paragraph 6.10 of Plaintiff's Complaint contains legal conclusions requiring
5    no response from Nationstar.  To the extent a response may be required, Nationstar asserts
6    that RCW 19.16.250(15) speaks for itself.

7    59.    Paragraph 6.11 of Plaintiff's Complaint contains legal conclusions requiring
8    no response from Nationstar.  To the extent a response may be required, Nationstar asserts
9    that RCW 19.16.250(21) speaks for itself.

10   60.    Nationstar denies the allegations of Paragraph 6.12, and demands strict
11   proof thereof.

12   61.    Nationstar denies the allegations of Paragraph 6.13, and demands strict
13   proof thereof.

14   62.    Paragraph 6.14 of Plaintiff's Complaint contains legal conclusions requiring
15   no response from Nationstar.  To the extent a response may be required, Nationstar asserts
16   that RCW 19.86.020 speaks for itself.

17   63.    Paragraph 6.15 of Plaintiff's Complaint contains legal conclusions requiring
18   no response from Nationstar.  To the extent a response may be required, Nationstar asserts
19   that RCW 19.16.440 speaks for itself.

20   64.    Nationstar is without sufficient information to admit or deny the allegations
21   of Paragraph 6.16, and therefore denies same and demands strict proof thereof.

22

23

24

25   DEFENDANT NATIONSTAR
     MORTGAGE LLC'S ANSWER
     AND AFFIRMATIVE DEFENSES
     TO PLAINTIFF'S COMPLAINT - 11

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

65.     Paragraph 6.17 of Plaintiff's Complaint contains legal conclusions requiring no response from Nationstar. To the extent a response may be required, Nationstar denies the allegations of Paragraph 6.17, and demands strict proof thereof.

66.     Paragraph 6.18 of Plaintiff's Complaint contains legal conclusions requiring no response from Nationstar. To the extent a response may be required, Nationstar denies the allegations of Paragraph 6.18, and demands strict proof thereof.

67.     Paragraph 6.19 contains a claim for relief, opinions, and legal conclusions requiring no response from Nationstar. To the extent a response may be required, Nationstar denies the allegations of Paragraph 6.19, and demands strict proof thereof.

## *[VII.   THIRD CAUSE OF ACTION]*

### *[Consumer Protection Act Violation]*

68.     Responding to Paragraph 7.1, Nationstar incorporates its responses to Section I and Paragraphs 2.1 through 6.19 of Plaintiff's Complaint as if fully set forth hereat.

69.     Paragraph 7.2 of Plaintiff's Complaint contains legal conclusions requiring no response from Nationstar. To the extent a response may be required, Nationstar asserts that RCW 19.86.020 speaks for itself.

70.     Paragraph 7.3 of Plaintiff's Complaint contains opinions and legal conclusions requiring no response from Nationstar. To the extent a response may be required, Nationstar denies the allegations of Paragraph 7.3, and demands strict proof thereof.

DEFENDANT NATIONSTAR
MORTGAGE LLC'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT - 12

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

71.     Paragraph 7.4 of Plaintiff's Complaint contains opinions and legal conclusions requiring no response from Nationstar. To the extent a response may be required, Nationstar asserts the cited authorities speak for themselves. Nationstar denies the remaining allegations of Paragraph 7.4, and demands strict proof thereof.

72.     Paragraph 7.5 of Plaintiff's Complaint contains opinions, legal conclusions, and argument requiring no response from Nationstar. To the extent a response may be required, Nationstar asserts the cited authorities speak for themselves.

73.     Paragraph 7.6 of Plaintiff's Complaint contains opinions, legal conclusions, and argument requiring no response from Nationstar. To the extent a response may be required, Nationstar asserts that 15 U.S.C. §45(a)(1) speaks for itself.

74.     Paragraph 7.7 of Plaintiff's Complaint contains opinions, legal conclusions, and argument requiring no response from Nationstar. To the extent a response may be required, Nationstar asserts that the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.,* speaks for itself.

75.     Paragraph 7.8 of Plaintiff's Complaint contains opinions, legal conclusions, and argument requiring no response from Nationstar. To the extent a response may be required, Nationstar asserts the cited authorities speak for themselves.

76.     Paragraph 7.9 of Plaintiff's Complaint contains opinions, legal conclusions, and argument requiring no response from Nationstar. To the extent a response may be required, Nationstar asserts the cited authorities speak for themselves.

77.     Paragraph 7.10 of Plaintiff's Complaint contains opinions, legal conclusions, and argument requiring no response from Nationstar. To the extent a

DEFENDANT NATIONSTAR
MORTGAGE LLC'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT - 13

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1 | response may be required, Nationstar asserts the cited authorities speak for themselves.
2 | Nationstar denies the remaining allegations of Paragraph 7.10, and demands strict proof
3 | thereof.

4 |      78.     Paragraph 7.11 of Plaintiff's Complaint contains opinions, legal
5 | conclusions, and argument requiring no response from Nationstar. To the extent a
6 | response may be required, Nationstar asserts that the Fair Debt Collection Practices Act, 15
7 | U.S.C. §1692, *et seq.,* speaks for itself.

8 |      79.     Nationstar denies the allegations of Paragraph 7.12, and demands strict
9 | proof thereof.

10 |      80.     Paragraph 7.13 of Plaintiff's Complaint contains opinions, legal
11 | conclusions, and argument requiring no response from Nationstar. To the extent a
12 | response may be required, Nationstar denies the allegations of Paragraph 7.13, and
13 | demands strict proof thereof.

14 |      81.     Nationstar denies the allegations of Paragraph 7.14, and demands strict
15 | proof thereof.

16 |      82.     Nationstar denies the allegations of Paragraph 7.15, and demands strict
17 | proof thereof.

18 |      83.     Nationstar is without sufficient information to admit or deny the allegations
19 | of Paragraph 7.16, and therefore denies same and demands strict proof thereof.

20 |      84.     Paragraph 7.17 of Plaintiff's Complaint contains legal conclusions requiring
21 | no response from Nationstar. To the extent a response may be required, Nationstar denies
22 | the allegations of Paragraph 7.17, and demands strict proof thereof.

23 |

24 |

25 | DEFENDANT NATIONSTAR
MORTGAGE LLC'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT - 14

1      85.    Paragraph 7.18 of Plaintiff's Complaint contains legal conclusions requiring

2  no response from Nationstar.  To the extent a response may be required, Nationstar denies

3  the allegations of Paragraph 7.18, and demands strict proof thereof.

4      86.    Paragraph 7.19 contains a claim for relief, opinions, and legal conclusions

5  requiring no response from Nationstar.  To the extent a response may be required,

6  Nationstar denies the allegations of Paragraph 7.19, and demands strict proof thereof.

7              **II.    AFFIRMATIVE DEFENSES**

8      Having fully answered Plaintiff's Complaint, Nationstar asserts the following

9  affirmative defenses, subject to withdrawal after investigation and discovery are

10  completed:

11      1.    Plaintiff's claims are barred in whole or in part by applicable statutes of

12  limitation.

13      2.    Plaintiff is precluded from obtaining the relief requested by virtue of

14  estoppel, waiver, unclean hands, and/or laches.

15      3.    Plaintiff's Complaint fails to state a claim upon which relief may be

16  granted.

17      4.    Plaintiff has not suffered any actionable damages proximately caused by or

18  attributable to, in whole or in part, the fault, negligence, and/or conduct of Nationstar

19  and/or any of its affiliates.

20      5.    The damages suffered by Plaintiff, if any, were proximately caused by or

21  attributable to, in whole or in part, persons or entities other than Nationstar and/or any of

22  its affiliates.

23

24

25  DEFENDANT NATIONSTAR
      MORTGAGE LLC'S ANSWER
      AND AFFIRMATIVE DEFENSES
      TO PLAINTIFF'S COMPLAINT - 15

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

6. The damages suffered by Plaintiff, if any, were proximately caused by or attributable to, in whole or in part, the contributory fault, negligence, or conduct of Plaintiff.

7. The damages suffered by Plaintiff, if any, must be apportioned according to the relative contributory fault or negligence of Plaintiff.

8. Plaintiff has failed to mitigate his damages, if any.

9. Plaintiff suffered no loss from the actions of Nationstar.

10. Nationstar is entitled to a set-off against any judgment in the amount Plaintiff continues to owe on his loan obligation.

11. Plaintiff's claims are barred by the doctrine of accounts stated.

12. Plaintiff has failed to plead with particularity those claims for which he is required to do so.

13. Plaintiff has failed to satisfy conditions precedent.

14. Plaintiff's damages, if any, are offset by Plaintiff's unjust enrichment to the extent he has occupied the subject property without making the required loan payments.

15. Plaintiff's damages, if any, are barred by the Independent Duty Rule.

16. Some or all of Plaintiff's claims may be barred under RCW 19.86.170 and/or RCW 19.86.920.

17. The Court may lack jurisdiction over Answering Defendants due to failure of service and/or insufficient service of process.

18. Answering Defendants reserve the right to plead other affirmative defenses as may be warranted by further investigation and discovery.

DEFENDANT NATIONSTAR
MORTGAGE LLC'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT - 16

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

# III.    PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint and asserted its Affirmative Defenses, Defendant Nationstar Mortgage LLC prays for the following relief:

1.      Dismissal of Plaintiff' Complaint with prejudice;

2.      An award of Nationstar's attorney's fees, expenses, and litigation costs; and

3.      Such other and further relief in favor of Nationstar as the Court deems just and proper.

DATED this 29th day of October, 2015.

MARSHALL & WEIBEL, P.S.

By: _____

David A. Weibel, WSBA No. 24031
Barbara L. Bollero, WSBA No. 28906
*Attorneys for Defendant*
*Nationstar Mortgage LLC*

DEFENDANT NATIONSTAR
MORTGAGE LLC'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT - 17

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1                         **DECLARATION OF SERVICE**

2         I hereby declare under penalty of perjury of the laws of the State of Washington and

3 the United States of America that on this 29th day of October, 2015, I caused to be delivered a

4 copy of the foregoing Answer and Affirmative Defenses to the following in the manner

5 indicated:

6 Antoinette M. Davis              [X] By United States Mail

7 ANTOINETTE M. DAVIS LAW, PLLC    [  ] By Legal Messenger
528 3rd Ave W, Ste 102            [  ] By Federal Express

8 Seattle, WA 98119              [X] By Facsimile 206-905-5910
Attorneys for Plaintiff

9
Elizabeth Powell                [X] By United States Mail

10 ELIZABETH POWELL PS INC       [  ] By Legal Messenger
535 Dock Street, Ste 108          [  ] By Federal Express

11 Tacoma, WA 98402             [  ] By Facsimile
Attorneys for Plaintiff          [X] By Email

12

13 Ha Thu Dao                  [X] By United States Mail

14 GRAND CENTRAL LAW, PLLC     [  ] By Legal Messenger
787 Maynard Ave S             [  ] By Federal Express

15 Seattle, WA 98104             [  ] By Facsimile
Attorneys for Plaintiff          [X] By Email

16

17        Signed this 29th day of October, 2015, at Seattle, Washington.

18                     MARSHALL & WEIBEL, P.S.

19

20                     Tamorah L. Burt, Legal Assistant

21

22

23

24

25 DEFENDANT NATIONSTAR           MARSHALL & WEIBEL, P.S.
MORTGAGE LLC'S ANSWER        720 OLIVE WAY, SUITE 1201
AND AFFIRMATIVE DEFENSES     SEATTLE, WASHINGTON 98101-1801
TO PLAINTIFF'S COMPLAINT - 18    206/622-5306 FAX: 206/622-0354

REC'D & FILED
HASON CO. WA.

2015 NOV 18 P 4:08

GINGER BROOKS, CO. CLERK

BY_____DEPUTY

**SUPERIOR COURT OF WASHINGTON**
**FOR COUNTY OF MASON**

| | |
|---|---|
| MARTIN ZAZUETA, | NO. 15-2-00356-2 |
| Plaintiff, | NOTICE SETTING STATUS CONFERENCE |
| vs. | |
| NATIONSTAR MORTGAGE LLC, a Delaware Limited liability company, | *Calendared By* |
| Defendant(s). | **[NTSC]** |

Pursuant to Mason County Local Superior Court Civil Rule LCR 40 (copies will be provided upon request) you are notified that a status conference is set for **8:45 a.m.** on **Tuesday, December 8ᵗʰ, 2015,** in Mason County Superior Court. This status conference may be held by a telephone conference call as follows:

*CONFERENCE CALLS ARE NOT INITIATED BY THE COURT. THE PARTIES ARE RESPONSIBLE FOR SETTING UP THE CONFERENCE CALL WITH ALL PARTIES WISHING TO PARTICIPATE IN THE CONFERENCE CALL ON THE LINE PRIOR TO PLACING THE CALL TO (360)427-8440.*

Dated: November 18 , 2015.

Rachelle Osman
Calendar Assistant

37

ORDER - 1
*[forms/status.ord]*

STAHRG/OR/ORSSC/ORPTH/ORSTD/ORTRMA

*I herby certify under penalty of perjury under the laws of the State of Washington that I mailed a conformed copy of this document, postage prepaid, on* 11/18_____, *2015, to the following: [Signed By* ~~Rachelle Osman~~_____ *on* 11/8___, *2015 at Shelton, WA].*

ATTORNEYS FOR PLAINIFF:
Antoinette Davis
Attorney at Law
528 3rd Ave., West, Ste 108
Seattle, WA 98119

ATTORNEY FOR PLAINTIFF:
Elizabeth Powell
535 Dock Street, Ste. 108
Tacoma, WA  98402

ATTORNEY FOR DEFENDANTS:
Barbara Bollero and David Weibel
Attorney at Law
720 Olive Way, Ste. 1201
Seattle, WA  98101-1801

REC'D & FILED
MASON CO. WA.

2015 NOV 30 P 3:16 (3)

GINGER BROOKS. CO. CLERK

BY_____DEPUTY

1

2

3

4

5

6 IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

7

8 MARTIN ZAZUETA, individually and in the
9 marital community,

10                     Plaintiff,          NO. 15-2-00356-2
                v.
11                                         **NOTICE OF UNAVAILABILITY**

NATIONSTAR MORTGAGE LLC, a
12 Delaware limited liability company,

13                     Defendant.

14 TO:    Clerk of the above-entitled Court
15 AND TO:    Antoinette M. Davis and Elizabeth Powell, Attorneys
              For Plaintiff



16

17      **PLEASE TAKE NOTICE** that the undersigned attorney of record for Defendant

18 Nationstar Mortgage LLC will be absent from her office from December 17 – December

19 18, 2015, and December 23 – December 30, 2015.  During this absence, the undersigned

20 will not be available for personal contact or court appearances, and will be unavailable to

21 respond to any communications, pleadings, and/or motions that may be filed.

22

23

24

25 NOTICE OF UNAVAILABILITY - 1                    MARSHALL & WEIBEL, P.S.
                                                   720 OLIVE WAY, SUITE 1201
   ORIGINAL                                        SEATTLE, WASHINGTON 98101-1801
                                                   206/622-5306 FAX: 206/622-0354

1    It is requested that opposing counsel provide adequate and appropriate notice to the

2 undersigned with respect to any communications, pleadings, and/or motions such that any

3 response, reply, and/or court appearance may be accomplished and effected one week

4 before the commencement of Ms. Bollero's aforementioned absence, or that a minimum of

5 one week be allowed for the undersigned's response after the end of the period of her

6 absence.

7    The undersigned further requests that the Clerk of the Court transmit this

8 information whenever any motion or other matter is set within the time period stated

9 above.

10 DATED this **24th** day of November, 2015.

11 MARSHALL & WEIBEL, P.S.

12

13 Barbara L. Bollero, WSBA #28906
720 Olive Way, Suite 1201

14 Seattle, WA 98101
Phone: (206) 622-5306, Ext. 5918

15 *Attorneys for Defendant Nationstar Mortgage LLC*

16

17

18

19

20

21

22

23

24

25

NOTICE OF UNAVAILABILITY - 2

# DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that on the 24 day of November, 2015 caused to be delivered to the following addressees a copy of the foregoing in the manner indicated below:

Antoinette M. Davis                           [ ] By United States Mail
ANTOINETTE M. DAVIS LAW, PLLC     [X] By Legal Messenger
528 3rd Ave W, Ste 102                      [ ] By Federal Express
Seattle, WA 98119                             [ ] By Facsimile
Attorneys for Plaintiff

Elizabeth Powell                               [ ] By United States Mail
ELIZABETH POWELL PS INC            [X] By Legal Messenger
535 Dock Street, Ste 108                     [ ] By Federal Express
Tacoma, WA 98402                            [ ] By Facsimile
Attorneys for Plaintiff                         [ ] By Email:

Dated this 24 day of November, 2015, at Seattle, Washington.

_Tamorah L. Burt_, Legal Assistant

MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

Case 3:14-cv-05899-RJB Document 9-1 Filed 10/28/16 Page 194 of 222



SUPERIOR COURT OF WASHINGTON
COUNTY OF MASON

MARTIN ZAZUETA, individually and in the
marital community

                Plaintiff,

      v.

NATIONSTAR MORTGAGE LLC, a
Delaware limited liability company,

    Defendant.

NO.   15-2-00356-2

[~~PROPOSED~~]
ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

**ORIGINAL**

39

     THE UNDERSIGNED COURT heard Defendant NATIONSTAR MORTGAGE LLC's

Motion to Dismiss pursuant to Civil Rule 12(b)(6), Defendant Nationstar Mortgage LLC

appearing by its counsel, Barbara L. Bollero of Marshall and Weibel, P.S., and Plaintiff Martin

Zazueta appearing by and through Elizabeth Powell. The Court considered all the pleadings

submitted by both parties in support of and opposition to the motion. The Court heard the

arguments of counsel.

*ORDER DENYING DEFENDANT'S MOTION*
*FOR 12(b)(6) DISMISSAL*          1 of 3

Elizabeth Powell PS Inc
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518, fax 1(425)663-7939
powelllaw@comcast.net

Defendant withdrew its request that the Court take Judicial Notice, and the Court denied

Plaintiff's Request for Judicial Notice. The Court further determined that Plaintiff has stated a

claim for violation of the Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"), as (1) a *per se*

violation of the Collection Agency Act, RCW 19.16, *et seq.* ("CAA"); (2) a *per se* violation of

the Consumer Loan Act, RCW 31.04, *et seq.* ("CLA"); and (3) a general violation of the CPA.

Therefore, Defendant's CR12(b)6 Motion to Dismiss is denied. A copy of the transcript

of the oral ruling given by this Court is attached hereto and incorporated by reference as if fully

set forth herein.

IT IS SO ORDERED. DATED this __1__ day December 2015.


_____
HON. DANIEL L. GOODELL,
JUDGE OF THE MASON COUNTY SUPERIOR COURT




Presented by:                                          Approved as to Form; Notice of
                                                       Presentation Waived:

*Elizabeth Powell, PS Inc.*                            *Marshall & Weibel, P.S.*

_____                      *see signature attached*
                                                       _____
Elizabeth Powell, WSBA No. 30152                       Barbara L. Bollero, WSBA No. 28906

*ORDER DENYING DEFENDANT'S MOTION*
*FOR 12(b)(6) DISMISSAL*                    2 of 2

Defendant withdrew its request that the Court take Judicial Notice, and the Court denied Plaintiff's Request for Judicial Notice. The Court further determined that Plaintiff has stated a claim for violation of the Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"), as (1) a *per se* violation of the Collection Agency Act, RCW 19.16, *et seq.* ("CAA"); (2) a *per se* violation of the Consumer Loan Act, RCW 31.04, *et seq.* ("CLA"); and (3) a general violation of the CPA.

Therefore, Defendant's CR12(b)6 Motion to Dismiss is denied. A copy of the transcript of the oral ruling given by this Court is attached hereto and incorporated by reference as if fully set forth herein.

IT IS SO ORDERED. DATED this ____ day of October, 2015.

_____

HON. DANIEL L. GOODELL,
JUDGE OF THE MASON COUNTY SUPERIOR COURT

Presented by:

Approved as to Form; Notice of Presentation Waived:

*Elizabeth Powell, PS Inc.*

*Marshall & Weibel, P.S.*

Elizabeth Powell, WSBA No. 30152

Barbara L. Bollero, WSBA No. 28906

*ORDER DENYING DEFENDANT'S MOTION FOR 12(b)(6) DISMISSAL*

2 of 2

Case 3:16-cv-05693-RJB   Document 8-1 Filed 10/26/16   Page 197 of 222

REC'D & FILED
MASON CO. WA.

2015 OCT 20  A 10: 29

GINGER BROOKS, CO. CLERK

BY _____ DEPUTY

SUPERIOR COURT OF WASHINGTON
COUNTY OF MASON

MARTIN ZAZUETA, individually and in the marital community

                   Plaintiff,

      v.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

    Defendant.

NO.   15-2-00356-2

[ P R O P O S E D ]
ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

ORIGINAL

    THE UNDERSIGNED COURT heard Defendant NATIONSTAR MORTGAGE LLC's Motion to Dismiss pursuant to Civil Rule 12(b)(6). Defendant Nationstar Mortgage LLC appearing by its counsel, Barbara L. Bollero of Marshall and Weibel, P.S., and Plaintiff Martin Zazueta appearing by and through Elizabeth Powell. The Court considered all the pleadings submitted by both parties in support of and opposition to the motion. The Court heard the arguments of counsel.

*ORDER DENYING DEFENDANT'S MOTION FOR 12(b)(6) DISMISSAL.*

        1 of 2

Elizabeth Powell PS Inc
535 Dock Street, Suite 108
Tacoma, WA 98402
(253) 274-1518, fax 1(425)663-7939
powelllaw@comcast.net

Defendant withdrew its request that the Court take Judicial Notice, and the Court denied Plaintiff's Request for Judicial Notice. The Court further determined that Plaintiff has stated a claim for violation of the Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"), as (1) a *per se* violation of the Collection Agency Act, RCW 19.16, *et seq.* ("CAA"); (2) a *per se* violation of the Consumer Loan Act, RCW 31.04, *et seq.* ("CLA"); and (3) a general violation of the CPA.

Therefore, Defendant's CR12(b)6 Motion to Dismiss is denied. A copy of the transcript of the oral ruling given by this Court is attached hereto and incorporated by reference as if fully set forth herein.

IT IS SO ORDERED. DATED this _____ day of October, 2015.

_____
HON. DANIEL L. GOODELL,
JUDGE OF THE MASON COUNTY SUPERIOR COURT

Presented by:

Approved as to Form; Notice of
Presentation Waived:

*Elizabeth Powell, PS Inc.*

*Marshall & Weibel, P.S.*

Elizabeth Powell, WSBA No. 30152

Barbara L. Bollero, WSBA No. 28906

*ORDER DENYING DEFENDANT'S MOTION
FOR 12(b)(6) DISMISSAL*

2 of 2

REC'D & FILED
MASON CO. WA.

2015 DEC -8 A 10: 10 (3)

GINGER BROOKS, CO. CLERK

BY _____ DEPUTY



**SUPERIOR COURT OF WASHINGTON
FOR MASON COUNTY**

MARTIN ZAZUETA, individually and )  NO. 15-2-00356-2
and in the marital community )
 )
                              )  (1) ADDITIONAL STATUS CONFERENCE;
            Plaintiff, )  (2) DISCOVERY SCHEDULE;
 )  (3) DISPOSITIVE MOTIONS;
    vs. )  (4) TRIAL SETTING CONFERENCE;
 )  (5) SETTING TRIAL DATES; and/or
NATIONSTAR MORTGAGE, LLC, A Delware )  (6) TRANSFER TO ARBITRATION
limited liability company, )
 )  **STAHRG/OR/ORSSC/ORPTH/ORSTD/ORTRMA**
            Defendants. )
 )  *[Dates Calendared by: ___ ]*

A status conference having been held on the _____ day of _____,
20____ in this case; it is stipulated and ordered as follows:

[  ] 1. **ADDITIONAL STATUS CONFERENCE**. An additional status conference
        is set for the _____ day of _____, 20____ at _____
        ***CONFERENCE MAY BE DONE TELEPHONICALLY. ALL PARTIES WISHING TO
        PARTICIPATE BY CONFERENCE CALL MUST BE ON THE LINE PRIOR TO
        CALLING (360) 427-8440.***

[X] 2.  **DISCOVERY SCHEDULE**. The discovery schedule shall be as follows:

    [X] Discovery shall be permitted until the 30th day of June ,
        20 16 , to include service of the resultant product upon opposing
        counsel as appropriate for fact witnesses.

    [X] Plaintiff(s) shall disclose all people with knowledge and experts
        no later than the 29th day of February , 20 16 .

    [X] Defendant(s) shall disclose all people with knowledge and experts
        no later than the 31st day of March , 20 16 .
    [X] Any additional witnesses shall be disclosed by April 29, 2016.
[X] 3.  **DISPOSITIVE MOTIONS**. Dispositive motions shall be held by
        the 19th day of September , 20 16 .

[X] Additional scheduling information on second page.

ORDER - 1                              STAHRG/OR/ORSSC/ORPTH/ORSTD/ORTRMA
*[forms/status.ord]*

[✓] 4. **MEDIATION**.

    [✓] This matter shall be submitted to mediation pursuant to Mason County Superior Court LCR 40 and RCW 7.07 no later than the _30th_ day of _September_, 20 _16_.
    [ ] The mediator shall be _____.
    [ ] The cost of mediation shall be:
        [ ] split equally among the parties
        [ ] as determined in mediation
        [ ] other: _____

[✗] 5. **TRIAL SETTING CONFERENCE**. A trial setting conference is set for the _6th_ day of _October_, 20 _16_, at _8:30_ a.m. *CONFERENCE MAY BE DONE TELEPHONICALLY. ALL PARTIES WISHING TO PARTICIPATE BY TELEPHONE MUST BE ON THE LINE PRIOR TO CALLING (360) 427-8440.*

[ ] 6. **TRIAL DATE**. All civil trials are set secondary to criminal cases in the following order:

    [ ] *FIRST SET CIVIL.* The _____ day of _____, 20____, at _____a.m./p.m. through the _____ day of _____, 20____,
    Jury: [ ] No [ ] Yes [_____ - Person]

    [ ] *SECOND SET CIVIL.* The _____ day of _____, 20____, at _____a.m./p.m. through the _____ day of _____, 20____,
    Jury: [ ] No [ ] Yes [_____ - Person]
    First set case: _____ Cause No. _____

[ ] 7. **TRANSFER TO ARBITRATION**.
    [ ] This matter is subject to mandatory arbitration because the sole relief is the establishment, termination, or modification of maintenance or child support payments.
    [ ] This matter is subject to mandatory arbitration because the relief sought is a claim for money judgment and involves no claim in excess of $50,000.00, exclusive of attorney's fees, interest, and costs.
    [ ] The parties stipulate to transfer of this matter to arbitration.

[ ] 8. **OTHER**.
_Dated_
~~ORDERED~~ this ___8th___ day of _December_, 20 _16_.

_Robyn Lockwood_
_____
Judge / Court Commissioner/Court Administrator

ORDER - 2
[forms/status.ord]

STAHRG/OR/ORSSC/ORPTH/ORSTD/ORTRMA

*I herby certify under penalty of perjury under the laws of the State of Washington that I mailed a conformed copy of this document, postage prepaid, on* 12/8 ____, 2015, *to the following:* [Signed By _Rawville Osman_ on 12/8 , 2015 at Shelton, WA].

ATTORNEY FOR PLAINTIFFS:
Antoinette Davis ✓
Attorney at Law
528 3rd Ave., West, Ste. 102
Seattle, WA 98119

ATTORNEY FOR DEFENDANTS:
Barbara Bollero ✓
Attorney at Law
720 Olive Way, Ste. 1201
Seattle, WA 98101-1801

ORDER - 3
*[forms/status.ord]*

STAHRG/OR/ORSSC/ORPTH/ORSTD/ORTRMA

REC'D & FILED
MASON CO. WA.

2016 JAN 20  A 10 38

GINGER BROOKS, CO. CLERK

DEPUTY

1

2

3

4

5

6          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                 IN AND FOR THE COUNTY OF MASON

7

8   MARTIN ZAZUETA, individually and in the
    marital community,
9
                                              NO.  15-2-00356-2
              Plaintiff,
10                                            NOTICE OF WITHDRAWAL AND
        v.                                    SUBSTITUTION OF COUNSEL
11
    NATIONSTAR MORTGAGE LLC, a                [Clerk's Action Required]
12  Delaware limited liability company,

13            Defendant.

14  TO:    THE CLERK OF THE COURT; and

15  TO:    ALL PARTIES OF RECORD

16         **PLEASE TAKE NOTICE** that Barbara L. Bollero and the firm of Marshall &

17  Weibel, P.S., located at 720 Olive Way, Suite 1201, Seattle, WA 98101, hereby withdraw

18  as attorneys of record for Defendant Nationstar Mortgage LLC, and that Barbara L.

19  Bollero and the firm of Anglin Flewelling Rasmussen Campbell & Trytten LLP ("AFRCT

20  LLP"), located at 701 Pike Street, Suite 1560, Seattle, WA 98101, are hereby substituted as

21  attorneys of record for Defendant Nationstar Mortgage LLC in the above action.

22

23

24
    NOTICE OF WITHDRAWAL AND              MARSHALL & WEIBEL, P.S.
25  SUBSTITUTION OF COUNSEL  - 1          720 OLIVE WAY, SUITE 1201
                                          SEATTLE, WASHINGTON 98101-1801
    ORIGINAL                              206/622-5306  FAX:  206/622-0354

1   This withdrawal and substitution is effective January 18, 2016.  All further notices,

2   motions, applications, pleadings, and actions must be served on substituted counsel at the

3   address below:

4
5   Barbara L. Bollero
    AFRCT LLP
6   701 Pike Street, Suite 1560
    Seattle, WA  98101
7   Telephone:  (206) 492-2300
    Fax: 206-492-2319
8   Email: bbollero@afrct.com

9   DATED this 11th day of January, 2016, at Seattle, Washington.

10  | MARSHALL & WEIBEL, P.S. | AFRCT LLP |
11  | *Barbara L. Bollero* | *Barbara L. Bollero* |
12  | Barbara L. Bollero, WSBA #28906 | Barbara L. Bollero, WSBA #2896 |
    | Attorneys Withdrawing for Defendant | Attorneys Substituting for Defendant |
13  | Nationstar Mortgage LLC | Nationstar Mortgage LLC |

14

15

16

17

18

19

20

21

22

23

24
    NOTICE OF WITHDRAWAL AND              MARSHALL & WEIBEL, P.S.
25  SUBSTITUTION OF COUNSEL  - 2          720 OLIVE WAY, SUITE 1201
                                          SEATTLE, WASHINGTON 98101-1801
                                          206/622-5306 FAX:  206/622-0354

**DECLARATION OF SERVICE**

1

2   I hereby declare under penalty of perjury of the laws of the State of Washington and

3   the United States of America that on this 15 day of January, 2016, I caused to be delivered a

4   copy of the foregoing Notice of Withdrawal and Substitution of Counsel to the following in

5   the manner indicated:

6   Antoinette M. Davis                    [X] By United States Mail
    ANTOINETTE M. DAVIS LAW, PLLC          [  ] By Legal Messenger
7   528 3rd Ave W, Ste 102                 [  ] By Federal Express
    Seattle, WA  98119                     [  ] By Facsimile 206-905-5910
8   Attorneys for Plaintiff

9   Elizabeth Powell                       [X] By United States Mail
10  ELIZABETH POWELL PS INC                [  ] By Legal Messenger
    535 Dock Street, Ste 108               [  ] By Federal Express
11  Tacoma, WA 98402                       [  ] By Facsimile
    Attorneys for Plaintiff                [  ] By Email
12

13  Signed this 15 day of January, 2016 at Seattle, Washington.

14  _____
    Tamorah L. Burt, Legal Assistant
15

16

17

18

19

20

21

22

23

24  NOTICE OF WITHDRAWAL AND           MARSHALL & WEIBEL, P.S.
25  SUBSTITUTION OF COUNSEL  - 3       720 OLIVE WAY, SUITE 1201
                                       SEATTLE, WASHINGTON 98101-1801
                                       206/622-5306 FAX: 206/622-0354

Case 3:16-cv-05693-RJB  Document 9-1  Filed 10/28/16  Page 205 of 222

STATE OF WASHINGTON
MASON COUNTY SUPERIOR COURT

| | |
|---|---|
| MARTIN ZAZUETA, individually and in the marital community | CAUSE NO. 15-2-00356-2 |
| Plaintiff, | PLAINTIFF'S MOTION FOR AN ORDER TO COMPEL DISCOVERY ANSWERS AND RESPONSES |
| v. | |
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, | |
| Defendant. | |

I.   **RELIEF REQUESTED**

COMES NOW Plaintiff Martin Zazueta ("Plaintiff" and/or "Zazueta"), by and through

his below counsel of record, and move the Court for an Order compelling mortgage servicer

Defendant Nationstar Mortgage LLC ("Defendant" and/or "Nationstar") to completely answer

and respond to Interrogatories and Requests for Production propounded by Plaintiff.  Despite

numerous discovery conferences between the parties regarding Plaintiff's discovery requests

and Defendant's lack of answers and responses, much of the discovery requests remain

outstanding.  Plaintiff further seeks an Order of Protection, disallowing further discovery by

PLAINTIFF'S MOTION FOR ORDER COMPELLING      1
DISCOVERY ANSWERS AND RESPONSES

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

1   Defendant Nationstar until they have provided complete answers and responses to outstanding

2   discovery. This relief is based upon the uneven playing field created by Defendant Nationstar's

3   unilateral refusal to engage in discovery in good faith, even though it has long been held in

4   American Jurisprudence that "the purpose of pretrial discovery is to 'make trial less a game of

5   blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest

6   practicable extent.'" *See United States v. Proter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct.

7   983, 2 L.Ed.2d 1077 (1958)).

8       "The purpose of discovery is to provide a mechanism for making relevant information

9   available to the litigants. Mutual knowledge of all the relevant facts gathered by both parties is

10  essential to proper litigation." *Physicians Ins. Exch. v. Fisons Corp.*, 122 Wn.2d 299, 341, 858

11  P.2d 1054 (1993) (internal quotations omitted). Although Plaintiff has turned over all

12  responsive information and documents in his custody, control and possession in response to

13  Defendant's discovery requests, Defendant Nationstar has refused to turnover responsive

14  information and documents without obtaining an Order of Protection from the Court. And after

15  meeting and conferring multiple times, Defendant Nationstar has still refused to produce

16  responsive information and documents and as a result, intervention of the Court is sought by

17  Plaintiff to compel to comply with either the spirit or letter of the discovery rules. *Fisons*, 122

18  Wn.2d at 342 ("a spirit of cooperation and forthrightness during the discovery process is

19  necessary for the proper functioning of modern trials") (citations omitted).

20       In light of Defendant's gamesmanship, Plaintiff requests the Court enter an Order: (1)

21  requiring Defendant Nationstar provide complete and full responses to Plaintiff's

22  Interrogatories and Requests for Production within seven (7) days of the Court's Order; (2)

23  assessing CR 37 sanctions against Defendant to be considered under a separate motion; and (3)

24  preventing Defendant from obtaining any further discovery from Plaintiff until Defendant has

25  fully complied with their outstanding discovery obligation and, upon certification to the Court

26

PLAINTIFF'S MOTION FOR ORDER COMPELLING    2
DISCOVERY ANSWERS AND RESPONSES

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

that all discovery answers and responses have been tendered to Plaintiff.

II.   FACTS

A. INTRODUCTION

This case exemplifies the tragedy of mortgage servicing abuses that lead to foreclosure despite no failure of the consumer. *See* Docket #2 at ¶4.1. Its also one of those rare cases where the offending conduct of the financial institution caught the attention of the state regulator which then investigated and issued formal findings. *See* Docket #2 at ¶¶ 4-15 through- 4-17. In this case, Defendant Nationstar did not send Plaintiff mortgage statements when he requested them and when they finally did, the mortgage statements were misleading, inconsistent and the amounts represented within were inaccurate. *Id*. at ¶4.2. Additionally, Defendant Nationstar verbally provided Plaintiff with misleading and inconsistent information when he called to obtain details regarding his mortgage loan, including any amounts due. *Id*. at ¶4.3. The conflicting and inconsistent information given by Defendant Nationstar, in their entirety, rendered Plaintiff unable to determine the status of his residential mortgage loan and decipher the amounts due and the escrow balance. *Id*. at ¶4.4.

1.   Confusing, Misleading and Inconsistent Mortgage Information

In June 2014, Plaintiff received from Defendant Nationstar a Notice of Pre-Foreclosure Options, warning that he only had thirty (30) days to respond and if he failed to do so "a notice of default may be issued and [he] may lose [his] home in foreclosure." *Id*. at ¶4.5. Defendant Nationstar sent this June 12, 2014, pre-foreclosure notice after months of Plaintiff requesting Defendant Nationstar to send him hardcopies of monthly mortgage statements via mail, to no avail. *Id*. at ¶4.6. In fact, during one such telephonic discussion wherein Plaintiff made the same request of Defendant Nationstar, Plaintiff was told by Defendant that it only sends monthly statements in hardcopy as a "courtesy" and it is not required to do so. *Id*. at ¶4.7. On at least one other occasion when Plaintiff requested hardcopies of his monthly mortgage

statement, he was told by Defendant Nationstar they were "in the mail." However, these mortgage statements–if in fact were mailed by Defendant– never reached Plaintiff. *Id*. at ¶4.8.

The reason for Plaintiff's repeated requests to Defendant Nationstar for hardcopies of his monthly mortgage statements was to the June 12, 2014 pre-foreclosure notice, Plaintiff had received another pre-foreclosure notice, which according to Defendant Nationstar, was sent to Plaintiff and numerous other consumers in error. *Id*. at ¶4.9. Finally, after sending Plaintiff the June 2014 pre-foreclosure notice, Defendant Nationstar sent Plaintiff a "mortgage loan statement" dated August 11, 2014, in which it advised that his loan was current. *Id*. at ¶4.10. However, a few days later, still in the month of August, Defendant Nationstar sent yet another pre-foreclosure notice advising Plaintiff that the "mortgage loan payment was past due, and your property may be referred to foreclosure fourteen (14) days after the date of this letter." *Id*. at ¶4.11. During the same timeframe, Defendant Nationstar bombarded Plaintiff with telephone calls and correspondence regarding collection and foreclosure assistance – though he was not under foreclosure. *Id*. at ¶4.12. Other documents sent by Defendant Nationstar to Plaintiff contained repeated miscalculations with regard to escrow balances, as well as other misinformation about the account. *Id*. at ¶4.13.

Simultaneous with these written correspondence issued by Defendant Nationstar, Plaintiff had spoken with Defendant Nationstar over the phone many times whereupon Defendant Nationstar provided information which conflicted with information provided in writing by Defendant Nationstar. *Id*. at ¶4.14.

2.   Investigation and Findings of the Department of Financial Institution

Frustrated and exasperated by Defendant Nationstar's failure to be forthright with him, on or about June 18, 2014, Plaintiff filed with the Washington Department of Financial Institution Division of Consumer Services ("DFI") a complaint against Defendant hoping to expedite his quest for information. *Id*. at ¶4.15. DFI is the state agency charged with regulating

PLAINTIFF'S MOTION FOR ORDER COMPELLING    4    **Antoinette M. Davis Law, PLLC**
DISCOVERY ANSWERS AND RESPONSES         528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

and examining a variety of state chartered financial services, as well as providing education and outreach to protect consumers from financial fraud. *Id.* at ¶4.16. DFI opened File No. 043769, and commenced an investigation based on Plaintiff's complaint. *As a result of its investigation and response from Nationstar, on or about September 17, 2014, DFI issued its findings that Nationstar in fact engaged, directly or indirectly, in an unfair or deceptive practice in violation of the Washington Consumer Loan Act, RCW 31.04.027(2). Id.* at ¶4.17.

B. PROCEDURAL BACKGROUND

On May 12, 2015, based upon the facts outlined above, Plaintiff served Defendant Nationstar with a copy of the Summons and Complaint. *See* Docket #3. The Complaint states statutory consumer claims for violations of Washington's Consumer Loan Act, RCW 31.04 et. seq. ("CLA"); the Collection Agency Act, RCW 19.16 et. seq. ("CAA"); and the Consumer Protection Act, RCW 19.86 et. seq. ("CPA"), and emotional distress. *See* Docket #2. Plaintiff filed the lawsuit against Defendant Nationstar on July 6, 2015. *See* Docket ##1, 2. The same day, Defendant Nationstar appeared through counsel. *See* Docket #4. When no answer to the Complaint was forthcoming more than twenty days of service (over two (2) months to be more precise), Plaintiff filed a default motion dated July 17, 2015. *See* Docket ##5-7.

One (1) business day before the default motion hearing, on July 27, 2015, Defendant Nationstar filed a 12(b)(6) dismissal motion, asserting various arguments. *See* Docket ##9-13. The Court, after having considered the responsive pleadings of Plaintiff, those filed in reply by Defendant Nationstar, rejected the 12(b)(6) arguments and denied Defendant's Motion to Dismiss in its totality. *See* Docket ##14-20, 25-27, 29-34. On December 8, 2015, the Court entered an Order setting trial deadlines. *See* Docket #40. In the meantime, Defendant finally filed an Answer to Plaintiff's Complaint on November 2, 2015 – exactly 174 days after being served with the Summons and Complaint. *See* Docket #36.

//

PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY ANSWERS AND RESPONSES

5

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

C. PLAINTIFF'S DISCOVERY TO NATIONSTAR

Plaintiff has propounded on Nationstar three sets of discovery.

1. Plaintiff's First Set of Discovery on Defendant Nationstar

On August 12, 2015, Plaintiff served Defendant Nationstar with Plaintiff's First Set of Interrogatories and Requests for Production. *See* Exhibit A to the Declaration of Antoinette M. Davis (hereinafter "Davis Declaration"). On September 15, 2015, the parties had a more than two-hour discovery conference to discuss Defendant's outstanding answers and responses to Plaintiff's First Set of Interrogatories and RFPs. *See* Exhibit B to Davis Declaration. Generally, Defendant Nationstar responded to the specific issues raised during the conference in one of two ways: (1) they refused to provide additional information or documents, or (2) their attorney of record herein contended she would speak with Defendant Nationstar to determine whether they would supplement their answers and responses. *Id.*

With regard to the former, Defendant Nationstar refused to produce further information relating to multiple Interrogatories and RFPs claiming either ignorance of the facts or that you did not see how the requested information was relevant or admissible. *See* Exhibit B to Davis Declaration. Discussing Interrogatories Nos. $1^1$, $2^2$, $14^3$ and the related RFPs, Defendant Nationstar refused to produce further information or documents claiming they did not understand how the requested information was relevant. *Id.* Additionally, the parties discussed Defendant Nationstar's failure to comply with the definition of "identify" as outlined in the discovery requests. *Id.* Plaintiff advised Defendant Nationstar that the discovery requests seeking Defendant Nationstar "identify" certain information needed to be supplemented. *Id.*

---

[1] Interrogatory No. 1 seeks the "identity" of the person(s) who answer or participated in answering each of the Interrogatories and RFPs.
[2] Interrogatory No. 2 seeks the "identity" of all persons having knowledge of facts relating to the action, claims and/or defenses or the parties, and/or the allegations set forth in the Complaint.
[3] Interrogatory No. 14 asks "[a]s to each and every denial you have made or intend to make regarding any and all allegations of Plaintiff Zazueta as outlined in the Complaint, explain fully and state the facts which support that denial, and identify all persons having personal knowledge of such facts."

PLAINTIFF'S MOTION FOR ORDER COMPELLING     6
DISCOVERY ANSWERS AND RESPONSES

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

Relating to Interrogatories Nos. 12 (asking Defendant Nationstar list each affirmative defense upon they rely or intend to rely), 13 (seeking facts supporting each affirmative defense listed in response to Interrogatory No. 12), and the related RFPs, Defendant Nationstar claimed it was without any responsive information to provide pertaining to affirmative defenses contained in the Notice of Appearance filed on *their* behalf. *See* Exhibit B to Davis Declaration. On or about November 2, 2015 -174 days from the date the Summons and Complaint were served on them, Defendant Nationstar finally filed an Answer to the Complaint allegations. *See* Docket #40. Despite more than 100 days since filing the Answer, Defendant Nationstar has refused to provide any specific details regarding their affirmative defenses to date. *See* Davis Declaration at ¶4.

With regard to RFPs No. 14, 15, and 16 – all of which seek documentation related to the relationship between Fannie Mae and Defendant Nationstar and Defendant Nationstar's duties and responsibilities as a mortgage servicer, including but not limited to its ability to collect on the Mr. Zazueta's mortgage loan debt – Defendant Nationstar refused to provide *any* documents because they could not "*fathom*" any relevance. *See* Exhibit B to Davis Declaration. Instead, Defendant Nationstar indicated that if Plaintiff were able to convince them of the relevance, they would simply provide a single link to a document located within Edgar, while not indicating whether additional documentation were within Defendant's custody, possession and/or control. *Id.*

Pertaining to the discovery Defendant Nationstar indicated they would determine whether or not it would be supplemented, Defendant Nationstar agreed to determine if there are responsive documents to RFP No. 10. *See* Exhibit B to Davis Declaration. RFP No. 10 requests production of all documents which contain the codes, acronyms, and abbreviations used by Defendant in recording or describing payments, histories, communications, departments, and/or applications of funds. *See* Exhibit A to Davis Declaration. Without this

Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

information, Plaintiff Zazueta is left to guess and blindly interpret Nationstar's mortgage account history records – which as it turns out, neither Defendant Nationstar's counsel nor the attorney for Plaintiff Zazueta could ascertain during the discovery conference.  *Id.*

Next, Defendant Nationstar agreed to consider their willingness to provide additional responsive document to RFP No. 13.  *See* Exhibit B to Davis Declaration.  As the parties agreed during the discovery conference, Plaintiff agreed to narrow the scope of the request to "a list of all [Defendant Nationstar] representatives with which Plaintiff spoke **within the last year-and-a-half**, including but not limited to their position at the time of contact, job responsibilities, all positions held with [Defendant Nationstar] and the timeframe for which they held the position(s) identified."  *See* Exhibit A; *see also* Exhibit B to Davis Declaration.  However, as expressed during the conference, Plaintiff did not waive the ability to seek information outside the last year-and-a-half timeframe.  *Id.*

Then, with regard to Interrogatory No. 9 with the corresponding RFP No. 18, which seeks all information, and sources of information consulted, reviewed and/or researched when formulating the response to the Department of Financial Institutions regarding the complaint filed against by Plaintiff against Defendant Nationstar, they agreed to determine if there was responsive information not in document format that should have been provided under and supplement as necessary.  *See* Exhibit B to Davis Declaration.  Plaintiff also requested Defendant Nationstar confirm that all documents provided to DFI have in fact been turned over in response to discovery requests.  *Id.*  Additionally, Defendant would only agree to consider their willingness to supplement Interrogatory Nos. 10 and 11 with the corresponding RFPs to provide specific information concerning the name of the person who did research to locate information on Plaintiff Zazueta's mortgage loan between May 2015 and July 2015, the names of the sources that were consulted to locate Plaintiff Zazueta's mortgage loan information between May 2015 and July 2015, and the steps taken to locate Plaintiff Zazuata's mortgage

loan information between May 2015 and July 2015. *Id*. No responsive information has been received. *See* Davis Declaration at ¶5.

Again limiting their consideration as to whether the supplement, defense attorney also agreed to discuss with Defendant Nationstar whether it is willing to supplement with copies of all licenses held by Nationstar in Washington State in response to RFP 28, the documentation for which was not provided; and documentation containing Default Reporting Codes that are responsive to RFP 30, the documentation for which was not provided. *See* Exhibit B to Davis Declaration. And defense attorney agreed to confirm whether Defendant Nationstar continues to refuse to produce documents responsive to RFP 31, which seeks production of a copy of each and every complaint, administrative or judicial, filed against you in Washington State during the past 4 years. *Id*. While Defendant Nationstar argued "relevance," which is not a viable basis for unilaterally withholding discovery, they were reminded of Plaintiff's CPA claim and request for injunctive relief against them. *Id*.

Finally, regarding Interrogatory No. 14, with corresponding RFP No. 28, Defendant Nationstar was asked to provide the factual basis and identify all persons having personal knowledge of any denials made to the allegations of Plaintiff Zazueta's Complaint. *See* Exhibit C to Davis Declaration. Although Defendant Nationstar agreed to provide an answer and responsive documentation upon Nationstar's Answer to the Complaint, none has been received since Defendant filed their Answer on November 2, 2015. *Id* at ¶7

2. Plaintiff Second Set of Discovery on Defendant Nationstar

On September 3, 2015, Defendant Nationstar was served with Plaintiff's Second Set of Interrogatories and Requests for Production along with Plaintiff's Requests for Admissions. *See* Exhibit D to Davis Declaration. On September 28, 2015, Defendant Nationstar's responses to Plaintiff's Second Set of Interrogatories and Request for Production, and Nationstar's responses to Plaintiff's First Requests for Admission ("RFA") were received by Plaintiff. *See*

PLAINTIFF'S MOTION FOR ORDER COMPELLING    9
DISCOVERY ANSWERS AND RESPONSES

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

Exhibits E and F to Davis Declaration.  Like Nationstar's answers and responses to Plaintiff's

First Set of Interrogatories and Requests for Production, these answers and responses were

grossly deficient.

With few exceptions, Nationstar's answers to Plaintiff's RFAs are non-responsive.

Answers to RFAs 1,2,3,5,6,7,8,9,10,11,12,13,14,15,18,19,20,22,23,24,25,26,27,28,29,30, and

31 contain the cookie cutter statement: "Nationstar cannot admit or deny this request as phrased,

and therefore denies same and demands strict proof thereof."  *See* Exhibit F to Davis

Declaration.  These denials contain no explanation as what is ambiguous or what proof would

be required to clarify Defendant's apparent inability to understand the often simple requests, as

well as Nationstar's repeated statement that the "documents speak for themselves" – which is an

improper response with no foundation in law for refusing to respond to a discovery request in

good faith.[4]

Pertaining to Nationstar's responses to Plaintiff's Second Set of Interrogatories and

Request for Production, Defendant Nationstar initially refused to provide the most basic

information, including but not limited to a list of licenses it holds that were issued by the State

under Interrogatory No. 15 and the associated RFP No. 36.  *See* Exhibit E to Davis Declaration.

Attached to a letter dated November 9, 2015, Defendant produced receipts of three (3) renewal

applications all dated March 9, 2015, with what appear to be related checks – all dated March 4,

2015, and a letter dated March 9, 2015, to the State of Washington referencing the applications

and checks.  Furthermore, this supplemental information included a list of what appears to be a

list of licenses held by Nationstar.  *See* Exhibit G to Davis Declaration.  In a letter dated

---

[4] Nationstar's refusal to answer whether or not it is a licensed debt collector (RFA No. 3), is particularly questionable, as such information would be readily available to the Defendant and it counsel.  Also perplexing are Nationstar's answers to RFA Nos 16 and 17.  While Nationstar does not use the cookie cutter denial used in 27 and other responses to RFAs, their answers are evasive, at best.  The RFAs simply asks if complaints have been filed against Nationstar with DFI and if DFI has previously found that Nationstar violated the Consumer Loan Act.  They do not ask for *details* pertaining to the occurrence or non-occurrence of these events and are posed to solicit the response of "denied" or "admit."  Thus, it is a mystery how these RFAs could be used to "invade third parties' privacy rights" as the objections state.  Because these RFAs were not properly answered, are deemed admitted.

PLAINTIFF'S MOTION FOR ORDER COMPELLING          10
DISCOVERY ANSWERS AND RESPONSES

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

1  November 10, 2015, Plaintiff requested Defendant Nationstar confirm whether they held a

2  collection agency license prior to this timeframe along with a request for Defendant Nationstar

3  to provide information related to (1) who created the list; (2) when it was created; (3) the date

4  on which each license listed was issued and (4) whether there were any periods of lapse by

5  November 18, 2015.  To date, this request for information has gone without response. *See*

6  Exhibit H; *See also* ¶13 to Davis Declaration.

7      Also unresponsive were Nationstar's answer to Interrogatory No. 16, and the associated

8  RFP, which asks for other instances of pre-foreclosure notices sent to Washingtonians who

9  were not in default.  *See* Exhibit E to Davis Declaration.  Defendant Nationstar objected based

10  on attorney/client and work product privilege, and third parties right to privacy, refusing to

11  provide any additional information.  *Id*.  The discovery requests simply ask whether Defendant

12  has previously sent such a notice to a homeowner not in default.  *See* Exhibit D to Davis

13  Declaration. Thus, that the communications with homeowners is attorney client or work product

14  privileged is completely without merit.

15      Defendant Nationstar's answer to Interrogatory No. 17 is similarly deficient, with them

16  averring the same "privilege" objections.  *See* Exhibit E to Davis Declaration.  The discovery

17  request simply asks for a list of occurrences wherein "Nationstar incorrectly indicated to a

18  Washingtonian that a sum was outstanding on their mortgage loan that was not due during the

19  four (4) years preceding this Complaint."  *See* Exhibit D to Davis Declaration.  Contrary to

20  Defendant's contention, the information sought cannot be protected by attorney-client or work

21  product privilege as it pertains to communications between Nationstar and other consumers, not

22  communications between Nationstar and its counsel.  *See* Exhibit I to Davis Declaration.

23  Furthermore, the answer describes in no way how or why this information would invade third-

24  parties' rights of privacy.  *Id*.  Certainly, whether or not Nationstar has a pattern or practice of

25  misinforming consumers about status of their mortgage loans is relevant here.  *Id*.

26

PLAINTIFF'S MOTION FOR ORDER COMPELLING          11      **Antoinette M. Davis Law, PLLC**
DISCOVERY ANSWERS AND RESPONSES                            528 Third Avenue West, Suite 102
                                                           Seattle, WA 98119
                                                           Phone (206) 486-1011 | Fax (206) 905-5910

3. Plaintiff's Third Set of Discovery on Defendant Nationstar

On October 22, 2015, Plaintiff Zazueta served Defendant Nationstar with a third set of discovery that included one (1) interrogatory with a corresponding RFP. *See* Exhibit J to Davis Declaration. Interrogatory No. 19 asks for the number of mortgage loans serviced by Defendant for persons with the last name "Zazueta" in Washington State during a specified period of time. *Id.* Defendant refuses to provide any response – before and after a discovery conference held on November 4, 2015, – going as far as to indicate no response would not be provided. *See* Exhibits K & H. During the November 4, 2015, discovery conference, the parties specifically discussed Interrogatory No. 5, 12, 13, 14 & 19, with the corresponding Requests for Production. *See* Exhibit H to Davis Declaration.

With regard to Interrogatory No. 5, 12 & 13, and associated RFPs, which address Affirmative Defenses, Defendant indicated there was slightly more information that can be added and some of the defenses will likely be withdrawn, but there may not have additional information to add. *Id.* Then, regarding Interrogatory No. 14 and the related RFP that pertain to Defendant's Denials of Complaint Allegations, Defendant Nationstar stated they believe that the answer and response, which rely upon unidentified documents, is sufficient. *Id.* And while Defendant agreed to revisit them, they would not agree to supplement them. *Id.*

DISCOVERY CONFERENCE CERTIFICATION

CR 26(i) provides:

The court will not entertain any motion or objection with respect to rules 26 through 37 unless counsel have conferred with respect to the motion or objection. Counsel for the moving or objecting party shall arrange for a mutually convenient conference in person or by telephone. [. . .] Any motion seeking an order to compel discovery [...] shall include counsels certification that the conference requirements of this rule have been met.

*See* CR 26. Defendant requested CR 26 discovery conferences that concluded on September 15, 2015, October 30, 2015, November 4, 2015 and November 23, 2015. *See* ¶ 17 to Davis Declaration. Defendant has satisfied the CR 26 certification obligation.

PLAINTIFF'S MOTION FOR ORDER COMPELLING    12
DISCOVERY ANSWERS AND RESPONSES

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

III.   EVIDENCE RELIED UPON

This motion relies upon the Declaration of Antoinette M. Davis, with Exhibits attached thereto, along with the files and records of the Court herein.

IV.   ISSUES PRESENTED

1.     Whether the Court should issue an Order compelling Defendant to fully and completely answer and respond to Plaintiff's Interrogatories and Requests for Production.

2.     Whether the Court should issue an Order protecting Plaintiff from further discovery obligation until Defendant has complied with and certified with the Court they have satisfied their discovery obligation.

3.     Whether the Court should award attorneys' fees and costs, and/or additional sanctions for Plaintiff's failure to engage in discovery in good faith.

V.   ARGUMENT

A.  PLAINTIFF SHOULD BE MADE TO FULLY COMPLY WITH DISCOVERY.

It has long been held in American Jurisprudence that "the purpose of pretrial discovery is to 'make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *See United States v. Proter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)). Furthermore, "Washington has a long, clear tradition of condemning gamesmanship in civil discovery." *In re the Matter of Firestorm 1991*, 916 P.2d at 421-422. "Reasonable opportunity to conduct discovery is a fundamental part of due process of law." *Magana v. Hyundai Motor America*, 220 P.3d 191, 200 (2009). Civil Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

*See* CR 26. "The purpose of discovery is to provide a mechanism for making relevant

PLAINTIFF'S MOTION FOR ORDER COMPELLING          13
DISCOVERY ANSWERS AND RESPONSES

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

1  information available to the litigants.  Mutual knowledge of all the relevant facts gathered by

2  both parties is essential to proper litigation." *Physicians Ins. Exch. v. Fisons Corp.,* 122 Wn.2d

3  299, 341, 858 P.2d 1054 (1993) (internal quotations omitted).

4      In a civil case, the parties are to "obtain the fullest possible knowledge of the issues and

5  facts before trial." *In re the Matter of Firestorm 1991,* 916 P.2d 411, 421, 129 Wn.2d 130

6  (1996) (quoting *Gammon v. Clark Equip. Co.,* 38 Wn.App. 274, 686 P.2d 1102 (1984), aff'd on

7  other grounds, 104 Wn.2d 613, 707 P.2d 685 (1985)).  "[A] spirit of cooperation and

8  forthrightness during the discovery process is necessary for the proper functioning of modern

9  trials." *Fisons,* 122 Wn.2d at 342 (citations omitted).

10     In this case, Plaintiff has untimely produced deficient answers to the interrogatories and

11  no responses to the production requests.   Instead, Plaintiff refuses to supplement their

12  discovery answers and responses, and by doing so, obstructs Defendant's ability to obtain as

13  many facts as possible regarding Plaintiff's claim against her, as well as to lodge otherwise

14  viable defenses to the same.

15     As this Court is aware, Washington has a long, clear tradition of condemning

16  gamesmanship in civil discovery. In *Gammon v. Clark Equip. Co.,* 38 Wn. App. 274, 686 P.2d

17  1102 (1984), *aff'd on other grounds,* 104 Wn.2d 613, 707 P.2d 685 (1985), then Chief Judge

18  Durham wrote:

19
20      The Supreme Court has noted that the aim of the liberal federal discovery rules is
       to "make a trial less a game of blind man's bluff and more a fair contest with the
       basic issues and facts disclosed to the fullest practicable extent." *United States v.*
21      *Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986-87, 2 L.Ed.2d 1077
       (1958). The availability of liberal discovery means that civil trials no longer need
22      be carried on in the dark. The way is now clear ... for the parties to obtain the
       fullest possible knowledge of the issues and facts before trial.   *Hickman v.*
23      *Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388-89, 91 L.Ed. 451 (1947).

24  *Gammon,* 38 Wn. App. at 280, 686 P.2d 1102. This Court should likewise condemn the obvious

25  gamesmanship of Defendant in this case.

26     As demonstrated above, Defendant Nationstar has refused to produce information and

PLAINTIFF'S MOTION FOR ORDER COMPELLING     14
DISCOVERY ANSWERS AND RESPONSES

**Antoinette M. Davis Law, PLLC**
528 Third Avenue West, Suite 102
Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910

responses to discovery requests propounded on them that are squarely within relevant to the

claims alleged by Plaintiff in this case. In addition to Plaintiff's request for damages arising

from Defendant Nationstar's violation of the CAA and CLA through the CPA, which are

cumulative and include treble damages, Plaintiff has also sought relief for damages under

emotional distress. *See* Docket #1. Plaintiff has also sought injunctive relief

preventing Defendant Nationstar, in relevant part, from ever again (1) providing or (2) sending

consumers misleading and inconsistent documentation; (3) forcing a  consumer who is not

delinquent on their mortgage account into the foreclosure process; and (4) misrepresenting the

amount a debt pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless,* 160 Wn.2d 843, 161

P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman*

*Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783-84, 719 P.2d 531

(1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976).

B.       PLAINTIFF'S CONDUCT WARRANTS SANCTIONS.

Plaintiff's conduct – the refusal to timely respond to discovery and engage in a

discovery conference – evidences their complete regard for the civil rules. Rarely do litigants

so flagrantly disregard the spirit and purpose of discovery. In *Washington State Physicians Ins.*

*Exchange & Ass'n. v. Fisons Corp.*, 122 Wn.2d 299, 858 P.2d 1054 (1993) the court found that

"the spirit of the rules is violated when advocates attempt to use discovery tools as tactical

weapons rather than to expose the facts and illuminate the issues by…unnecessary use of

defensive weapons or <u>evasive responses</u>…" (<u>emphasis added</u>).   Plaintiff has demonstrated a

total lack of forthrightness of which the Washington State Supreme Court and the United States

Supreme Court strongly disapprove.

The decision to impose sanctions under Rule 37 is left to the court's discretion. *National*

*Hockey League v. Metro Hockey Club*, 427 U.S. 639 (1976); A court may impose even the

"most severe" sanction, "not merely to penalize those whose conduct may be deemed to warrant

1  such a sanction, but to deter those who might be tempted to such conduct in the absence of such

2  a deterrent." *National Hockey League,* 427 U.S. at 643 (affirming extreme sanction of

3  dismissal for violation of FRCP 37).

> As the Washington Supreme Court has held, the Federal Rules of Civil Procedure explicitly encourage the imposition of sanctions for discovery abuse in part because "a spirit of cooperation and forthrightness during the discovery process is necessary for the proper functioning of modern trials."…. The court noted that although "[f]air and reasoned resistance to discovery is not sanctionable[,] … misleading … responses [are] … contrary to the purposes of discovery and … most damaging to the fairness of the litigation process." *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F. 3d 769, 786 (9th Cir. 2003) (citing *Fisons*, 858 P.2d at 1079-80.

As Plaintiff's refusal to engage in good faith discovery is neither "fair" nor "reasoned," Plaintiff

should be sanctioned now as it appears this is the only way they will be motivated to participate

moving forward.

## VI.    CONCLUSION

The Civil Rules "shall be construed and administered to secure the just, speedy, and

inexpensive determination of every action." CR 1. Given Plaintiff's unwillingness to engage in

the discovery process in good faith, Defendant requests the Court order that:

1.    Defendant produce full and complete answers and responses to Plaintiff's

Interrogatories and Requests for Production and certify compliance to the Court from seven (7)

days of the Order;

2.    Defendant is barred from obtaining any discovery from Plaintiff until they have

fully complied with their obligation to tender full and complete answers and responses to

Plaintiff's Interrogatories and production requests and certify compliance to the Court from

seven (7) days of the Order; and

3.    Award attorneys' fees and costs, as or in addition to sanctions that Court deems

appropriate against Plaintiff under CR 26 & 37 to be considered under a separate motion.

//

PLAINTIFF'S MOTION FOR ORDER COMPELLING          16          **Antoinette M. Davis Law, PLLC**
DISCOVERY ANSWERS AND RESPONSES                                       528 Third Avenue West, Suite 102
                                                                      Seattle, WA 98119
                                                                      Phone (206) 486-1011 | Fax (206) 905-5910

1    Dated this 10th day of February, 2016.

2

3    /s/*Antoinette M. Davis*                          /s/ *Elizabeth Powell*
     Antoinette M. Davis WSBA #29821                   Elizabeth Powell, WSBA # 30152
4    ANTOINETTE M. DAVIS LAW, PLLC                      ELIZABETH POWELL PS INC.
     528 3rd Avenue West, Suite 102                     535 Dock Street, Suite 108
5    Seattle, WA  98119                                 Tacoma, WA  98402
     Telephone:    206-486-1011                         Telephone:    253-274-1518
6    Facsimile:    206-905-5910                         Facsimile:    425-663-7939

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR ORDER COMPELLING          17      Antoinette M. Davis Law, PLLC
DISCOVERY ANSWERS AND RESPONSES                          528 Third Avenue West, Suite 102
                                                         Seattle, WA 98119
                                                         Phone (206) 486-1011 | Fax (206) 905-5910

## DECLARATION OF SERVICE

1

2   I, Antoinette M. Davis, declare as follows:

3   1.  I am a citizen of the United States and of the State of Washington, over the age of 21

4

5   years, not a party to the above-entitled action and competent to be a witness.

6   On February 10, 2016, I caused to be served a true and correct copy of the following:  a)

7   Plaintiff's Motion for Order Compelling Discovery Answers and Responses & for Protection, b)

8   Declaration of Antoinette M. Davis with Exhibits attached thereto, c) Proposed Order Granting

9   Plaintiff's Motion, c) Notice of Issue, upon:

10

| Barbara L. Bollero<br>701 Pike Street Suite 1560<br>Seattle, WA  98101 | ( ) U.S. MAIL, POSTAGE PREPAID<br>( ) HAND DELIVERY<br>( ) OVERNIGHT MAIL<br>( ) FACSIMILE<br>(X) MESSENGER |
|---|---|

14   I declare under penalty of perjury under the laws of the State of Washington and the

15   United States that the foregoing is true and correct to the best of my knowledge.

16   DATED this 10th day of February, 2016, at Seattle, Washington.

17

18   */s/ Antoinette M. Davis*

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR ORDER COMPELLING     18     **Antoinette M. Davis Law, PLLC**
DISCOVERY ANSWERS AND RESPONSES & FOR     528 Third Avenue West, Suite 102
PROTECTION     Seattle, WA 98119
Phone (206) 486-1011 | Fax (206) 905-5910