UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN ZAZUETA,

Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

Defendant.

CASE NO. 3:16-cv-05893-RJB

ORDER ON PLAINTIFF'S MOTION FOR REMAND AND TO STRIKE

THIS MATTER comes before the Court on Plaintiff's Motion for Remand and to Strike. Dkt. 10. The Court has considered the pleadings filed in support of and in opposition to the motion, the notice of removal, and the remainder of the file herein. Dkts. 1, 15, 17. Plaintiff has requested oral argument, but the Court deems oral argument unnecessary. For the reasons discussed below, Plaintiff's motion for remand should be granted, and Plaintiff's motion to strike should be denied as moot.

**BACKGROUND**

This case has an extensive history in Mason County Superior Court. Plaintiff served the complaint on Defendant on May 12, 2015, and filed the case in state court on June 6, 2015. Dkt.

1-1; Dkt. 2-1 at 162. The original complaint alleged violations of three state statutes: the Consumer Loan Act, the Collection Agency Act, and the Consumer Protection Act. Dkt. 1-1 at 8-15. The complaint did not enumerate an amount in controversy. *See* Dkt. 1-1. While pending before the Mason County Superior Court, that court held 10 hearings and resolved 12 motions, most of them dealing with discovery issues. Dkt. 2-1 at 162-173. On September 27, 2016, the parties held a mediation, which was unsuccessful.

In preparation for mediation, approximately one week prior, Plaintiff sent Defendant a mediation communication ("the mediation communication"), wherein Plaintiff "demand[ed] $300,000 for purposes of facilitating settlement." Dkt. 2-1 at 148-158. The letter demanded $18,594 in actual, trebled damages; $247,100 in damages for emotional distress; $6,000 in costs, and $85,000 in attorney's fees. Dkt. 2-1 at 157. In 2015, to settle the case Plaintiff had previously demanded $50,000, including $10,000 in attorney's fees.

The mediation communication demanded damages for emotional distress, although emotional distress was not pleaded in the original complaint. *See* Dkt. 1-1; Dkt. 2-1 at 157. About two weeks after the mediation, on October 10, 2016, Plaintiff requested leave to amend the complaint. Dkt. 2-1 at 173. The amended complaint alleges harm in the form of emotional distress and adds an outrage claim. While the motion for leave to amend was still pending, on October 21, 2016, Defendant filed the notice of removal. Dkt. 2-1 at 173. Plaintiff filed the motion for remand on November 21, 2016. Dkt. 10.

## STANDARDS GOVERNING MOTION FOR REMAND

28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district . . . where such action is

pending." 28 U.S.C. § 1441(a). District courts have "original jurisdiction," among other reasons, where there is complete diversity between the parties and the amount in controversy exceeds $75,000 at the time of removal. 28 U.S.C. § 1332(a)(1). Removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

On a motion for remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Gaus*, 980 F.2d at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal. *Rodgers v. Central Locating Service, Ltd.*, 412 F. Supp.2d 1171, 1175 (W.D. Wash. 2006); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). Instead, the courts may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy, tested as of the time of removal. *Kroske v. U.S. BankCorp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

28 U.S.C. § 1446 sets out the procedure for removing civil actions. In cases where the initial pleading does not provide a basis for removal, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . removable." § 1446(b)(3). An exception to the 30 day rule set out in subsection (b)(3) applies to diversity cases over 1 year old: "A case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] conferred . . . more than 1 year after commencement of the action, unless the district court finds

that the plaintiff has acted in bad faith . . . to prevent a defendant from removing the action." § 1446(c)(1).

"Bad faith" in the context of diversity jurisdiction has not yet been defined within the Ninth Circuit, *see Heller v. Am. States Ins. Co.*, 2016 WL 1170891 at *2, but subsection (c)(3)(B) of the statute specifies that bad faith includes the plaintiff's deliberate failure to disclose the amount in controversy to prevent removal. § 1446(c)(3)(B). The Ninth Circuit in the context of sanctions has described bad faith as a "high threshold." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997).

## DISCUSSION

### A. Motion for remand.

Plaintiff argues remand is appropriate because Defendant cannot meet its burden to show an amount in controversy over $75,000, except by relying on the mediation communication, which should be stricken. The mediation communication, Plaintiff contends, is privileged under both state and federal law and is not otherwise admissible under any other evidentiary rules. Plaintiff further argues that even if Defendant has met its burden as to the amount in controversy requirement, Defendant has not shown that Plaintiff acted in bad faith to avoid federal jurisdiction.

According to Defendant, there is no mediation privilege under federal law, which controls, so the mediation communication may be considered for purposes of establishing the amount in controversy. Dkt. 15 at 4-7. Defendant argues in the alternative that the mediation communication is admissible under ER 408 for the same limited purpose. Dkt. 15 at 7-10. The amount in controversy is further established, Defendant contends, by Plaintiff's refusal to

stipulate to damages under $75,000 and by Plaintiff's failure to disavow or modify the amount requested in the mediation communication. Dkt. 15 at 11-17.

Regarding bad faith by Plaintiff, Defendant incorporates its removal briefing (Dkt. 1 at 20-28). Dkt. 15 at 17-23. Among other conduct evidencing bad faith, Defendant highlights the increase in monies sought by Plaintiff's settlement demands, from $50,000 (November 2015) to $300,000 (October 2016); the dramatic increase in requested attorney's fees from $10,000 (August 2015) to $85,000 (October 2016); Plaintiff's delayed filing of the amended complaint until after the removal deadline, despite the fact that no new facts gave rise to the new claim; Plaintiff's three attempts to delay responding to discovery responses that would have confirmed a higher damages amount; and Plaintiff counsel's reluctance to engage in settlement negotiation or mediation until after the removal deadline. Dkt. 15 at 17-23.

In Plaintiff's Reply, Plaintiff argues that Defendant, not Plaintiff, acted in bad faith, by removing the case without notice to Plaintiff while motions were still pending and more discovery was to be produced. Dkt. 17 at 2, 3, 13. Further, Plaintiff argues, if Plaintiff's counsel was truly attempting to avoid removal, he would never had submitted to Defendant the mediation communication, or any other document representing damages more than $75,000. Dkt. 17 at 13. Regarding Defendant's burden to establish the amount in controversy, Plaintiff argues that neither the amended complaint in Mason County Superior Court (that remained pending prior to removal), Plaintiff's refusal to stipulate to the amount in controversy, nor Defendant's reliance on the mediation communication are sufficient to satisfy Defendant's burden. Dkt. 17 at 5-11.

In this case, even if the Court assumes that Defendant has made its burden to meet the amount in controversy requirement, Defendant has not met its burden to show bad faith by Plaintiff. Defendant points to many examples of Plaintiff's conduct as evidencing bad faith, but

only two warrant discussion. First, the increase in the settlement demand, including attorney's fees, does not show bad faith. The $300,000 settlement amount, first disclosed in the mediation communication, inflated from $50,000, at worst reveals Plaintiff's puffery. *See* Dkt. 2-1 at 157. The mediation communication was submitted one week prior to mediation, and mediation was scheduled under the terms of a court scheduling order. Although the mediation occurred more than one year after the case had commenced, there has been no showing that Plaintiff delayed the mediation beyond the one-year removal deadline. On the contrary, the number of court filings, including multiple court hearings and motions resolved, between August 2016, when Plaintiff requested $10,000 in attorney's fees, and October 2016, when the amount had increased to $85,000, show a reasonable basis for a significant increase. *See* Dkt. 2-1 at 163-172.

Second, Plaintiff's "delay" in requesting leave to file the amended complaint does not show bad faith. The amended complaint does not allege an amount in controversy over $75,000, but rather, like the original complaint, the amended complaint is silent as to the amount requested. The amended complaint adds an outrage claim and request for emotional damages, but the new allegations were submitted after more than a year of discovery litigation, 10 court hearings, 16 hours of court hearing time, and 12 court rulings issued. A review of the state court docket demonstrates that Plaintiff was fully engaged with litigation, which does not indicate gamesmanship or delay tactics. Defendant argues that Plaintiff knew of the facts underlying the additional claim and damages request, but the plaintiff is the master of the complaint, which may be amended up to and during trial, and the new allegations, by their own terms, do not show an intention to avoid removal. At most, given the timing of the request for leave to amend, which immediately followed the mediation, it could be that the new allegations were added to

strengthen Plaintiff's leverage for settling the case, but a shift in litigation strategy does not constitute bad faith.

Beyond the settlement demand increase and filing of the amended complaint, Defendant does not offer much by way of the record to persuade the Court that Plaintiff acted in bad faith to prevent removal. Because Defendant has not met its burden to show Plaintiff's bad faith, and one year having passed since commencement of the action, Plaintiff's motion for remand should be granted.

**B. <u>Motion to Strike.</u>**

Plaintiff moves to strike (1) the mediation communication, and (2) all documents and statements related to settlement negotiation discussions. Dkt. 10 at 12-18. Even if the Court considered these items, and even if they could be sufficient to satisfy Defendant's burden to meet the amount in controversy requirement, Defendant has not met its burden to show Plaintiff's bad faith. Therefore, the motion to strike should be denied as moot.

**C. <u>Fees.</u>**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Defendant's removal was premised on the position that Plaintiff had acted in bad faith to avoid removal. While the Court does not reach the same conclusion, *see above*, Defendant's position was objectively reasonable. The award of costs and expenses is not warranted.

* * *

Plaintiff's Motion for Remand and to Strike (Dkt. 10) is HEREBY GRANTED IN PART and DENIED IN PART as follows:

- The motion for remand is granted. The case is HEREBY REMANDED to Mason County Superior Court.
- The motion to strike is denied as moot.
- The request for fees is denied.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of January, 2017.

ROBERT J. BRYAN
United States District Judge